UNITED STATES DISTRICT COURT  
SOUTHERN DISTRICT OF NEW YORK

ECF Case

------------------------------------x

ADRIAN HUFF, as Chairman of the Board of Trustees of TEAMSTERS LOCAL 445 FREIGHT DIVISION PENSION FUND and TEAMSTERS LOCAL 445 EDUCATION and TRAINING FUND,

Civil Action No.

Plaintiff,

COMPLAINT

**07 CIV. 6033**

- against -

WATSON SERVICES, INC.,

Defendant.

------------------------------------x

PLAINTIFF, **ADRIAN HUFF**, as Chairman of the Board of Trustees of **TEAMSTERS LOCAL 445 FREIGHT DIVISION PENSION FUND** ("Pension Fund") and **TEAMSTERS LOCAL 445 EDUCATION AND TRAINING FUND** ("Education & Training Fund") (collectively referred to as the "Funds"), by his attorneys, **SAPIR & FRUMKIN LLP**, as and for his Complaint, alleges as follows:

### NATURE OF THE CASE

1. This is an action brought by the Funds to collect late payment charges assessed as a result of a breach of a collective bargaining agreement ("CBA") pursuant to § 301 of the Labor Management Relations Act of 1947, as amended ("LMRA"), 29 U.S.C. § 185. The Funds also bring this action pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1001, *et seq.*

### JURISDICTION

2. This Court has subject matter jurisdiction of the claims brought by the Funds pursuant to §§ 502(e)(1) and (f), and 515 of ERISA, as amended, 29 U.S.C. §§ 1132(e)(1) and (f) and 1145,

and § 301(c) of LMRA, 29 U.S.C. § 185(c).

## VENUE

3. The Southern District of New York is the proper venue for the Funds' claims pursuant to § 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), in that the Funds are administered in Newburgh, New York within this District and for all claims pursuant to § 301 of the LMRA, 29 U.S.C. § 185, in that the work performed pursuant to the CBA occurred within this District.

## THE PARTIES

4. The Pension Fund is an "employee pension benefit plan" and a "multi-employer plan" within the meaning of §§ 3(2)(A) and (37)(A) of ERISA, 29 U.S.C. §§ 1002(2)(A) and (37)(A), and is a jointly administered labor-management trust fund established under § 302 of the LMRA, 29 U.S.C. § 186.

5. The Pension Fund is a multi-employer employee benefit fund which has standing to sue pursuant to ERISA, 29 U.S.C. § 1132(d)(1).

6. The Education & Training Fund is an "employee welfare benefit plan" and a "multi-employer plan" within the meaning of §§ 3(2) and (37) of ERISA, 29 U.S.C. §§ 1002(2) and (37), and is a jointly administered labor-management trust fund established under § 302 of the LMRA, 29 U.S.C. § 186.

7. The Education & Training Fund is a multi-employer employee benefit fund which has standing to sue pursuant to ERISA, 29 U.S.C. § 1132(d)(1).

8. The Funds are third-party beneficiaries under a CBA pursuant to § 301 of the LMRA, 29 U.S.C. § 185.

9. The Funds have been established by their respective Declarations of Trust ("Trust Agreements") and pursuant to CBA, entered into between Local Union No. 445, International

Brotherhood of Teamsters of annexed AFL-CIO (the "Union") and certain employers and employer associations whose employees are or were covered by one or more CBAs.

10. Plaintiff Adrian Huff ("Plaintiff") is Chairman of the Funds. The Funds are administered at their offices in Newburgh, Orange County, New York.

11. The Funds are maintained and administered in accordance with and pursuant to ERISA, 29 U.S.C. §§ 1001, *et seq.*, the Trust Agreements, which established the Funds, and also pursuant to the terms and provisions of the CBAs.

12. Upon information and belief, and at all times material hereto, Defendant Watson Services, Inc. ("Defendant") was and is an "employer" within the meaning of § 501(3) of the LMRA, 29 U.S.C. § 142(3), and § 2(2) of the National Labor Relations Act, as amended, 29 U.S.C. § 152(2), and §3(5) of ERISA, 29 U.S.C. § 1002(5).

13. Upon information and belief, and at all times material hereto, Defendant was and is a for-profit corporation having its principal place of business at 47 Grand Street, Newburgh, New York 12550, and is authorized to do business in New York.

14. Upon information and belief, and at all times material hereto, Defendant conducts business in the State of New York.

**FACTS RELEVANT TO ALL CLAIMS**

15. At all times material, up to this time, Defendant entered into a CBA with the Union. The CBA and Trust Agreements, as incorporated by reference into the CBA, provided, *inter alia*, that Defendant would make timely payment of contributions to the Funds on behalf of employees of Defendant within the bargaining unit represented by The Union.

16. Pursuant to the Trust Agreements, as incorporated by reference into the CBA, the Funds are empowered to conduct an audit of Defendant's books and records to determine whether Defendant is in compliance with its obligation to timely contribute to the Funds.

17. In accordance with the Pension Fund Trust Agreement, as incorporated by reference into the CBA, should Defendant fail to make timely payments of contributions to the Pension Fund, Defendant is responsible for late payment charges in an amount equal to the greater of:

    (i) the amount of interest at the rate of 10% charged on the unpaid contributions; or

    (ii) up to 20% of the unpaid contributions

together with reasonable attorney's fees and costs and such other legal or equitable relief as the Court deems appropriate.

