UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x

ADRIAN HUFF, as Chairman of the Board of Trustees of
TEAMSTERS LOCAL 445 FREIGHT DIVISION
PENSION FUND and TEAMSTERS LOCAL 445      07 – Civ. - 6033
EDUCATION and TRAINING FUND,

                               Plaintiff,            **ANSWER**

-against-

WATSON SERVICES, INC.,

                               Defendant.

-----------------------------------------------------------------------x

      Defendant **WATSON SERVICES, INC.**, by its attorneys **KREITZMAN MORTENSEN & BORDEN**, as and for its Answer to the Complaint herein, alleges as follows:

### NATURE OF THE CASE:

      1.    Denies the allegations set forth in Paragraph 1 of the Complaint, and alleges that the Plaintiff inappropriately has brought this frivolous action for the sole purpose of harassing Defendant into contributing gratuitous additional monies into the Funds overseen by Plaintiff.

### JURISDICTION:

      2.    Defendant admits that this Court has subject matter jurisdiction over the frivolous claims brought by Plaintiff pursuant to §§ 502(e)(1) and (f), and 515 of the Employee Retirement Income Security Act of 1974 ("**ERISA**"), and § 301(c) of the Labor Management Relations Act of 1947 ("**LMRA**").

## VENUE:

3.    Defendant admits the allegations set forth in Paragraph 3 of the Complaint.

## THE PARTIES:

4.    Defendant admits the allegations set forth in Paragraph 4 of the Complaint.

5.    Defendant admits the allegations set forth in Paragraph 5 of the Complaint.

6.    Defendant admits the allegations set forth in Paragraph 6 of the Complaint.

7.    Defendant admits the allegations set forth in Paragraph 7 of the Complaint.

8.    Defendant admits the allegations set forth in Paragraph 8 of the Complaint.

9.    Defendant admits the allegations set forth in Paragraph 9 of the Complaint, except:

(a) alleges that the Pension Fund has been modified by the adoption of various amendments and restatements, including without limitation a Restated Agreement and Declaration of Trust, made as of June 14, 1988; and,

(b) alleges upon information and belief that Plaintiff and the additional Trustees of the Pension Fund have recently undertaken to amend the language of the Declaration of Trust in order ***to provide for the first time*** the express authority to impose the liquidated damages and/or late charges the Pension Funds seek herein.

10. Defendant denies having knowledge and information to admit or deny the allegations set forth in Paragraph 10 of the Complaint.

11. Defendant denies having knowledge and information to admit or deny the allegations set forth in Paragraph 11 of the Complaint.

12. Defendant admits the allegations set forth in Paragraph 12 of the Complaint.

13. Defendant admits the allegations set forth in Paragraph 13 of the Complaint.

14. Defendant admits the allegations set forth in Paragraph 14 of the Complaint.

### FACTS RELEVANT TO ALL CLAIMS:

15. Defendant admits the allegations set forth in Paragraph 15, except alleges that all amendments and restatements of the Trust Agreements were likewise incorporated into the relevant agreement between Defendant and the Union.

16. Defendant admits that, pursuant to the Pension Fund Trust Agreement as most recently amended on or about June 14, 1988, the Pension Fund is empowered to conduct an audit of Defendant's books and records, but alleges that the Pension Fund has never conducted such an audit during any time relevant to this action; and, denies having

knowledge and information sufficient to admit or deny the allegations regarding the Education and Training Fund Trust Agreement, but alleges that the Education and Training Fund has never conducted such an audit during any time relevant to this action.

17.  Defendant denies the factually specious allegations set forth in the "first Paragraph 17" of the Complaint; and, alleges that:

(a) the language quoted has been excerpted from its context in the 1988 Restated Agreement and Declaration of Trust, and *applies by its express terms only to audits* conducted by the Pension Fund;

(b) the CBA and Trust Agreements are entirely silent on the issue of penalties for late-paid contributions which are eventually made in full; and,

(c) Plaintiff has not pleaded that the Pension Fund has conducted any such audit, nor has the Pension Fund conducted any such audit.

18.  Defendant admits that it has paid all its contractually required contributions to the Pension Fund for the periods from July 2005 through July 2006 as set forth in the "second Paragraph 17" of the Complaint, and admits that not all the payments were made within the time periods provided by the CBA. Defendant denies that it is subject to the late payment charges levied by the Pension Fund.

