DEC 6 2007

# KREITZMAN, MORTENSEN & BORDEN
ATTORNEYS AT LAW
100 Wall Street, 23rd Floor
New York, New York 10005

www.kmblabor.com
Sender's e-mail:  sborden@kmblabor.com

Phone: (212) 252-9050
Fax: (212) 252-9310

December 18, 2007

**MEMO ENDORSED**

Honorable Kenneth M. Karas
United States District Judge
Southern District of New York
United States Courthouse
300 Quarropas Street, Room 533
White Plains, New York 10601

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

Re:   Huff v. Watson Services, Inc.
      Case No. 7:07-CV-6033
      **(Leave to Move for Summary Judgment)**

Dear Judge Karas:

    We represent the Defendant, Watson Services, Inc. (**"WSI"**) in the above-referenced matter. Defendant hereby requests leave, pursuant to Rule II.A. of this Court's Individual Rules of Practice, to move for summary judgment. Briefly stated, Plaintiff's claims should be dismissed in their entirety because Defendant is obligated neither by statute nor contract to pay the "late payment charges" sought by Plaintiff herein. Because Plaintiff cannot set forth any evidence showing that there is a genuine issue of fact for trial, Defendant is entitled to summary judgment as a matter of law.

    Plaintiff is a Trustee of various Taft-Hartley Act multi-employer benefits funds, including the Teamsters Local 445 Freight Division Pension Fund (**"Pension Fund"**) and the Teamsters Local 445 Freight Division Education & Training Fund (**"E&T Fund"**). Defendant is an employer who at all times relevant hereto was party to a collective-bargaining agreement (**"CBA"**) with Teamsters Local 445. The CBA provided that Defendant was to make regular monthly contributions on behalf of its employees to the Pension Fund and the E&T Fund.

    During 2005 and until August 2006, Defendant was late in making its required contributions to the Pension Fund and the E&T Fund. Regardless, by September 2006, long before the commencement of the instant case, Defendant had paid all contributions owed to the Funds in full.

    In November 2006, however, Plaintiff maintained its assertion that Defendant owed the E&T Fund and the Pension Fund $ 16,250.44 in "late payment charges." After a review of the CBA, Defendant acknowledged its obligation to pay the "late payment charges" to the E&T Funds and did so.

Hon. Kenneth M. Karas
December 18, 2007
Page 2 of 3

Defendant made numerous efforts, however, to explain to the Funds that neither the CBA nor the Fund documents provide for the assessment of "late payment charges" by the Pension Fund under the instant circumstances. While changing their argument several times and admitting that the Trust Agreements contain drafting errors that undermine their position, Plaintiff Funds nevertheless insisted on the payment of these fees by Defendant. This suit was filed as a result of Defendant's refusal to pay these gratuitous sums to the Pension Fund.

1.  **Plaintiff is not entitled to statutory liquidated damages (i.e., "late payment charges") because Defendant was not responsible for any "unpaid contributions" to the Pension Fund or E&T Fund at the time suit was filed.**

The "late payment charges" demanded by Plaintiff on behalf of the Pension Fund are in the nature of "liquidated damages."[1] Section 502(g) of ERISA provides for the award of liquidated damages in actions, such as the instant matter, brought pursuant to Section 515, only when there are "contributions unpaid at the time suit was filed, rather than contributions which were delinquent for some time but were paid up before suit was filed." Farrell v. Metropolitan Relocations, Inc., CV-95-0557 (CPS), 1996 U.S. Dist. LEXIS 20313 at *14-15 (E.D.N.Y. Jan. 19, 1996) (quoting Carpenters & Joiners Welfare Fund v. Gittleman Corp., 857 F.2d 476, 478 (8th Cir. 1988)); see also Trustees of Local 41, IBEW Health Fund v. Zacher, 771 F. Supp. 1323 (W.D.N.Y. 1991).

Plaintiff herein admits that prior to the commencement of this suit, Defendant had made all contributions to the Pension Fund and the E&T Fund required by the CBA. Accordingly, Plaintiff is not entitled to the additional statutory remedies set forth in Section 502(g) -- including any "liquidated damages provided for under the plan…." 29 U.S.C. § 1132(g)(2).

2.  **Neither the CBA nor the Trust Agreements provide for imposition of "late payment charges" by the Pension Fund.**

There is no language in the CBA providing for the assessment of "late payment charges" for delinquent Pension Fund contributions.[2] The CBA simply incorporates the Pension Fund's Trust Agreements by reference. Section 14(c) of the Pension Fund's Declaration of Trust, as amended most recently in 1988, expressly provides that the Employer is obligated to pay "liquidation damages equal to the greater of … the amount of interest at the rate of 10% charged on the unpaid contributions, or … up to 20% of the unpaid contributions…" – but only "[i]n any

---

[1] The words "late payment charges" appear nowhere in the CBA or Trust Fund documents with respect to the Defendant's Pension Fund obligations. That terminology exists only in the Funds' insistence that the Defendant pay these demanded amounts.

[2] By contrast, the CBA *expressly* provides that when an employer fails to make E&T Fund contributions on time, the employer is responsible for the payment of "a ten percent (10%) *late penalty charge* for such delinquency on the amount of unpaid contributions due." Accordingly, Defendant paid the late penalty charges for its tardy E&T Fund contributions.

Hon. Kenneth M. Karas
December 18, 2007
Page 3 of 3

matter under subsection (a)...." Subsection (a) of Section 14 refers solely to "the auditing of [the] employer's books and records." The plain meaning of these two expressly related provisions must be given their effect.

In the instant case, the Trustees never performed an audit of the employer's books and records, nor did they ever request access to the employer's premises, books and/or records to do so. Accordingly, subsection 14(c) -- the sole "contractual" authority upon which the Trustees can levy the liquidated damages they now seek herein – does not apply.

By virtue of the foregoing, Defendant respectfully requests a pre-motion conference and leave to file a motion for summary judgment, seeking dismissal of the Plaintiff's Complaint; and, an award of costs incurred in the defense of this unnecessary action, including without limitation reasonable attorneys' fees and court costs.

Respectfully submitted,

KREITZMAN, MORTENSEN & BORDEN

Seth H. Borden

cc:   William F. Cusack, Esq.

The Court will hold a pre-motion conference on February 8, 2008, at 2:30. Plaintiff is to respond to this letter by January 14, 2008.

SO ORDERED
KENNETH M. KARAS U.S.D.J.
1/7/08