# SAPIR & FRUMKIN LLP
ATTORNEYS AT LAW
399 KNOLLWOOD ROAD, SUITE 310
WHITE PLAINS, NEW YORK 10603
WRITER'S E-MAIL: WCusack@sapirfrumkin.com

DONALD L. SAPIR
WILLIAM D. FRUMKIN[*]

DANIEL T. DRIESEN
KATHRYN E. WHITE[**]
EMILY A. ROSCIA
WILLIAM F. CUSACK III
ELIZABETH E. HUNTER[***]

TEL: (914) 328-0366
FAX: (914) 682-9128

PARALEGAL
RACHEL L. HORTON

[*]Admitted in N.Y. & CT
[**]Admitted in N.Y. & NJ
[***]Admitted in N.Y. & CA

January 14, 2008

Hon. Kenneth M. Karas, U.S.D.J.
United States District Court
Southern District of New York
United States Courthouse
300 Quarropas Street, Chambers 533
White Plains, New York 10601-4150

> *Re:* ***Adrian Huff, as Chairman of the Board of Trustees of Teamsters Local 445 Freight Division Pension Fund and Teamsters Local 445 Education and Training Fund v. Watson Services, Inc.***
> ***Civil Action No. 07 Civ. 6033 (KMK)(MDF)***
> ***Our File No. 04-7501***

Dear Judge Karas:

We represent Adrian Huff, as Chairman of the Board of Trustees of Teamsters Local 445 Freight Division Pension Fund and Teamsters Local 445 Education and Training Fund (Plaintiff) in the above referenced matter. I write in response to Watson Services, Inc.'s (Defendant) Request for Leave to Move for Summary Judgment (Request)[1] and to notify the Court of Plaintiff's intention to move for Summary Judgment to grant Plaintiff's Complaint in its entirety.

Here, the undisputed facts, including but not limited to the following, will support Plaintiff's motion for summary judgment under Fed.R.Civ.Pr. R. 56. Defendant entered into a collective bargaining agreement (CBA) with the Local Union No. 445, International Brotherhood of Teamsters of annexed AFL-CIO (the Union). The CBA incorporated by reference the Local 445 Freight

---

[1] Although Your Honor filed an Order requesting Plaintiff to respond to Defendant's Request on January 8, 2008, we received notice of the Order only after it was electronically docketed today, January 14, 2008.

Hon. Kenneth M. Karas, U.S.D.J.                -2-                          January 14, 2008

Division Pension Fund (Pension Fund) Declaration of Trust (Trust Agreement). The Trust Agreement required Defendant to pay Pension Fund contributions within fifteen days after the end of the month in which the contributions were earned, a fact of which Defendant was and is aware. Despite the fact that Defendant ultimately paid contributions to the Pension Fund for the periods from July 2005 through July 2006, Defendant failed to timely pay contributions to the Pension Fund during this period.

Plaintiff is entitled to contractual liquidated damages because of Defendant's delinquent contributions to the Fund. *See Board of Trustees of Local 41, I.B.E.W. Health Fund v. Zacher*, 771 F.Supp. 1323, 1332 (W.D.N.Y. 1991); *Textile Workers Pension Fund v. Missbrenner Wet Printing, Inc.*, 2002 U.S. Dist. LEXIS 4627 (S.D.N.Y. 2002). Pursuant to the Restated Agreement and Declaration of Trust, made as of June 14, 1988 (1988 Amendment), Art. III, § 14, the Pension Fund Trustees

> have the power to require any employer who does not make proper and timely contributions as required by its Collective Bargaining Agreement to pay as follows:
>
> (a)  Any expenses incurred in the auditing of such employer's books and records.
> (b)  In the case that of an Employer that fails to make the contributions to the Fund for which it is obligated, in accordance with the terms and conditions of its obligation, the Trustees may enforce the Employer's obligation, pursuant to ERISA.
> (c)  In any matter under subsection (a) the Employer shall pay to the Fund . . . liquidation damages . . . of . . . 10% charged on the unpaid contributions . . . "

There was confusion as to whether Art. III, § 14(c) was meant to refer to subsection (b) or to subsection (a). To determine the Trustees' intent in crafting the language set forth in Art. III, § 14 of the 1988 Amendment, Plaintiff petitioned the Trustees to clarify the issue. On March 9, 2007, the Trustees stated that Art. III, § 14(c) was meant to refer to subsection (b) and not subsection (a).

Reference to subsection (a) is nonsensical and contrary to the intent of the document. *See N.Y.S. Teamsters Conf. Pens. & Retir. Fund v. Syracuse Movers, Inc.*, 2004 U.S. Dist. LEXIS 25692, *19 (N.D.N.Y. Nov. 22, 2004) ("[ERISA] does not require an audit to determine the amount of delinquent contributions."). The only reasonable and logical reading is that when events occur as set forth in subsection (b), *i.e.*, "[i]n the case of an Employer that fails to make the contributions to the Fund," the Employer shall pay to the Fund the liquidated damages set forth in subsection (c). The Trustees determined that Defendant must pay penalties assessed for late payment of contributions to the Funds. As such, Defendant was assessed late payment charges of ten percent of the unpaid amount for the untimely contribution payments. This total amount was $15,911.53. Defendant has refused to pay this amount.

Hon. Kenneth M. Karas, U.S.D.J.                -3-                January 14, 2008

   In addition to Plaintiff's claim for contractual liquidated damages, Plaintiff intends to move before this Court for statutory liquidated damages for Defendant's delinquent contributions under 29 U.S.C. § 1132(g).  This is a case of first impression for both the Second Circuit and Southern District of New York.  As a result, in its letter of December 14, 2007, Defendant is unable to cite any controlling or persuasive authority from either jurisdiction that prohibits Plaintiff from seeking recovery for interest, liquidated damages, reasonable attorneys fees, costs of the action, and such other legal or equitable relief as the Court deems appropriate.  Plaintiff will further develop its argument for statutory liquidated damages on the ensuing papers.

   Plaintiff looks forward to the opportunity to discuss the intended summary judgment motion in greater detail, and to answer any questions the Court may have about it on February 8, 2008, at 2:30 PM.

                Respectfully submitted,

                   /s/

                William F. Cusack III (WC2497)

WFC:aa

cc: Adrian Huff, Fund Chairman (Via First Class Mail)
   Sharon Molinelli, Fund Administrator (Via First Class Mail)
   David Kramer, Esq. (Via Hand Delivery)
   Seth Borden, Esq. (Via First Class Mail)

F:\APPLICAT\WP\TEAMSTER\Watson Services, Inc\Letters\L-Karas.01.14.08.ECF.wpd\rlh