UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

ADRIAN HUFF, as Chairman of the Board of Trustees of
TEAMSTERS LOCAL 445 FREIGHT DIVISION
PENSION FUND and TEAMSTERS LOCAL 445           07 – Civ. – 6033 (KMK)
EDUCATION and TRAINING FUND,

                                Plaintiff,

   -against-

WATSON SERVICES, INC.,

                                Defendant.

-------------------------------------------------------------------x

## STATEMENT OF MATERIAL FACTS IN SUPPORT OF
## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Pursuant to Local Rule 56.1(a) of the Civil Rules of the United States District Courts for the Southern District of New York, Defendant, **WATSON SERVICES, INC.** (hereinafter **"WSI"**), submits the following statement of material facts[1] as to which there is no genuine issue to be tried:

1. WSI is a for-profit corporation having its principal place of business at 47 Grand Street, Newburgh, New York. Compl. ¶13.

2. WSI and Teamsters Local 445 (hereinafter **"Local 445"**) were parties to a collective-bargaining agreement (hereinafter **"CBA"**), effective by its terms October 1, 2003 through September 30, 2006, setting forth the terms and conditions of employment for WSI's employees at the United States Military

---

[1] Citation to the record is made herein as follows: Complaint, by "Compl."; the Declaration of Seth H. Borden in Support, by "Borden," and attached Exhibits as "Borden Exh."; Plaintiff's Admissions, by "Pl. Adm."; Plaintiff's Response to Interrogatories, "Pl. Int."; and Plaintiff's Response to Requests for Documents, "Pl. Doc."

      Academy in West Point, New York. Compl. ¶15; Borden Decl. Exh. 3-A; Pl. Adm. ¶1.

3. The Teamsters Local 445 Freight Division Pension Fund (hereinafter, **"Pension Fund"**) is an "employee pension benefit plan" and a multi-employer plan" within the meaning of ERISA. Compl. ¶4.

4. The Teamsters Local 445 Freight Division Education and Training Fund (hereinafter, "E&T Fund") is an "employee welfare benefit plan" and a multi-employer plan" within the meaning of ERISA. Compl. ¶4.

5. The Pension Fund was established by a Declaration of Trust, which has been modified by the adoption of various amendments and restatements, including, without limitation, a Restated Agreement and Declaration of Trust, made as of June 9, 1975 (hereinafter, **"1975 Restatement"**); and, Amendments to the Restated Agreement and Declaration of Trust, made as of June 14, 1988 (hereinafter, **"1988 Amended Restatement"**). Compl. ¶9; Borden Decl. Exhs. 3-B, 3-C; Pl. Adm. ¶¶5-9.

6. Plaintiff Adrian Huff (hereinafter **"Plaintiff"**) is Chairman of the Board of Trustees of the Pension Fund and the E&T Fund. Compl. ¶10.

7. Plaintiff and the Trustees of the Pension Fund are responsible for the maintenance and amendment of language in the 1975 Restatement and the 1988 Amended Restatement. Borden Exh. 11; Pl. Int. ¶8; Pl. Adm. ¶¶13-15.

8. Defendant WSI took no part in the drafting or adoption of the language in the 1975 Restatement or the 1988 Amended Restatement. Borden ¶16; Pl. Int. ¶8; Pl. Adm. ¶¶14-16.

9. Article 23 of the CBA required Defendant WSI to make monthly contributions to the Pension Fund. Compl. ¶15; Borden Exh. 3-A.

10. Article 23 of the CBA stated:

> The contributions provided for… shall be transmitted by the 15th of the month following the calendar month for which contributions are payable.

Borden Exh. 3-A.

11. The CBA contains no express language providing for the assessment of "late payment charges" or liquidated damages for Defendant WSI's failure to pay Pension Fund contributions when due. Borden Exh. 3-A; Pl. Adm. ¶¶2-4.

12. Article 23 of the CBA stated:

> The Employer agrees to be bound by the terms and provisions of the Agreement and Declaration of Trust of Local 445 Pension and Welfare Fund, and become a party thereto.

Borden Exh. 3-A.

13. The 1975 Restatement and 1988 Amended Restatement make no express reference to "late payment charges." Borden Exhs. 3-B, 3-C; Pl. Adm. ¶10.

