UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

ADRIAN HUFF, as Chairman of the Board of Trustees of
TEAMSTERS LOCAL 445 FREIGHT DIVISION
PENSION FUND and TEAMSTERS LOCAL 445
EDUCATION and TRAINING FUND,

                                                 Plaintiff,

    -against-

WATSON SERVICES, INC.,

                                                Defendant.

------------------------------------------------------------------x

07 – Civ. - 6033

**DECLARATION OF
SETH H. BORDEN
IN SUPPORT OF
DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT**

      **SETH H. BORDEN**, an attorney duly admitted to practice law before this Court, declares, under the penalties of perjury, that the following statements are true and based on his own personal knowledge, except for those made upon information and belief, which he believes to be true:

      1.    I am associated with the law firm of **KREITZMAN MORTENSEN & BORDEN**, attorneys for Defendant **WATSON SERVICES, INC.** (hereinafter "WSI"). I submit this Declaration in support of Defendants' motion for an Order, pursuant to Rule 56 of the Federal Rules of Civil Procedure, granting summary judgment to the Defendant and dismissing Plaintiff's Complaint; and, granting such other and further relief as this Court may deem just and proper.

      2.    I have been counsel to WSI at all times relevant herein, and I am personally familiar with the facts and documents relevant to the instant litigation.

3. I certify that all documents attached hereto are true and correct copies of the documents described.

## Discovery Documentation

4. On or about October 12, 2007, I served ***Defendant's First Request For Production Of Documents*** (a true copy of which is attached hereto as Exhibit "1") upon Plaintiff.

5. On or about October 12, 2007, I served ***Defendant's First Set Of Interrogatories*** (a true copy of which is attached hereto as Exhibit "2") upon Plaintiff.

6. On or about October 12, 2007, I served ***Defendant's First Request For Admissions*** (a true copy of which is attached hereto as Exhibit "3") upon Plaintiff.

7. As served upon Plaintiffs, ***Defendant's First Request For Admissions*** ("ROA") had attached thereto the following Exhibits:

   a. ROA Exhibit "A" – a true copy of the collective-bargaining agreement ("**CBA**") between WSI and Teamsters Local 445, effective October 1, 2003 through September 30, 2006;

   b. ROA Exhibit "B" – a true copy of the Restated Agreement and Declaration of Trust of the "Pension Fund Local 445," made as of June 8, 1975 (hereinafter, "**1975 Restatement**"); and

   c. ROA Exhibit "C" – a true copy of the agreement amending the Restated Agreement and Declaration of Trust of the Local 445 Pension Fund, as of June 14, 1988 (hereinafter "**1988 Amended Restatement**").

8. On or about November 28, 2007, after the discovery cut-off herein, I received a copy of ***Plaintiff's Objections And Responses To Defendant's First Request For Production Of Documents*** (a copy of which is attached hereto as Exhibit "4");

9. On or about November 28, 2007, after the discovery cut-off herein, I received a copy of ***Plaintiff's Objections And Responses To Defendant's First Set Of Interrogatories*** (a copy of which is attached hereto as Exhibit "5");

10. On or about November 28, 2007, after the discovery cut-off herein, I received a copy of ***Plaintiff's Objections And Responses To Defendant's First Request For Admissions*** (a copy of which is attached hereto as Exhibit "6");

### WSI's Monthly Pension Fund Contributions Paid In Full

11. By September 29, 2006, WSI's principal, Fred Watson had remitted checks to the office of the Pension Fund for all monthly contributions required by the CBA through that date;

12. Since September 29, 2006, WSI has made all monthly contributions to the Pension Fund required by the CBA on time;

### Plaintiff's Letters, Meeting Minutes

13. Nevertheless, on or about November 9, 2006, I received a letter dated that date (a true copy of which is attached hereto as Exhibit "7"), wherein Plaintiff threatened to sue Defendant WSI if Defendant WSI did not pay $16,250.44 in "late charges";

14. On or about January 16, 2007, I received a letter dated that date (a true copy of which is attached hereto as Exhibit "8"), wherein Plaintiff asserts there are drafting errors in the 1988 Amended Restatement maintained by Plaintiff;

15. On or about March 8, 2007, I received a letter dated that date (a true copy of which is attached hereto as Exhibit "9"), wherein Plaintiff asserts there are "misstatements" in the 1988 Amended Restatement maintained by Plaintiff which need to be "correct[ed]";

16. I have been advised by Defendant that Defendant took no part in the drafting of the language in the 1975 Restatement and the 1988 Amended Restatement;

17. On or about March 28, 2007, I received a letter dated that date (a true copy of which is attached hereto as Exhibit "10"), wherein Plaintiff threatens to sue Defendant WSI if Defendant WSI did not pay "late fees" to the Pension Fund; and

18. On or about January 14, 2008, Plaintiff provided a copy of a document purporting to be the March 9, 2007 Pension Fund Trustees' meeting minutes (a true copy of which is attached hereto as Exhibit "11").

**WHEREFORE**, it is respectfully submitted that this Court issue an Order pursuant to Rule 56 of the Federal Rules of Civil Procedure granting summary judgment to the Defendant, and dismissing Plaintiff's claims; and, granting such other and further relief as this Court deems just and proper.

Dated: New York, New York
       March 10, 2008

                                        **KREITZMAN MORTENSEN & BORDEN**
                                        Attorneys for Defendant
                                        **WATSON SERVICES, INC.**
                                        100 Wall Street, 23rd Floor
                                        New York, New York 10005
                                        (212) 252-9050

                                   By:  _____
                                        SETH H. BORDEN (SB-4583)