UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

ADRIAN HUFF, as Chairman of the Board of Trustees of
TEAMSTERS LOCAL 445 FREIGHT DIVISION
PENSION FUND and TEAMSTERS LOCAL 445     07 – Civ. – 6033
EDUCATION and TRAINING FUND,

                              Plaintiff,

                                                               **DEFENDANT'S**
-against-                                             **FIRST REQUEST**
                                                                  **FOR PRODUCTION**
                                                                 **OF DOCUMENTS**

WATSON SERVICES, INC.,

                              Defendant.

-----------------------------------------------------------------x

TO:    Attorneys for Plaintiff **ADRIAN HUFF**

        **PLEASE TAKE NOTICE THAT**, Plaintiff shall respond to the foregoing request for production of documents in the time and manner set forth in the Federal Rules of Civil Procedure 34.

                                                KREITZMAN MORTENSEN & BORDEN
                                                Attorneys for Defendant
                                                      WATSON SERVICES, INC.

                                                By:_____
                                                       SETH BORDEN

DATED: October 24, 2007

## DEFINITIONS

1. "Document" is used in the broadest possible sense and shall include, without limitation, the originals and all non-identical copies (i.e., copies of which differ from originals by reason or notations made thereon or attached thereto, or otherwise) and drafts of revisions of all letters, electronic mail, e-mail, telexes, telegrams, telecopies, contracts, memoranda, notes, minutes of meetings, summaries, outlines, diaries, logs, calendars, transcripts, papers, invoices, receipts, accounting records, ledgers, reports, books, pamphlets, periodicals, graphs, charts, tabulations, analyses, indices, statistical or informational accumulations, data sheets, data processing cards, disks, tapes or printouts, and any other written or graphic matter or whatever kind however produced or reproduced.

2. The term "person," or "persons," or "individual," or "individuals," shall include any natural person, partnership, firm, corporation, trust, association, joint venture, public entity, business organization, or other legal entity.

3. The term "Plaintiff" shall mean the Plaintiff designated in the caption of this action, and for the purposes of these requests should be read to include any additional persons (e.g., Trustees) or entities (e.g., benefit funds) on whose behalf Plaintiff acts in his capacity as Chairman of the Board of Trustees.

4. The term "Defendant" shall mean the Defendant named in the caption of this action, its servants, agents, employees, representatives, managers, supervisors, agents and anyone else acting on behalf of the Defendant.

5. The term "Union" shall mean Teamsters Local 445, IBT, AFL-CIO.

6. "Teamsters Local 445 Freight Division Pension Fund" shall refer to the employee benefit plan administered by the Plaintiff herein, and which, at various times throughout the documentation relevant hereto, is referred to as "The Pension Fund," "Pension Fund Local 445," and/or "Local 445 Pension Fund," and includes any predecessors or successors in interest.

7. "Teamsters Local 445 Freight Division Education & Training Fund" shall refer to the employee benefit plan administered by the Plaintiff herein, and which, at various times throughout the documentation relevant hereto, is referred to as "The Education & Training Fund," and/or "Teamsters Local 445 Education and Training Fund," and includes any predecessors or successors in interest.

8. The term "2003-2006 CBA" shall mean the collective-bargaining agreement between the Union and Defendant, effective by its terms October 1, 2003 through September 30, 2006.

## **INSTRUCTIONS**

1. This request shall be deemed continuing so as to require prompt further and supplemental production if you or the Plaintiff locate or obtain possession, custody or control of additional responsive documents at any time prior to trial herein.

2. If any request for documents is deemed to call for the production of privileged or work product materials and such privilege or work product protection is asserted, identify in writing each document so withheld and provide the following with respect to each document:

    (a) The reason for withholding the document;

    (b) A statement of the basis for the claim of privilege;

    (c) A brief description of the document, including:

        (i) The date of the document;

        (ii) Number of pages, attachments and appendices;

        (iii) The names of its author, authors and preparers and an identification by employment and title of each such papers;

        (iv) The name of each person who was sent, shown or blind or carbon-copied the document, has had access to or custody of the document, together with an identification of each such person;

        (v) The present custodian; and

        (vi) The subject matter of the document, and in the case of any document relating to referring to a meeting or conversation, identification of such meeting or conversation.

