UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

ADRIAN HUFF, as Chairman of the Board of Trustees of
TEAMSTERS LOCAL 445 FREIGHT DIVISION
PENSION FUND and TEAMSTERS LOCAL 445         07 – Civ. - 6033
EDUCATION and TRAINING FUND,

         Plaintiff,

                **DEFENDANT'S**
 -against-               **FIRST SET OF**
                  **INTERROGATORIES**

WATSON SERVICES, INC.,

         Defendant.

-------------------------------------------------------------------x

TO: Attorneys for Plaintiff **ADRIAN HUFF**


   **PLEASE TAKE NOTICE** THAT you shall answer the following interrogatories in the time and manner set forth in Rule 33 of the Federal Rules of Civil Procedure.


             KREITZMAN MORTENSEN & BORDEN
             Attorneys for Defendant
               WATSON SERVICES, INC.

             By: _____
               SETH BORDEN

DATED: October 24, 2007

## DEFINITIONS

**As Used Herein:**

1. "Document" is used in the broadest possible sense and shall include, without limitation, the originals and all non-identical copies (i.e., copies of which differ from originals by reason or notations made thereon or attached thereto, or otherwise) and drafts of revisions of all letters, electronic mail, e-mail, telexes, telegrams, telecopies, contracts, memoranda, notes, minutes of meetings, summaries, outlines, diaries, logs, calendars, transcripts, papers, invoices, receipts, accounting records, ledgers, reports, books, pamphlets, periodicals, graphs, charts, tabulations, analyses, indices, statistical or informational accumulations, data sheets, data processing cards, disks, tapes or printouts, and any other written or graphic matter or whatever kind however produced or reproduced.

2. The term "person," or "persons," or "individual," or "individuals," shall include any natural person, partnership, firm, corporation, trust, association, joint venture, public entity, business organization, or other legal entity.

3. The term "Plaintiff" shall mean the Plaintiff designated in the caption of this action, and for the purposes of these requests should be read to include any additional persons (e.g., Trustees) or entities (e.g., benefit funds) on whose behalf Plaintiff acts in his capacity as Chairman of the Board of Trustees.

4. The term "Defendant" shall mean the Defendant named in the caption of this action, its servants, agents, employees, representatives, managers, supervisors, agents and anyone else acting on behalf of the Defendant.

5. The term "Union" shall mean Teamsters Local 445, IBT, AFL-CIO.

6. "Teamsters Local 445 Freight Division Pension Fund" shall refer to the employee benefit plan administered by the Plaintiff herein, and which, at various times throughout the documentation relevant hereto, is referred to as "The Pension Fund," "Pension Fund Local 445," and/or "Local 445 Pension Fund."

7. "Teamsters Local 445 Freight Division Education & Training Fund" shall refer to the employee benefit plan administered by the Plaintiff herein, and which, at various times throughout the documentation relevant hereto, is referred to as "The Education & Training Fund," and/or "Teamsters Local 445 Education and Training Fund."

8. The term "2003-2006 CBA" shall mean the collective-bargaining agreement between the Union and Defendant, effective by its terms October 1, 2003 through September 30, 2006.

9. "**Identify**" means when used in reference to:

(a) a <u>document</u>, to state separately (i) its description (e.g. letter, report, memorandum, etc.), (ii) its date, (iii) its subject matter, (iv) the identity of each author or signer, (v) its present location and the identity of its custodian;

(b) an <u>oral statement</u>, communication, conference or conversation, to state separately (i) its date and the place where it occurred, (ii) its substance, (iii) the identity of each person participating in the communication or conversation, and (iv) the identity of all notes, memoranda or other document memorializing, referring to or relating to the subject matter of the statement;

(c) a <u>natural person or persons</u>, to state separately (i) the full name of each such person, (ii) his or her present, or last known, business address and his or her present, or last known, residential address, (iii) the employer of the person at the time to which the interrogatory answer is directed and the person's title or position at that time; and (iv) the specific knowledge of said person relating to the case;

(d) an <u>organization or entity</u> other than a natural person (e.g., a company, corporation, firm, association, LLC or partnership), to state separately (i) the full name and type of organization or entity, (ii) the date and state of organization or incorporation, and (iii) the address of each of its principal places of business, (iv) the nature of the business conducted and (v) its officers and directors, members, partners and the position held by each.

## INSTRUCTIONS

1. This request shall be deemed continuing so as to require prompt further and supplemental production if you or the Plaintiff locate or obtain possession, custody or control of additional responsive information or documentation at any time prior to trial herein.

2. If any interrogatory is deemed to call for the production of privileged or work product materials and such privilege or work product protection is asserted, identify in writing each document and/or all material so withheld and provide the following with respect to each:

(a) The reason for withholding the document or material;

(b) A statement of the basis for the claim of privilege;

(c) A brief description of the document or material, including:

(i) The date of the document or material;

(ii) Number of pages, attachments and appendices, if applicable;

3

   (iii) The names of any authors and/or preparers, speakers, witnesses, observers and/or custodians, as applicable; and

   (iv) The subject matter of the document or material.

