UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

ADRIAN HUFF, as Chairman of the Board of Trustees of
TEAMSTERS LOCAL 445 FREIGHT DIVISION
PENSION FUND and TEAMSTERS LOCAL 445          07 – Civ. - 6033
EDUCATION and TRAINING FUND,

                              Plaintiff,

      -against-                                                                        **DEFENDANT'S
                                                                                          FIRST REQUEST
                                                                                          FOR ADMISSIONS**

WATSON SERVICES, INC.,

                              Defendant.

-----------------------------------------------------------------x

TO:    Attorneys for Plaintiff **ADRIAN HUFF**

**PLEASE TAKE NOTICE** THAT as provided for by Rule 36 of the Federal Rules of Civil Procedure, Plaintiff shall within thirty (30) days after the service of this Request make the following admissions for the purpose of this action only and subject to all pertinent objections to admissibility which may be interposed at trial:

1. The document attached hereto as Exhibit "A" is a true and correct copy of the collective-bargaining agreement between Defendant and Teamsters Local 445 in effect during the period July 2005 through and including July 2006.

2. The collective-bargaining agreement attached hereto as Exhibit "A" does not expressly provide that the Defendant must pay "late payment charges" for untimely payments of contributions to the Local 445 Freight Division Pension Fund.

3. The collective-bargaining agreement attached hereto as Exhibit "A" does not expressly provide that the Defendant must pay liquidated damages,

        interest or any other additional charges for untimely payments of contributions to the Local 445 Freight Division Pension Fund.

4. The collective-bargaining agreement attached hereto as Exhibit "A" does not require the Defendant to pay late payment charges, liquidated damages, interest or any other additional charges for untimely payments of contributions to the Local 445 Freight Division Pension Fund.

5. The document attached hereto as Exhibit "B" is a true and correct copy of the Restated Agreement and Declaration of Trust for the Local 445 Freight Division Pension Fund, effective June 9, 1975.

6. The document attached hereto as Exhibit "C" is a true and correct copy of the June 14, 1988 agreement amending Article III, Section 14 of the Restated Agreement and Declaration of Trust for the Local 445 Freight Division Pension Fund.

7. The document attached as Exhibit "C" is the "Pension Fund Trust Agreement" referred to in the first paragraph labeled "17" in the Complaint herein.

8. The document attached hereto as Exhibit "C" reflects the Restated Agreement and Declaration of Trust for the Local 445 Freight Division Pension Fund as in effect during the period July 2005 through and including July 2006.

9. The document attached hereto as Exhibit "C" is the "Agreement and Declaration of Trust of Local 445 Pension and Welfare Fund" referenced in Article 23 of the collective-bargaining agreement between Defendant and Teamsters Local 445 (a copy of which is attached hereto as Exhibit "A").

10. The documents attached hereto as Exhibits "B" and "C" do not expressly provide that the Defendant must pay "late payment charges" for untimely payments of contributions to the Local 445 Freight Division Pension Fund.

11. Article III, Section 14, subsection (c), as set forth on page 3 of Exhibit "C" is the only express language in any of the Trust Agreements relevant in the instant case that provides for the imposition of "liquidation damages" on an employer.

12. Article III, Section 14, subsection (c), as set forth on page 3 of Exhibit "C" is the only language in any of the Trust Agreements relevant in the instant case that provides a basis for the imposition of late payment charges,

liquidated damages, interest or any other additional charges on an employer.

13. The Trustees are responsible for the drafting or publication of the documents attached hereto as Exhibits "B" and "C."

14. Defendant was not involved in the drafting or publication of the documents attached hereto as Exhibits "B" and "C."

15. The Trustees are responsible for any errors in the drafting or publication of the documents attached hereto as Exhibits "B" and "C."

16. Defendant is not responsible for any errors in the drafting or publication of the documents attached hereto as Exhibits "B" and "C."

17. During the time period of June 14, 1988 through and including January 16, 2007, the Trustees did not advise Defendant of any errors in the drafting or publication of the documents attached hereto as Exhibits "B" and "C."

18. During the time period of June 14, 1988 through and including January 16, 2007, the Trustees did not advise any employers bound by the Trust Agreements of any errors in the drafting or publication of the documents attached hereto as Exhibits "B" and "C."

19. At some point during late 2006 or 2007, the Trustees decided to amend the document attached hereto as Exhibit "C."

20. At the time the instant lawsuit was commenced, Defendant had made all its required contributions to the Local 445 Freight Division Pension Fund and the Local 445 Freight Division Education and Training Fund.

21. At the time the instant lawsuit was commenced, Defendant was not responsible for any "unpaid contributions" to the Local 445 Freight Division Pension Fund or the Local 445 Freight Division Education and Training Fund.

22. By letter dated July 13, 2006, the Trustees, by counsel, advised the Defendant that it owed $1,900.98 in late charges to the Local 445 Freight Division Education & Training Fund for late payments during June 2005 through April 2006.

23. On or about July 27, 2006, Defendant hand-delivered check #16200 in the amount of $1,900.98 to the Local 445 Freight Division Education & Training Fund.

24. Soon after July 27, 2006, the Local 445 Freight Division Education & Training Fund deposited Defendant's check #16200 in the Fund's bank account.

25. The instant Complaint, filed after July 27, 2006, alleges that Defendant has failed, neglected, and refused to pay late payment charges for its Education & Training Fund contributions.

26. Defendant has, in fact, paid all its late payment charges for untimely Education & Training Fund contributions for the period June 2005 through April 2006.

27. At no time during 2005 or 2006 did the Trustees, or any authorized representative of the Trustees, engage in the auditing of Defendant's books and records.

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, each matter set forth above shall be deemed admitted unless within 30 days after service of this Request, Plaintiff serves upon Defendant a written answer or objection addressed to the matter. If objection is made, the reasons therefor should be stated.

Each answer shall specifically deny the matter or set forth in detail the reasons why the Plaintiff cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission. Plaintiff may not give lack of information or knowledge as a reason for failure to admit or deny unless Plaintiff states that Plaintiff has made reasonable inquiry and that the information known or readily obtainable by Plaintiff is insufficient to enable Plaintiff to admit or deny.

KREITZMAN MORTENSEN & BORDEN
Attorneys for Defendant
    WATSON SERVICES, INC.

By: _____
    SETH BORDEN

DATED: October 24, 2007