UNITED STATES DISTRICT COURT  ECF Case
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

ADRIAN HUFF, as Chairman of the Board of Trustees of
TEAMSTERS LOCAL 445 FREIGHT DIVISION PENSION
FUND and TEAMSTERS LOCAL 445 EDUCATION and
TRAINING FUND,

Civil Action No. 07 Civ. 6033
(KMK)(MDF)

Plaintiff,

PLAINTIFF'S OBJECTIONS
AND RESPONSES TO
DEFENDANT'S FIRST
REQUEST FOR
PRODUCTION OF
DOCUMENTS

- against -

WATSON SERVICES, INC.,

Defendant.
------------------------------------------------------------x

Plaintiff, **ADRIAN HUFF, *ET AL*.** ("Plaintiff"), by his attorneys, **SAPIR & FRUMKIN LLP**, pursuant to Fed. R. Civ. P. 34, makes the following objections and responses to Defendant Watson Services, Inc.'s ("Defendant"), First Request for the Production of Documents.

## GENERAL OBJECTIONS

1.  Plaintiff objects to each request for documents to the extent that such request is neither relevant nor calculated to lead to the discovery of relevant evidence and is overbroad, ambiguous, unduly burdensome, unreasonable and oppressive.

2.  Plaintiff objects to each request for documents to the extent that it seeks to require Plaintiff to respond in any manner beyond the requirements of the Federal Rules of Civil Procedure or the Local Rules of the Southern District of New York.

3.  Plaintiff objects to each request for documents to the extent that it seeks information or documents subject to the attorney-client, work product, or other applicable privilege. Accordingly, Defendant will not be provided any correspondence written by counsel to Plaintiff or by Plaintiff to counsel, nor notes memorializing conversations between Plaintiff and counsel, which may otherwise be responsive to Defendants' requests, as such documents are subject to exclusion

on the grounds of attorney-client privilege, attorney work product, and/or material prepared in anticipation of litigation. Inadvertent production of such documents shall not waive any privilege or protection.

4.     Plaintiff objects to each document request to the extent that it seeks information or documents already in the custody and control of Defendant.

The preceding general objections apply to each of the following specific responses and are deemed incorporated therein.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

### DOCUMENT REQUEST #1

Any and all documents which set forth the "terms and conditions of the Agreement and Declaration of Trust of Local 445 Pension and Welfare Fund" (as per Article 23 of the 2003-2006 CBA between Defendant and the Union) as such terms were in effect between July 2005 and July 2006.

### RESPONSE #1

Plaintiff objects to this request on the grounds that it is vague, overly broad, burdensome, seeks information or documents already in the custody and control of Defendant, and seeks information which is neither relevant nor likely to lead to the discovery of admissible evidence. Subject to the foregoing, please see documents bate stamped P10001 to P10044.

### DOCUMENT REQUEST #2

Any and all documents describing or setting forth "the Trust Agreement and the Rules and Regulations of the Teamsters Local 445 Education and Training Fund" (as per Schedule "B" appended to the 2003-2006 CBA between Defendant and the Union) and including any amendments thereto.

**RESPONSE #2**

Plaintiff objects to this request on the grounds that it is vague, overly broad, burdensome, seeks information or documents already in the custody and control of Defendant, and seeks information which is neither relevant nor likely to lead to the discovery of admissible evidence. Subject to the foregoing, please see document bate stamped P10001 to P10044.

**DOCUMENT REQUEST #3**

Any and all documents which set forth the terms and conditions of the Agreement and Declaration of Trust of Teamsters Local 445 Freight Division Pension Fund as they were in effect between June 1975 and July 2005.

**RESPONSE #3**

Plaintiff objects to this request on the grounds that it is vague, overly broad, burdensome, seeks information or documents already in the custody and control of Defendant, and seeks information which is neither relevant nor likely to lead to the discovery of admissible evidence. Subject to the foregoing, please see documents bate stamped P10001 to P10044.

**DOCUMENT REQUEST #4**

Any and all documents memorializing, describing, recording, discussing, recommending, directing, opposing, and/or pertaining, referring or otherwise relating to the Trustees' 1988 amendment of Article III of the Restated Agreement and Declaration of Trust of the Teamsters Local 445 Freight Division Pension Fund, including without limitation the amendment of Article III, Section 14.

