UNITED STATES DISTRICT COURT  
SOUTHERN DISTRICT OF NEW YORK

ECF Case

------------------------------------------------------------x

ADRIAN HUFF, as Chairman of the Board of Trustees of TEAMSTERS LOCAL 445 FREIGHT DIVISION PENSION FUND and TEAMSTERS LOCAL 445 EDUCATION and TRAINING FUND,

Civil Action No. 07 Civ. 6033 (KMK)(MDF)

Plaintiff,

PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT'S FIRST REQUEST FOR ADMISSIONS

- against -

WATSON SERVICES, INC.,

Defendant.

------------------------------------------------------------x

Plaintiff, **ADRIAN HUFF**, *et al.*, ("Plaintiff") by his attorneys, **SAPIR & FRUMKIN LLP**, pursuant to Fed. R. Civ. P. R. 36, makes the following objections and responses to Defendant Watson Services, Inc.'s ("Defendant") First Request for Admissions.

**REQUEST FOR ADMISSION #1:**

The document attached hereto as Exhibit "A" is a true and correct copy of the collective-bargaining agreement between Defendant and Teamsters Local 445 in effect during the period July 2005 through and including July 2006.

**RESPONSE #1:**

Admit.

**REQUEST FOR ADMISSION #2:**

The collective-bargaining agreement attached hereto as Exhibit "A" does not expressly provide that the Defendant must pay "late payment charges" for untimely payments of contributions to the Local 445 Freight Division Pension Fund.

**RESPONSE #2:**

Plaintiff admits that Exhibit "A" is a collective bargaining agreement but otherwise states

that the document speaks for itself and refers the Defendant to the document for its contents.

**REQUEST FOR ADMISSION #3:**

The collective-bargaining agreement attached hereto as Exhibit "A" does not expressly provide that the Defendant must pay liquidated damages, interest, or any other additional charges for untimely payments of contributions to the Local 445 Freight Division Pension Fund.

**RESPONSE #3:**

Plaintiff admits that Exhibit "A" is a collective bargaining agreement but otherwise states that the document speaks for itself and refers the Defendant to the document for its contents.

**REQUEST FOR ADMISSION #4:**

The collective-bargaining agreement attached hereto as Exhibit "A" does not require the Defendant to pay late charges, liquidated damages, interest, or any other additional charges for untimely payments of contributions to the Local 445 Freight Division Pension Fund.

**RESPONSE #4:**

Plaintiff admits that Exhibit "A" is a collective bargaining agreement but otherwise states that the document speaks for itself and refers the Defendant to the document for its contents.

**REQUEST FOR ADMISSION #5:**

The document attached hereto as Exhibit "B" is a true and correct copy of the Restated Agreement and Declaration of Trust for the Local 445 Freight Division Pension Fund, effective June 9, 1975.

**RESPONSE #5:**

Admit.

**REQUEST FOR ADMISSION #6:**

The document attached hereto as Exhibit "C" is a true and correct copy of the June 14, 1998 agreement amending Article III, Section 14 of the Restated Agreement and Declaration of Trust for the Local 445 Freight Division Pension Fund.

**RESPONSE #6:**

Admit.

**REQUEST FOR ADMISSION #7:**

The document attached as Exhibit "C" is the "Pension Fund Trust Agreement" referred to in the first paragraph labeled "17" in the Complaint herein.

**RESPONSE #7:**

Admit.

**REQUEST FOR ADMISSION #8:**

The document attached hereto as Exhibit "C" reflects the Restated Agreement and Declaration of Trust for the Local 445 Freight Division Pension Fund as in effect during the period July 2005 through and including July 2006.

**RESPONSE #8:**

, Admit.

**REQUEST FOR ADMISSION #9:**

The document attached hereto as Exhibit "C" is the "Agreement and Declaration of Trust of Local 445 Pension and Welfare Fund" referenced in Article 23 of the collective-bargaining agreement between Defendant and Teamsters Local 445 (a copy of which is attached hereto as Exhibit "A").

**RESPONSE #9:**

Admit.

**REQUEST FOR ADMISSION #10:**

The documents attached hereto as Exhibits "B" and "C" do not expressly provide that the Defendant must pay "late payment charges" for untimely payments of contributions to the Local 445 Freight Division Pension Fund.

**RESPONSE #10:**

Plaintiff admits that Exhibits "B" and "C" are the Restated Agreement and Declaration of Trust for the Local 445 Freight Division Pension Fund, effective June 9, 1975, and Restated Agreement and Declaration of Trust for the Local 445 Freight Division Pension Fund as in effect during the period July 2005 through and including July 2006 but otherwise states that the documents speaks for themselves and refers the Defendant to the documents for their contents.

**REQUEST FOR ADMISSION #11:**

Article III, Section 14, subsection (c), as set forth on page 3 of Exhibit "C" is the only express language in any of the Trust Agreements relevant in the instant case that provides for the imposition of "liquidation damages" on an employer.

**RESPONSE #11:**

Plaintiff admits to the extent that Exhibit "C" is the Restated Agreement and Declaration of Trust for the Local 445 Freight Division pension Fund as in effect during the period July 2005 through and including July 2006 but otherwise states that the document speaks for itself and refers the Defendant to the document for its contents.

**REQUEST FOR ADMISSION #12:**

Article III, section 14, subsection (c), as set forth on page 3 of Exhibit "C" is the only

language in any of the Trust Agreements relevant in the instant case that provides a basis for the imposition of late payment charges, liquidated damages, interest, or any other additional charges on an employer.

**RESPONSE #12:**

Plaintiff admits to the extent that Exhibit "C" is the Restated Agreement and Declaration of Trust for the Local 445 Freight Division Pension Fund as in effect during the period July 2005 through and including July 2006 but otherwise states that the document speaks for itself and refers the Defendant to the document for its contents.

