SAPIR & FRUMKIN LLP
ATTORNEYS AT LAW
399 KNOLLWOOD ROAD, SUITE 310
WHITE PLAINS, NEW YORK 10603
WRITER'S E-MAIL: WFrumkin@sapirfrumkin.com

DONALD L. SAPIR
WILLIAM D. FRUMKIN*

DANIEL T. DRIESEN△
KATHRYN E. WHITE**
EMILY A. ROSCIA
CRISTINA A. FAHRBACH**
GREGORY HUNT

*ADMITTED IN N.Y. & CT.
**ADMITTED IN N.Y. & N.J.
△ADMITTED IN N.Y. & MA.

TEL: (914) 328-0366
FAX: (914) 682-9128

PARALEGAL
RACHEL L. HORTON

November 9, 2006

*Via Facsimile and Regular Mail*
*Facsimile No. (212) 252-9310*

Seth H. Borden, Esq.
Kreitzman, Mortensen, & Borden
114 East 32nd Street, Suite 1000
New York, New York 10016

      Re:    *Teamsters Local 445 Freight Division Pension*
              *Fund and Teamsters Local 445 Education and*
              *Training Fund v. Watson Services, Inc.*
              Our File No. 04-7501

Dear Mr. Borden:

      As you know, this firm represents Teamsters Local 445 Freight Division Pension Fund and Teamsters Local 445 Education and Training Fund (collectively referred to as the "Funds"). I am writing in response to your September 18, 2006 letter to address the issue of late payments.

      Pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1145, participating employers must make contributions to the plan in accordance with the terms and conditions of the plan or collective bargaining agreement ("CBA"). 29 U.S.C. § 1145. According to ERISA, 29 U.S.C. § 1132(g)(2),

> In any action . . . by a fiduciary for or on behalf of a plan to enforce section 515 [29 USCS § 1145] in which a judgment in favor of the plan is awarded, the court shall award the plan –
>
> (A)    the unpaid contributions,

Seth H. Borden, Esq. -2- November 9, 2006

    (B)    interest on the unpaid contributions,

    (C)    an amount equal to the greater of–

        (i)    interest on the unpaid contributions, or
        (ii)    liquidated damages provided for under the plan in an amount not in excess of 20 percent . . .,

    (D)    reasonable attorney's fees and costs of the action, to be paid by the defendant, and

    (E)    such other legal or equitable relief as the court deems appropriate.

The Second Circuit has upheld liquidated damages such as penalties for late payments under § 1132(g)(2) in actions by multiemployer plans. *See Iron Workers Dist. Council v. Hudson Steel Fabricators & Erectors*, 68 F.3d 1502 (2d Cir. 1995). The Court's ruling supported a multiemployer plan's independent statutory right under § 1132(g)(2) to assess liquidated damages for an employer's delinquent contributions even if the employer ultimately paid. *Iron Workers*, 68 F.3d at 1506. The Court declared that this independent statutory right includes the right to collect liquidated damages of up to twenty percent (20%) on delinquent contributions. *Iron Workers*, 68 F.3d at 1508.

In this case, Watson Services, Inc. ("WSI") is obligated to contribute to the Funds on the 15th of every month. Both the Collective Bargaining Agreement dated October 1, 2003 ("CBA") and Pension Fund's Restated Trust Agreement and Declaration of Trust dated June 14, 1988 ("Restated Trust Agreement") allow for the issuance of liquidated damages for delinquent contributions. *See* Restated Trust Agreement § 14 and CBA § 23 and Schedule B. In accordance with the Second Circuit's decision in *Iron Workers*, the Funds are entitled to late fees, independent of whether the principal contributions are outstanding.

As you were previously notified, WSI owes late charges for untimely remitted contributions to the Funds for July 2005 through July 2006 in the amount of **$16,250.44**.[1] If this payment is not received by November 30, 2006, we will institute an action in United States District Court. *See* August 16, 2006 letter.

---

[1] It is beyond dispute that Watson has habitually paid late. The Funds have extended every courtesy to Watson, including waiving statutory interest and providing for an excessively lengthy payment plan. Your client cannot continue to count on the Funds to waive legally supportable mechanisms to encourage timely payment of funds used to provide benefits to Local 445 members and their families.

Seth H. Borden, Esq.                          -3-                          November 9, 2006

      Thank you for your anticipated cooperation in this matter. Please contact me if you have any questions.

Very truly yours,

William D. Frumkin

WDF:WFC

cc:   Douglas L. McCauley, Fund Chairman (Via Facsimile w/out Encls.)
       Sharon Molinelli, Fund Administrator (Via Facsimile w/out Encls.)
       David Kramer, Esq. (Via Hand Delivery w/out Encls.)

F:\APPLICAT\WP\TEAMSTER\Watson Services, Inc\Letters\l-Borden.11.09.06.wpd\dp\rlh\dp