# SAPIR & FRUMKIN LLP
ATTORNEYS AT LAW
399 KNOLLWOOD ROAD, SUITE 310
WHITE PLAINS, NEW YORK 10603

WRITER'S E-MAIL: WFrumkin@sapirfrumkin.com

DONALD L. SAPIR
WILLIAM D. FRUMKIN*

DANIEL T. DRIESEN△
KATHRYN E. WHITE**
EMILY A. ROSCIA
CRISTINA A. FAHRBACH**
WILLIAM F. CUSACK III

*ADMITTED IN N.Y. & CT.
**ADMITTED IN N.Y. & N.J.
△ADMITTED IN N.Y. & MA.

TEL: (914) 328-0366
FAX: (914) 682-9128

PARALEGAL
RACHEL L. HORTON

January 16, 2007

*Via Facsimile and Regular Mail*
*Facsimile No. (212) 252-9310*

Seth H. Borden, Esq.
Kreitzman, Mortensen, & Borden
114 East 32nd Street, Suite 1000
New York, New York 10016

    Re:  Teamsters Local 445 Freight Division Pension
            Fund and Teamsters Local 445 Education and
            Training Fund v. Watson Services, Inc.
            Our File No. 04-7501

Dear Seth:

     Please accept this letter in response to your correspondence of November 20, 2006 regarding the ongoing issue of late payments of contributions to Local 445 Pension Fund by Watson Services, Inc.

     Upon a closer reading, we agree with your premise that *Iron Wokrs. Dist. Cncl. v. Hudson Steel Fab. & Erectors*, 68 F.3d 1502 (2d Cir. 1995) is inapposite to the present circumstances. Although the public policy cited in that case, the protection of multiemployer pension plans from delinquent employers, is applicable to Watson's recalcitrant refusal to timely make its payments, it appears that there is no precedent permitting liability under ERISA for interest and liquidated damages when delinquent contributions have been paid prior to commencement of an action. *Id.*

     Nevertheless, as noted in *Board of Trustees of Local 41, I.B.E.W. Health Fund v. Zacher*, 771 F.Supp. 1323, 1332 (W.D.N.Y. 1991), "[ERISA] § 502(g) does not preempt recovery of contractual liquidated damages for delinquent employee pension and welfare trust contributions, as in this case, such contributions have been paid prior to suit." This holding is relevant, because it is the contractual liquidated damages as set forth in the Restatement Agreement and Declaration of Trust, as amended on June 14, 1988, upon which Local 445 Pension Fund relies. *See attached.*

Seth H. Borden, Esq. -2- January 16, 2007

Pursuant to the 1988 Amendment, Section 14 of the Restatement provides authority to the Trustees to collect from employers, *inter alia*, unpaid contributions and liquidated damages equal to the greater of: the amount of interest at the rate of 10% charged to the unpaid contributions or up to 20% of the unpaid contributions. Art. III, § 14(c). In your letter, you argue that these liquidated damages are not applicable to Watson's unpaid contributions because subsection (c) refers only to "any matter under subsection (a)." As you are aware, Section 14, subsection (a) provides that the Trustees have the power to require payment for "[a]ny expenses incurred in the auditing of such employer's books and records" from any Employer that does not make proper and timely contributions.

On its face, your misinterpretation of the Amendment to the Restatement is understandable. Upon careful reading, however, it is clear that where subsection (c) refers to "any matter under subsection (a)," it should have stated "any matter under subsection (b)." Reference to subsection (a) is nonsensical and contrary to the intent of the document. *See N.Y.S. Teamsters Conf. Pens. & Retir. Fund v. Syracuse Movers, Inc.*, 2004 U.S. Dist. LEXIS 25692, *19 (N.D.N.Y. Nov. 22, 2004) ("[ERISA] does not require an audit to determine the amount of delinquent contributions."). The only reasonable and logical reading is that when events occur as set forth in subsection (b), *i.e.*, "[i]n the case of an Employer that fails to make the contributions to the Fund," the Employer shall pay to the Fund the liquidated damages set forth in subsection (c).

As counsel to the Fund, we have brought this error to the attention of the Trustees. It is our intention to address this matter at the next meeting of the Trustees, on March 9, 2007. Pursuant to your prior request, you are welcome to attend this meeting and to address the Trustees on this issue.

Lastly, in your correspondence you further request that the Union provide you with information about other employers who are part of the Freight Division. Although we are also counsel to the Union, your request is misdirected. The Fund, and not the Union, is party to this dispute. The National Labor Relations Act has no bearing on these issues and you cite no valid authority for provision of the information you request. If you have any additional basis upon which you make your request, please provide it and we will grant you every consideration.

Thank you for your attention this matter. Please contact me if you have any questions.

Very truly yours,

William D. Frumkin

WDF:WFC
Encl.

cc: Douglas L. McCauley, Fund Chairman (via facsimile w/out encl.)
Sharon Molinelli, Fund Administrator (via facsimile w/out encl.)
David Kramer, Esq. (via hand delivery w/out encl.)

F:\APPLICAT\WP\TEAMSTER\Watson Services, Inc\Letters\l-Borden.01.16.07.wpd\dp