# SAPIR & FRUMKIN LLP

ATTORNEYS AT LAW

399 KNOLLWOOD ROAD, SUITE 310

WHITE PLAINS, NEW YORK 10603

WRITER'S E-MAIL: WFrumkin@sapirfrumkin.com

DONALD L. SAPIR
WILLIAM D. FRUMKIN*

DANIEL T. DRIESEN
KATHRYN E. WHITE**
EMILY A. BOSCIA
WILLIAM F. CUSACK III
ELIZABETH E. HUNTER***

*ADMITTED IN N.Y. & CT.
**ADMITTED IN N.Y. & N.J.
***ADMITTED IN N.Y. & CA

TEL: (914) 328-0366
FAX: (914) 682-9128

PARALEGAL
RACHEL L. HORTON

January 14, 2008

<u>Via Facsimile and Regular Mail</u>
**Facsimile No.: (212) 252-9310**

Seth H. Borden, Esq.
Kreitzman Mortensen, & Borden
100 Wall Street, 23rd Floor
New York, New York 10005

  Re:  *Teamsters Local 445 Freight Division Pension Fund and*
     *Teamsters Local 445 Education and Training Fund v.*
     *Watson Services, Inc.*
     *Civil Action No. 07 Civ. 6033 (KMK)(MDF)*
     *Our File No. 04-7501*

Dear Mr. Borden:

  We represent Teamsters Local 445 Freight Division Pension Fund and Teamsters Local 445 Education and Training Fund (collectively referred to as the Funds) in the above referenced matter. I write regarding the Funds' continuing obligation to provide defendant Watson Services, Inc. (Watson) with documents in accordance with Fed.R.Civ.P. Rule 34 and your correspondence, dated December 6, 2007, wherein you requested additional information regarding Plaintiff's Objections and Responses to Defendant's First Set of Interrogatories (Interrogatory Responses), served on Watson in accordance with the Fed.R.Civ.P., CPLR, and the Civil Case Management Plan.

  Regarding the Funds' continuing obligation to provide Watson with documents in accordance with Fed.R.Civ.P. Rule 34, enclosed please find the relevant portions of the Minutes of the Joint Meeting of the Trustees of Local 445 Welfare Fund and Pension Funds held March 9, 2007 at the Offices of the Funds, Newburgh, New York.

Seth H. Borden, Esq.          -2-          January 14, 2008

    Regarding your correspondence dated December 6, 2007, in Interrogatory Responses, Response #6, the Funds provided to Watson the names, contact information, and the labor relations officials for employers who may be similarly situated to Watson with regard to their alleged obligations to the Funds.

    Please be advised that, should the Funds maintain its claim against Watson for the Education and Training Fund contributions for the periods from July 2005 through July 2006 as alleged in the Complaint, the Funds will produce the relevant documents.

    If you have any questions, please do not hesitate to contact me.

                                Very truly yours,

                                William D. Frumkin

WDF:WFC
Encl.

cc:     Adrian Huff, Fund Chairman (Via Facsimile w/out Encls.)
        Sharon Molinelli, Fund Administrator (Via Facsimile w/out Encls.)
        David Kramer, Esq. (Via Hand Delivery w/out Encls.)

F:\APPLICAT\WP\TEAMSTER\Watson Services, Inc\Letters\L-Borden.01.14.08.wpd\rlh

Minutes of the Joint Meeting of the Trustees of Local
445 Welfare and Pension Funds held March 9, 2007
at the Office of the Funds, Newburgh, New York

PRESENT:

| Employer Trustees | Union Trustees |
|---|---|
| Karl Augustin | Douglas L. McCauley |
| Joseph Anginoli | Adrian Huff |
| | Robert Carroll |

Also Present: Sapir & Frumkin LLP
                By:   Donald L. Sapir, Esq. and William D. Frumkin, Co-Counsel
                David Kramer, Co-Counsel

Milliman USA, Welfare Consultant
By:   James E. Conlon, Jr., F.S.A., MAAA

Summit Actuarial Services, LLC, Pension Consultant
By:   Ludwig H. Bach, Managing Director
        Frank Iannuci, Senior Actuary

Fund Office
By:   Sharon Molinelli, Fund Administrator

Moore Stephens, P.C., Accountants
By:   Patrick M. Trombetta, C.P.A.

Wachovia Securities, Inc., Investment Consultant
By:   Michael C. Chrys, Senior Vice President - Investments

### General (Both Funds)

      The Meeting was called to order at 10:10 a.m. by Douglas L. McCauley, who acted as Chairman.

# REDACTED

B.       Mr. Frumkin pointed out to the Trustees that Watson disputes the payment of a ten percent (10%) penalty for delinquent contributions based upon its reading of a 1988 amendment to the Restatement of the Trust Agreement. Pursuant to the 1988 Amendment, Section 14 of the Restatement provides authority to the Trustees to collect from employers, *inter alia*, unpaid contributions and liquidated damages equal to the greater of: the amount of interest at the rate of 10% charges to the unpaid contributions or up to 20% of the unpaid contributions. Art. III, § 14(c). WSI argues that these liquidated damages are not applicable to WSI's unpaid contributions because subsection (c) refers only to "any matter under subsection (a)." Section 14, subsection (a) provides that the Trustees have the power to require payment for "[a]ny expenses incurred in the auditing of such employer's books and records" from any Employer that does not make proper and timely contributions. Mr. Frumkin pointed out that the Funds contend that it is clear that where subsection (c) refers to "any matter under subsection (a)," it should have stated "any matter under subsection (b)." Reference to subsection (a) is nonsensical and contrary to the intent of the document. The only reasonable and logical reading is that when events occur as set forth in subsection (b), i.e., "[i]n the case of an Employer that fails to make the contributions to the Fund," the Employer shall pay to the Fund the liquidated damages set forth in subsection (c). Upon motion duly made and seconded, the Trustees unanimously

6

*Directed the Fund Administrator to correct the typographical error in the 1988 Amendment of the Restatement of Trust, Section 14, Subsection (c) so that the reference to "any matter under subsection (a)" should be "any matter under subsection (b)."*

REDACTED

**REDACTED**

**Employer Trustees**

_____
Karl Augustin

_____
Joseph Anginoli

**Union Trustees**

_____
Douglas L. McCauley

_____
Adrian Huff

_____
Robert Carroll

F:\APPLICAT\WP\KRAMER\445jmw&pmin.03.09.07.wpd\dp

9