17. Despite the fact that Defendant ultimately paid contributions to the Pension Fund for the periods from July 2005 through July 2006, Defendant failed to timely pay contributions to the Pension Fund during this period. As such, Defendant was assessed late payment charges of 10% of the unpaid amount for the untimely contribution payments. This total amount was $14,773.30. Defendant has failed, neglected, and refused to pay this amount.

18. In accordance with the CBA, should Defendant fail to make timely payments of contributions to the Education & Training Fund, Defendant is responsible for late payment charges in an amount equal to 10% of the unpaid contributions together with payment of all legal fees.

19. Despite the fact that Defendant ultimately paid contributions to the Education & Training Fund for the periods from July 2005 through July 2006, Defendant failed to timely pay contributions to the Education & Training Fund during this period. As such, Defendant was assessed late payment charges of 10% of the unpaid amount for the untimely contribution payments. This

total amount was $2,205.11. Defendant has failed, neglected, and refused to pay this amount.

20. As a result of the foregoing, the Funds sustained damages including late payment charges on the delinquent Pension and Education & Training Fund contributions for the periods from July 2005 through July 2006 due and unpaid in the total amount of at least of $16,978.41.

### AS AND FOR A FIRST CLAIM OF RELIEF

*Late Payment Charges Under ERISA § 502(g)*

21. Plaintiff realleges each and every allegation contained in paragraphs "1" through "20" and of this Complaint, as if fully set forth herein.

22. Section 515 of ERISA, 29 U.S.C. § 1145, requires Defendant to pay contributions to the Funds in accordance with the terms and conditions of the CBA between the Union and Defendant.

23. Despite the passage of dates on which Defendant was required to pay timely contributions to the Funds, and despite the Funds' demands therefor, Defendant failed to make timely contributions to the Funds for the periods from July 2005 through July 2006 in violation of both § 515 of ERISA, 29 U.S.C. § 1145 and the CBA.

24. As a result of the foregoing, the Funds suffered damages consisting of unpaid late charges in the total amount of at least $16,978.41 for the periods from July 2005 through July 2006.

### AS AND FOR A SECOND CLAIM OF RELIEF

*Late Payment Charges Under LMRA § 301*

25. Plaintiff realleges each and every allegation contained in paragraphs "1" through "24" of this Complaint, as if fully set forth herein.

26. Pursuant to the Pension Fund Trust Agreement, as incorporated by reference into the CBA, Defendant is required to pay Pension Fund contributions within 15 days after the end of the month in which the contributions are earned, a fact of which Defendant was and is aware.

27. Pursuant to the CBA, Defendant is required to pay Education and Training Fund contributions within 15 days after the end of the month in which the contributions are earned, a fact of which Defendant was and is aware.

28. Despite the passage of dates on which Defendant was required to pay Pension and Education & Training Fund contributions, and despite the Funds' demands therefor, Defendant failed to make timely contributions to the Funds for the periods from July 2005 through July 2006 in violation of § 301 of the LMRA, 29 U.S.C. § 185.

29. As a result of the foregoing, the Funds suffered damages consisting of total late payment charges in the amount of at least $16,978.41 for the periods from July 2005 through July 2006.

**WHEREFORE**, Plaintiff requests the following relief:

## ON THE FIRST CLAIM

*Late Payment Charges Under ERISA § 502(g)*

A. Late payment charges due and unpaid to the Funds in the amount of at least $16,978.41 for the periods for the periods from July 2005 through July 2006;

B. That Plaintiff be awarded costs incurred in this matter, including but not limited to, its reasonable attorney's fees and court costs incurred in the prosecution of this action;

## ON THE SECOND CLAIM

*Late Payment Charges Under LMRA §301*

C. Late payment charges due and unpaid to the Funds in the amount of at least $16,978.41 for the periods for the periods from July 2005 through July 2006;

D. That Plaintiff be awarded costs incurred in this matter, including but not limited to, its reasonable attorney's fees and court costs incurred in the prosecution of this action;

## ON ALL CLAIMS

E. Damages for unpaid contributions as may hereafter come due during pendency of this action, together with interest thereon from the date due;

F. An order requiring Defendant to make all fringe benefit contribution payments in a timely manner and to supply all required information to the Funds in accordance with Defendant's obligations under the CBA and any subsequent CBA and the Trust Agreements; and

G. That this Court grant Plaintiff such other and further relief as it may deem just and proper.

Dated:  White Plains, New York           Respectfully submitted,
        June 25, 2007

                                         SAPIR & FRUMKIN LLP

                                    By:  _____
                                         William D. Frumkin (WF2173)
                                         Attorneys for Plaintiff, Adrian Huff, as Chm.
                                         of the Board Of Trustees of Teamsters Local
                                         445 Construction Division Pension Fund and
                                         Teamsters Local 445 Education & Training
                                         Fund
                                         399 Knollwood Road, Suite 310
                                         White Plains, New York 10603
                                         (914) 328-0366

F:\APPLICAT\WP\TEAMSTER\Watson Services, Inc\June 2007 Complaint\Complaint.wpd\dp