19.  Defendant admits the allegations set forth in Paragraph 18 of the Complaint.

20.  Defendant admits that it has paid all its contractually required contributions to the Education and Training Fund for the periods from July 2005 through July 2006 as set forth in Paragraph 19 of the Complaint, and admits that not all the payments were made within the time periods provided by the CBA, and admits that the Funds levied late payment charges against Defendant in accordance with the express

terms of the CBA. Defendant denies the factually specious allegations set forth in the remainder of Paragraph 19, and alleges that:

    (a) by letter dated July 13, 2006, Plaintiff's counsel advised Defendant that the sum of all late fees owed to the Education & Training Fund for late payments between July 2005 and April 2006 was $1,900.98, and

    (b) on July 27, 2006, Defendant presented the Education & Training Fund with a check in the amount of $1,900.98, which check the Education & Training Fund deposited promptly in its bank account.

21. Defendant denies the allegations set forth in Paragraph 20 of the Complaint.

## REGARDING PLAINTIFF'S FIRST CLAIM:

22. Defendant repeats and re-alleges each and every allegation contained in Paragraphs 1 through 21 above, as if fully set forth herein.

23. Defendant admits the allegations set forth in Paragraph 22 of the Complaint.

24. Defendant denies the allegations set forth in Paragraph 23 of the Complaint.

25. Defendant denies the allegations set forth in Paragraph 24 of the Complaint, and denies that Plaintiff is entitled to the late payment charges he seeks.

## REGARDING PLAINTIFF'S SECOND CLAIM:

26. Defendant repeats and re-alleges each and every allegation contained in Paragraphs 1 through 25 above, as if fully set forth herein.

27. Defendant admits the allegations set forth in Paragraph 26 of the Complaint.

28. Defendant admits the allegations set forth in Paragraph 27 of the Complaint.

29. Defendant denies the allegations set forth in Paragraph 28 of the Complaint.

30. Defendant denies the allegations set forth in Paragraph 29 of the Complaint, and denies that Plaintiff is entitled to the late payment charges he seeks.

31. Defendant denies all other allegations to the extent inconsistent with the foregoing.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

32. Plaintiff fails to state a claim upon which relief may be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

33. Regarding Plaintiff's *First Claim*, as admitted in the "second Paragraph 17" and Paragraph 19 of the Complaint, at the time the instant action was commenced, Defendant was not responsible for any "unpaid contributions" within the meaning of Section 502(g)(2) of ERISA, 29. U.S.C. §1132(g)(2).

34. Numerous federal courts, including those within the Second Circuit, have held that if there are no "unpaid contributions" at the time of suit, then no interest or

liquidated damages can be awarded under Section 502(g)(2) as sought by Plaintiff herein in the form of so-called "late payment charges."

35. Likewise courts, including those within the Second Circuit, have declined to award costs and attorneys' fees, as sought by Plaintiff herein, when there are no "unpaid contributions" at the time of suit.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

36. Regarding Plaintiff's *Second Claim*, the Collective Bargaining Agreement ("**CBA**") between Defendant and Local 445, International Brotherhood of Teamsters, effective at all times relevant herein, contains no provision whatsoever for the assessment of "late payment charges," as sought by Plaintiff herein, for late-made Pension Fund contributions.

37. The language of the Trust Agreement amendment applicable at relevant times herein, the 1988 Restated Agreement and Declaration of Trust, provides for assessment of "liquidated damages" (or late payment charges) upon the "auditing of [the] employer's books and records."

38. Neither Plaintiff nor any of the Funds conducted an audit of the Defendant's books and records, nor was any such audit requested.

39. Upon information and belief, Plaintiff is well aware of the foregoing, and has recently undertaken to amend the language of the Declaration of Trust and/or 1988 Restatement in order *to provide for the first time* the express authority to impose the liquidated damages and/or late payment charges the Pension Fund seeks herein.

**WHEREFORE**, Defendant WATSON SERVICES, INC., demands judgment dismissing the Complaint in its entirety, denying Plaintiff all relief requested therein, awarding Defendant its costs and disbursements incurred in this action, including

reasonable attorneys' fees, and granting such other and further relief as this Court deems just and proper.

Dated: New York, New York
       July 20, 2007

                              **KREITZMAN MORTENSEN & BORDEN**
                              Attorneys for Defendant
                                  WATSON SERVICES, INC.
                              100 Wall Street, 23rd Floor
                              New York, New York 10005
                              (212) 252-9050

By: _____
                              Seth H. Borden (SB-4583)