14. Section 14 of the 1975 Restated Agreement read, in relevant part:

> In addition to any remedies which the Union may have by virtue of any provisions in any Collective Bargaining Agreement with the employer to enforce the payment of the employer contributions to the Fund, the Trustees shall have the power to require any employer who does not make proper and timely contributions as required by its Collective Bargaining Agreement to pay in addition to such contributions:
>
> (a) Interest per annum on the amount due at the best interest rate charged by the Bankers Trust Company to substantial and responsible commercial borrowers as of the date of the employer's default in contributions to the Fund provided, however, that such interest shall not be less than 6% per annum.
>
> (b) Any expenses incurred in the auditing of such employer's books and records.
>
> (c) Where court action has been instituted, attorney's fees.

Borden Exh. 3-B.

15. By adoption of the 1988 Amended Restatement, the Trustees modified Section 14 to read, in relevant part:

> In addition to any remedies which the Union may have by virtue of any provisions in any Collective Bargaining Agreement with the employer to enforce the payment of the employer contributions to the Fund, the trustees shall have the power to require any employer who does not make proper and timely contributions as required by its Collective Bargaining Agreement to pay as follows:
>
> (a) any expenses incurred in the auditing of such employer's books and records.
>
> \* \* \*
>
> (c) In any matter under subsection (a) the Employer shall pay to the Fund –
>
> > (i) the unpaid contributions,
> > (ii) liquidated damages equal to the greater of –
> > > (A) the amount of interest at the rate of 10% charged on the unpaid contributions, or
> > > (B) up to 20% of the unpaid contributions....

Borden Exh. 3-C.

16. The 1975 Restatement and 1988 Amended Restatement make no other references to the assessment of liquidated damages. Borden Exhs. 3-B, 3-C; Pl. Adm. ¶¶10-12.

17. During the period June 2005 through September 2006, Defendant WSI paid all monthly Pension Fund contributions required by the CBA, but did not pay them before the 15th of the month in which they were due. Compl. ¶19; Pl. Adm. ¶¶20-21; Borden ¶11.

18. By the end of September 2006, Defendant WSI had paid all Pension Fund contributions required by the CBA to that point. Compl. ¶19; Pl. Adm. ¶¶20-21; Borden ¶11.

19. Between September 2006 and the present, Defendant WSI paid all Pension Fund contributions required by the CBA within the time frame required by the CBA. Borden ¶12.

20. By letter dated November 9, 2006, counsel for Plaintiff threatened to sue Defendant WSI unless Defendant WSI paid Plaintiff $16,250.44 in "late charges." Borden Exh. 7.

21. By letter dated January 16, 2007, counsel for Plaintiff admitted "there is no precedent permitting liability under ERISA for interest and liquidated damages when delinquent contributions have been paid prior to commencement of an action." Borden Exh. 8.

22. By letter dated January 16, 2007, counsel for Plaintiff asserted that the Funds' 1988 Amended Restatement provision upon which Plaintiff relies to demand payment from Defendant WSI contained "nonsensical" language. Borden Exh. 8.

23. By letter dated March 8, 2007, counsel for Plaintiff asserted that the Funds' 1988 Amended Restatement provision upon which Plaintiff relies to demand payment from Defendant WSI contained "misstatements" which the Funds needed to "correct." Borden Exh. 9.

24. On or about March 9, 2007, the Plaintiff and the other Trustees of the Pension Fund met and discussed the 1988 Amended Restatement language. Borden Exhs. 10, 11.

25. On or about March 9, 2007, the Plaintiff and the other Trustees of the Pension Fund directed the Fund Administrator to "correct" the language upon which the Plaintiff relies to demand "late payment charges" from Defendant WSI. Borden Exh. 11.

26. By letter dated March 28, 2007, counsel for Plaintiff threatened to sue Defendant WSI unless Defendant WSI paid "late fees" to the Pension Fund. Borden Exh. 10.

27. Despite the fact nine (9) months earlier, Defendant WSI had paid in full all monthly contributions owed to the Pension Fund, on or about June 26, 2007, Plaintiff filed the instant action against Defendant WSI. Compl.

**WHEREFORE**, and for the reasons set forth in Defendant's Memorandum of Law, there are no genuine issues of material fact in the instant matter, and Defendant is entitled to judgment as a matter of law.

Dated:  New York, New York
        March 11, 2008

                                Respectfully submitted,

                        **KREITZMAN, MORTENSEN & BORDEN**

                                Attorneys for **WATSON SERVICES INC.**
                                100 Wall Street, 23rd Floor
                                New York, New York 10005
                                (212) 252-9050

                        BY:     _____
                                Seth Borden (SB-4583)