3. If any document requested herein was at one time in existence, but has been lost, discarded or destroyed, identify such document as completely as possible, providing as much of the following information as possible:

    (a) The type of document;

    (b) Its date;

    (c) The date or approximate date it was lost, discarded or destroyed;

(d) The circumstances and manner in which it was lost, discarded or destroyed;

(e) The reason or reasons of disposing of the document, (if discarded or destroyed);

(f) The identify of all persons authorizing or having knowledge of the circumstances surrounding the disposal of the document;

(g) The identity of the person(s) who lost, discarded or destroyed the document; and

(h) The identity of all persons having knowledge of the contents thereof.

4. The documents requested shall be produced as they are kept in the usual course of business or be organized and labeled to correspond with the categories in the request.

5. Any response to these requests shall set forth the request in full before each response. Separate responses shall be provided with respect to each request. If, after a good faith search, you conclude that there have never been documents responsive to a particular request, so state.

6. Whenever appropriate, the singular form of a word shall be interpreted as singular or plural, and the plural form of a word shall be interpreted as plural or singular. The terms "and" or "or" shall be construed disjunctively or conjunctively as necessary to make the request inclusive rather than exclusive.

7. Each request to identify or produce a document or documents shall be deemed to call for the identification or production of the original document or documents to the extent that they are in or subject to, directly or indirectly, the control of the party to whom these document request are addressed. In addition, each request should be considered as including a request for separate identification or production of all copies and, to the extent applicable, preliminary drafts of documents that differ in any respect from the original or final draft or from each other (e.g., by reason of differences in form or content or by reason of handwritten notes or comments having been added to one copy of a document but not on the original or other copies thereof).

8. The singular shall be deemed to include the plural and vice versa. The feminine shall be deemed to include the masculine and vice versa. The word "and" shall be deemed to include the disjunctive "or" or vice versa.

9. Each request listed herein shall be construed to include all documents described that are in the possession, custody or control of the Plaintiff and her representatives.

4

10.   All documents produced shall be identified by the number of the request to which they relate and should be bates-stamped for identification.

### REQUEST #1:

Any and all documents which set forth the "terms and conditions of the Agreement and Declaration of Trust of Local 445 Pension and Welfare fund" (as per Article 23 of the 2003-2006 CBA between Defendant and the Union) as such terms were in effect between July 2005 and July 2006.

### REQUEST #2:

Any and all documents describing or setting forth "the Trust Agreement and the Rules and Regulations of the Teamsters Local 445 Education and Training Fund" (as per Schedule "B" appended to the 2003-2006 CBA between Defendant and the Union) and including any amendments thereto.

### REQUEST #3:

Any and all documents which set forth the terms and conditions of the Agreement and Declaration of Trust of Teamsters Local 445 Freight Division Pension Fund as they were in effect between June 1975 and July 2005.

### REQUEST #4:

Any and all documents memorializing, describing, recording, discussing, recommending, directing, opposing, and/or pertaining, referring or otherwise relating to the Trustees' 1988 amendment of Article III of the Restated Agreement and Declaration of Trust of the Teamsters Local 445 Freight Division Pension Fund, including without limitation the amendment of Article III, Section 14.

### REQUEST #5:

Any and all collective-bargaining agreements, memoranda of agreement, side letters, or other similar documents setting forth an agreement, commitment, promise or other requirement subjecting a covered employer to the terms and conditions of the Agreement and Declaration of Trust of the Teamsters Local 445 Freight Division Pension Fund, during 2004, 2005 and/or 2006.

### REQUEST #6:

Any and all notices, correspondence, memoranda or other documents memorializing, describing, recording, discussing, recommending, directing, opposing, and/or pertaining, referring or otherwise relating to actions by the Trustees against

employers to impose, collect or compel payment of late charges, liquidated damages, interest and/or any other such additional payments, during 2004, 2005 and/or 2006.

### REQUEST #7:

Any and all documents memorializing, describing, recording, discussing, recommending, directing, opposing, and/or pertaining, referring or otherwise relating to any potential, considered or actual amendment of the Restated Agreement and Declaration of Trust of the Teamsters Local 445 Freight Division Pension Fund, during 2005, 2006 and/or 2007.

### REQUEST #8:

Any and all documents which provide support for Plaintiff's interpretation of Article III, Section 14 of the Restated Agreement and Declaration of Trust of Teamsters Local 445 Freight Division Pension Fund, as amended in 1988.

### REQUEST #9:

Any and all other documents which Plaintiff claims are relevant to or otherwise provide support for Plaintiff's claims in this action; or, which are relevant to any of the allegations and defenses set forth by Defendant in the Answer in the instant action.