  3. If any document or information requested herein was at one time in existence, but has been lost, discarded or destroyed, identify such document or information as completely as possible, providing as much of the following as possible:

  (a) The type of document or information;

  (b) Its date;

  (c) The date or approximate date it was lost, discarded or destroyed;

  (d) The circumstances and manner in which it was lost, discarded or destroyed;

  (e) The reason or reasons of disposing of the document or information, (if discarded or destroyed);

  (f) The identify of all persons authorizing or having knowledge of the circumstances surrounding the disposal of the document or information;

  (g) The identity of the person(s) who lost, discarded or destroyed the document or information; and

  (h) The identity of all persons having knowledge of the information or contents of the document.

  4. Any documents or materials requested shall be produced as they are kept in the usual course of business or be organized and labeled to correspond with the categories in the request.

  5. Any response to these interrogatories shall set forth the interrogatory in full before each response. Separate responses shall be provided with respect to each interrogatory. If, after a good faith search, you conclude that there have never been documents or information responsive to a particular interrogatory, please so state.

  6. Whenever appropriate, the singular form of a word shall be interpreted as singular or plural, and the plural form of a word shall be interpreted as plural or singular. The terms "and" or "or" shall be construed disjunctively or conjunctively as necessary to make the interrogatory inclusive rather than exclusive. The feminine shall be deemed to include the masculine and vice versa.

7.      Any and all documents produced shall be identified by the number of the interrogatory to which they relate and should be bates-stamped for identification.

### INTERROGATORY #1:

Please set forth every specific provision of the Trust Agreements referenced in the Complaint and/or the 2003-2006 CBA, which require(s) the Defendant to pay late payment charges, liquidated damages and/or interest on late contributions which were nonetheless paid in full prior to the commencement of this action.

### INTERROGATORY #2:

Please set forth every additional fact in support of Plaintiff's assertion that the Trust Agreements referenced in the Complaint and/or the 2003-2006 CBA require(s) the Defendant to pay late payment charges, liquidated damages and/or interest on late contributions which were nonetheless paid in full prior to the commencement of this action.

### INTERROGATORY #3:

Please identify any and all employers obligated to make contributions to the Local 445 Pension and Welfare Fund, and/or bound by the Restated Agreement and Declaration of Trust, during 2004, 2005 and/or 2006, including setting forth for each:

(a)    its name and primary business address;
(b)    the name and title of the employer's agent, representative or official responsible for collective-bargaining with the Union;
(c)    the name and title of the employer's agent, representative or official responsible for ensuring payment of Fund contributions; and
(d)    whether or not the Fund has imposed, collected or sought to compel payment of late charges, liquidated damages, interest and/or any other such additional payments against the employer during 2004, 2005 and/or 2006.

### INTERROGATORY #4

Please identify each and every instance during 2004, 2005, or 2006, wherein the Trustees of the Teamsters Local 445 Freight Division Pension Fund, or any authorized agent or representative of the Trustees, conducted an audit of Defendant's books and records.

## INTERROGATORY #5

Please identify each and every instance during 2004, 2005, or 2006, wherein the Trustees of the Teamsters Local 445 Freight Division Pension Fund, or any authorized agent or representative of the Trustees, conducted an audit of the books and records of any employer identified in Interrogatory #3.

## INTERROGATORY #6

Please identify each individual who has served as a Trustee of the Teamsters Local 445 Freight Division Pension Fund since 1975, including setting forth for each:

(a) his or her name and last known address;
(b) his or her dates of service as a Trustee; and
(c) whether he or she served as a Union or Employer Trustee.

## INTERROGATORY #7

Please identify each instance in which the Agreement and Declaration of Trust of the Local 445 Freight Division Pension Fund has been amended, supplemented or modified since 1975, including setting forth for each:

(a) the effective date of amendment, supplement or modification;
(b) a brief description of the amendment, supplement or modification; and
(c) a brief summary of the Trustees' actions in approving such amendment, supplement or modification.

## INTERROGATORY #8

Please identify each and every individual who participated in the drafting of the 1988 amendments to the Restated Agreement and Declaration of Trust of the Local 445 Freight Division Pension Fund, including setting forth for each:

(a) his or her name and last known address; and/or
(b) his or her job title and/or relationship to the Trustees.

## INTERROGATORY #9

Please identify each and every individual who has participated or is participating in the drafting of any amendments to the Restated Agreement and Declaration of Trust of the Local 445 Freight Division Pension Fund during 2006 and/or 2007, including setting forth for each:

(c) his or her name and last known address; and/or
(d) his or her job title and/or relationship to the Trustees.

## **INTERROGATORY #10:**

Please set forth any additional facts relevant to Plaintiff's claims or Defendant's defenses in the instant action.