**RESPONSE #4**

Plaintiff objects to this request on the grounds that it is vague, overly broad, burdensome, seeks information or documents already in the custody and control of Defendant, not in the

3

possession of Plaintiff, seeks information or documents subject to the attorney-client, work product, or other applicable privilege, and seeks information which is neither relevant nor likely to lead to the discovery of admissible evidence. Plaintiff does not possess documents responsive to this request at this time. Plaintiff will continue to search for the responsive documents. If Plaintiff discovers documents responsive to this request in the future, Plaintiff will provide the responsive documents at that time.

### DOCUMENT REQUEST #5

Any and all collective-bargaining agreements, memoranda of agreement, side letters, or other similar documents setting forth an agreement, commitment, promise or other requirement subjecting a covered employer to the terms and conditions of the Agreement and Declaration of Trust of the Teamsters Local 445 Freight Division Pension Fund, during 2004, 2005, and/or 2006.

### RESPONSE #5

Plaintiff objects to this request on the grounds that it is vague, overly broad, burdensome, seeks information or documents already in the custody and control of Defendant, seeks information or documents subject to the attorney-client, work product, or other applicable privilege, and seeks information which is neither relevant nor likely to lead to the discovery of admissible evidence because what other covered employers are subjected to has no bearing on the present matter. Subject to the foregoing, please see documents bate stamped P10001 to P10044.

### DOCUMENT REQUEST #6

Any and all notices, correspondence, memoranda or other documents memorializing, describing, recording, discussing, recommending, directing, opposing, and/or pertaining, referring or otherwise relating to actions by the Trustees against employers to impose, collect or compel

payment of late charges, liquidated damages, interest and/or any other such additional payments, during 2004, 2005 and/or 2006.

**RESPONSE #6**

Plaintiff objects to this request on the grounds that it is vague, overly broad, burdensome, seeks information or documents subject to the attorney-client, work product, or other applicable privilege, seeks information or documents already in the custody and control of Defendant, and seeks information which is neither relevant nor likely to lead to the discovery of admissible evidence. Subject to the foregoing, please see documents bate stamped P10001 to P10044.

**DOCUMENT REQUEST #7**

Any and all documents memorializing, describing, recording, discussing, recommending, directing, opposing, and/or pertaining, referring or otherwise relating to any potential, considered or actual amendment of the Restated Agreement and Declaration of Trust of the Teamsters Local 445 Freight Division Pension Fund, during 2005, 2006, and/or 2007.

**RESPONSE #7**

Plaintiff objects to this request on the grounds that it is vague, overly broad, seeks information or documents already in the custody and control of Defendant, burdensome, seeks information or documents subject to the attorney-client, work product, or other applicable privilege, and seeks information which is neither relevant nor likely to lead to the discovery of admissible evidence. Subject to the foregoing, Plaintiff possesses no responsive documents.

**DOCUMENT REQUEST #8**

Any and all documents which provide support for Plaintiff's interpretation of Article III, Section 14 of the Restated Agreement and Declaration of Trust of Teamsters Local 445 Freight

Division Pension Fund, as amended in 1988.

### RESPONSE #8

Plaintiff objects to this request on the grounds that it seeks information or documents subject to the attorney-client, work product, or other applicable privilege and seeks information or documents already in the custody and control of Defendant. Subject to the foregoing, please see documents bate stamped P10001 to P10044.

### DOCUMENT REQUEST #9

Any and all documents which Plaintiff claims are relevant to or otherwise provide support for Plaintiff's claims in this action; or, which are relevant to any of the allegations and defenses set forth by Defendant in the Answer in the instant action.

### RESPONSE #9

Plaintiff objects to this request on the grounds that it is vague, overly broad, burdensome, seeks information or documents already in the custody and control of Defendant, seeks information or documents subject to the attorney-client, work product, or other applicable privilege, and seeks information which is neither relevant nor likely to lead to the discovery of admissible evidence. Subject to the foregoing, please see documents bate stamped P10001 to P10044.

Dated: White Plains, New York
November 26, 2007

SAPIR & FRUMKIN LLP

By: /s/ William D. Frumkin
William D. Frumkin (WF2173)
Attorneys for Plaintiff
399 Knollwood Road, Suite 310
White Plains, New York 10603
(914) 328-0366

TO: Seth H. Borden, Esq.
Kreitzman Mortensen, & Borden
100 Wall Street, 23rd Floor
New York, New York 10005
(212) 252-9050
Attorneys for Defendant

F:\APPLICAT\WP\TEAMSTER\Watson Services, Inc\June 2007 Complaint\Discovery\Ps Response to Ds First Req for Prod of Docs.wpd\rlh