**REQUEST FOR ADMISSION #13:**

The Trustees are responsible for drafting or publication of the documents attached hereto as Exhibits "B" and "C."

**RESPONSE #13:**

Plaintiff objects to this request on the grounds that it vague and overly broad with respect to the term "responsible." To the extent that an answer may be provided, Plaintiff denies as Trustees rely on professional advisors including, but not limited to, attorneys, actuaries, and accountants.

**REQUEST FOR ADMISSION #14:**

Defendant was not involved in the drafting or publication of the documents attached hereto as Exhibits "B" and "C."

**RESPONSE #14:**

Plaintiff neither admits nor denies as Plaintiff is without sufficient knowledge, information, or belief to properly respond to the above referenced request.

**REQUEST FOR ADMISSION #15:**

The trustees are responsible for any errors in the drafting or publication of the documents attached hereto as Exhibits "B" and "C."

**RESPONSE #15:**

Plaintiff objects to this request on the grounds that it vague and overly broad with respect to the term "responsible." To the extent that an answer may be provided, Plaintiff denies as Trustees rely on professional advisors including, but not limited to, attorneys, actuaries, and accountants.

**REQUEST FOR ADMISSION #16:**

Defendant is not responsible for any errors in the drafting or publication of the documents attached hereto as Exhibits "B" and "C."

**RESPONSE #16:**

Plaintiff objects to this request on the grounds that it vague and overly broad with respect to the term "responsible." To the extent that an answer may be provided, Plaintiff denies as Trustees rely on professional advisors including, but not limited to, attorneys, actuaries, and accountants.

**REQUEST FOR ADMISSION #17:**

During the time period of June 14, 1988 through and including January 16, 2007, the Trustees did not advise Defendant of any errors in the drafting or publication of the documents attached hereto as Exhibits "B" and "C."

**RESPONSE #17:**

Admit.

**REQUEST FOR ADMISSION #18:**

During the time period of June 14, 1988 through and including January 16, 2007, the

Trustees did not advise any employers bound by the Trust Agreements of any errors in the drafting or publication of the documents attached hereto as Exhibits "B" and "C."

**RESPONSE #18:**

Admit.

**REQUEST FOR ADMISSION #19:**

At some point during late 2006 or 2007, the Trustees decided to amend the document attached hereto as Exhibit "C."

**RESPONSE #19:**

Denied. The above referenced topic will be considered at a future Trustees meeting.

**REQUEST FOR ADMISSION #20:**

At the time the instant lawsuit was commenced, Defendant made all its required contributions to the Local 445 Freight Division Pension Fund and the Local 445 Freight Division Education and Training Fund.

**RESPONSE #20:**

Plaintiff objects to this request on the grounds that it vague and overly broad with respect to the term "contributions." To the extent that "contributions" refers to required monthly payments, Plaintiff admits. To the extent that "contributions" refers to required late charges for delinquent monthly payments, Plaintiff denies.

**REQUEST FOR ADMISSION #21:**

At the time the instant lawsuit was commenced, Defendant was not responsible for any "unpaid contributions" to the Local 445 Freight Division Pension Fund or the Local 445 Freight Division Education and Training Fund.

**RESPONSE #21:**

Plaintiff objects to this request on the grounds that it vague and overly broad with respect to the term "unpaid contributions." To the extent that "unpaid contributions" refers to required monthly payments, Plaintiff admits. To the extent that "unpaid contributions" refers to required late charges for delinquent monthly payments, Plaintiff denies.

**REQUEST FOR ADMISSION #22:**

By letter dated July 13, 2006, the Trustees, by counsel, advised the Defendant that it owed $1,900.98 in late charges to the Local 445 Freight Division Education & Training Fund for late payments during June 2005 through April 2006.

**RESPONSE #22:**

Admit.

**REQUEST FOR ADMISSION #23:**

On or about July 27, 2006, Defendant hand-delivered check #16200 in the amount of $1,900.98 to the Local 445 Freight Division Education & Training Fund.

**RESPONSE #23:**

Admit.

**REQUEST FOR ADMISSION #24:**

Soon after July 27, 2006, the Local 445 Freight Division Education & Training Fund deposited Defendant's check #16200 in the Fund's bank account.

**RESPONSE #24:**

Admit.

**REQUEST FOR ADMISSION #25:**

The instant Complaint, filed after July 27, 2006, alleges that Defendant has failed, neglected, and refused to pay late payment charges for its Education & Training Fund contributions.

**RESPONSE #25:**

Admit.

**REQUEST FOR ADMISSION #26:**

Defendant has, in fact, paid all its late payment charges for untimely Education & Training Fund contributions for the period June 2005 through April 2006.

**RESPONSE #26:**

Admit.

**REQUEST FOR ADMISSION #27:**

At no time during 2005 or 2006 did the Trustees, or any authorized representative of the Trustees, engage in the auditing of Defendant's books and records.

**RESPONSE #27:**

Denied.

Dated: White Plains, New York
       November 26, 2007

SAPIR & FRUMKIN LLP

By: /s/ William D. Frumkin
William D. Frumkin (WF2173)
Attorneys for Plaintiff
399 Knollwood Road, Suite 310
White Plains, New York 10603
(914) 328-0366

TO: Seth H. Borden, Esq.
Kreitzman Mortensen, & Borden
100 Wall Street, 23rd Floor
New York, New York 10005
(212) 252-9050
Attorneys for Defendant

F:\APPLICAT\WP\TEAMSTER\Watson Services, Inc\June 2007 Complaint\Discovery\Ps Response to Ds First Req for Admissions.wpd\rlh