UNITED STATES DISTRICT COURT                                                 ECF Case
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ADRIAN HUFF, as Chairman of the Board of Trustees of TEAMSTERS LOCAL 445 FREIGHT DIVISION PENSION FUND and TEAMSTERS LOCAL 445 EDUCATION and TRAINING FUND,      Civil Action No. 07 Civ. 6033 (KMK)(MDF)

                         Plaintiff,

     - against -

WATSON SERVICES, INC.,

                         Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND IN FURTHER SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

                                                          Sapir & Frumkin LLP
                                                          Attorneys for Plaintiff
                                                          399 Knollwood Road, Suite 310
                                                          White Plains, New York 10603
                                                          (914) 328-0366

*On the Brief*:

     William D. Frumkin, Esq.
     William F. Cusack III, Esq.

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    POINT I

        PLAINTIFF IS ENTITLED TO DAMAGES UNDER ERISA § 502, 29 U.S.C. §1132, BECAUSE UNPAID CONTRIBUTIONS EXISTED AND PLAINTIFF BROUGHT THIS ACTION UNDER ERISA § 505, 29 U.S.C. § 1145 TO ENFORCE DEFENDANT'S OBLIGATIONS TO MAKE TIMELY CONTRIBUTIONS UNDER THE TERMS OF THE PLAN . . . . . . . . 2

    POINT II

        PLAINTIFF IS ENTITLED TO STATUTORY DAMAGES UNDER ERISA § 502, 29 U.S.C. § 1132 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

        A.    Defendant Knew The Exact Amount Of Contributions It Owed Contributions And Needlessly Delayed Its Payments . . . . . . . . . . . . . . . . . 3

        B.    Cases Cited by Defendant Do Not Bind this Court And Are Distinguishable . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    POINT III

        PLAINTIFF IS ENTITLED TO CONTRACTUALLY LIQUIDATED DAMAGES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

    A.    The Collective Bargaining Agreement Expressly Provides for Liquidated Damages for Delinquent Contributions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

    B.    Liquidated Damages Are Triggered By Defendant's Delinquent Contributions, Not The Audit . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

    C.    Defendant Is Prohibited from Using the Doctrine of Contra Proferentem in Determining the Intent of the Trustees While Drafting the Trust Agreement Because the Trustees Declared Their Intent at the March 9, 2007 Trustees Meeting . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

    D.    Plaintiff Is Entitled to Contractually Liquidated Damages under § 14(b) of the Trust Agreement . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

# **TABLE OF AUTHORITIES**

*Cases*

*Bennett v. Machined Metals Co.*, 591 F.Supp. 600 (E.D. Pa. 1984) . . . . . . . . . . . . . . . . . . . . . . 4,5

*Board of Trustees of Local 41, I.B.E.W. Health Fund et al. v. Zacher*, 771 F.Supp. 1323 (W.D.N.Y. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4,5

*Carpenters, etc., Health Benefit Fund v. Ryan Constr.*, 767 F.2d 1170 (5th Cir. 1985) . . . . . . 4,5

*Carpenters and Joiners Welfare Fund v. Gittleman Corp.*, 857 F.2d 476 (8th Cir. 1988) . . . . 4,5

*Farrell v. Metro. Relocations Inc.*, 1996 U.S. Dist. Lexis 23013 (E.D.N.Y. 1996) . . . . . . . . . . 4

*Gilbert v. Related Mgmt. Co., L.P.*, 1998 U.S. App. LEXIS 22185, 5 6 (2d Cir. 1998) . . . . . . . . 7

*Iron Workers Dist. Council of W. N.Y. Welfare & Pension Funds et al. v. Hudson Steel Fabricators*, 68 F.3d 1502 (2d Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2,3

*Keiser v. CDC Inv. Mgmt. Corp.*, 160 F. Supp. 2d 512 (S.D.N.Y. 2001) . . . . . . . . . . . . . . . . . . 7

*M. Fortunoff of Westbury Corp. v. Peerless Ins. Co.*, 432 F.3d 127 (2d Cir. 2005) . . . . . . . . . . . 8

*New York State Teamsters Conf. Pension & Ret. Fund v. Syracuse Movers, Inc.*, 2004 U.S. Dist. LEXIS 25692 (N.D.N.Y. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6,7

*O'Neil v. Retirement Plan for Salaried Employees of RKO Gen.*, 37 F.3d 55 (2d Cir. 1994) . . . . 7

*Oper. Eng'rs Local 139 Health Benefit Fund v. Gustafoson Constr. Corp.*, 258 F.3d 645 (7th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4,5

*Pagan v. NYNEX Pension Plan*, 52 F.3d 438 (2d Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Parkhurst v. Armstrong Steel Erectors, Inc.*, 901 F.2d 796 (9th Cir. 1990) . . . . . . . . . . . . . . . 4,5

*SE Millwrights Health Trust v. M7M Constr.*, 2005 US Dist. Lexis 37761 (M.D. Ala. 2005) . 4,5

*Trs. of the Bldg. Serv. 32B J Health Fund v. Triangle Servs.*, 2006 U.S. Dist. LEXIS 85612 (S.D.N.Y. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *3*

*Statutes*

29 U.S.C. §§ 1001 *et seq.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

29 U.S.C. § 1132 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1,2,3,4,5,9

29 U.S.C. § 1145 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2,3

**I. PRELIMINARY STATEMENT**

On June 26, 2007, Plaintiff Adrian Huff, as Chairman of the Board of Trustees of Teamsters Local 445 Construction Division Pension Fund and Teamsters Local 445 Education and Training Fund (Plaintiff or the Fund), commenced this action for collection of payments with interest thereon, plus liquidated damages, attorney's fees, and costs owed to Plaintiff pursuant to the Employee Retirement Income Security Act (ERISA), as amended by the Multiemployer Pension Plan Amendments Act ("MPPAA"), 29 U.S.C. §§ 1001 *et seq.* by defendant Watson Services, Inc. (Defendant).

Defendant moved for summary judgment against Plaintiff on the grounds that there are no genuine issues of material fact and that the Defendants are entitled to judgment as a matter of law. In support of its claim, Defendant misinterpreted several cases within the United States Court of Appeals for the Second Circuit and the Southern District of New York regarding Plaintiff's right to statutory liquidated damages. Also, Defendant cites to several cases outside the Court's jurisdiction in support of same that are not binding on this Court and inapposite to the present matter. As a last resort, Defendant claims that the language contained in the collective bargaining agreement and declaration of trust between Plaintiff and Defendant fails to impose liquidated damages for delinquent contributions.

A review of this matter will show that Defendant had an obligation to timely pay contributions to the Fund and failed to do so. As a result, Plaintiff is entitled to statutory liquidated damages as provided by ERISA § 502, 29 U.S.C. § 1132 and Defendant fails to provide precedential support prohibiting such an award. Plaintiff is entitled to contractually liquidated damages under the collective bargaining agreement and trust agreement. In support of its claim, Plaintiff provides

1

the clear language of the identified documents and has the support of the trustees including employer trustees representing Defendant's interest.

Accordingly, Defendant's motion must be denied in its entirety and Plaintiff's motion for summary judgment should be granted in its entirety.

## II. STATEMENT OF FACTS

Plaintiff incorporates by reference the facts contained in Plaintiff's Memorandum of Law in Support of Plaintiff's Motion for Summary Judgment.

## III. ARGUMENT

### POINT I

**PLAINTIFF IS ENTITLED TO DAMAGES UNDER ERISA § 502, 29 U.S.C. §1132, BECAUSE UNPAID CONTRIBUTIONS EXISTED AND PLAINTIFF BROUGHT THIS ACTION UNDER ERISA § 515, 29 U.S.C. § 1145 TO ENFORCE DEFENDANT'S OBLIGATIONS TO MAKE TIMELY CONTRIBUTIONS UNDER THE TERMS OF THE PLAN**

Defendant misinterprets the holding in *Iron Workers District Council of Western New York Welfare & Pension Funds et al. v. Hudson Steel Fabricators*, 68 F.3d 1502 (2d Cir. 1995). In *Iron Workers*, the Court specifically stated that an action seeking damages under ERISA § 502, 29 U.S.C. § 1132 "must be one to enforce the obligation to pay contributions under § 1145." *Iron Workers*, 68 F.3d 1502, 1507. ERISA § 515, 29 U.S.C. § 1145 requires the employer to make contributions to the Funds under the terms of the Plan. If the Employer made its contributions under the terms of the plan, there would be no need for a benefit fund to enforce the employer's obligations under ERISA § 515, 29 U.S.C. § 1145. However, if the Employer was delinquent in its contributions, there would be need to enforce the obligations under ERISA § 515. *Iron Workers* recognized this and determined that a suit under ERISA § 502 cannot be commenced in the absence of delinquent

contributions.

Here, Plaintiff satisfies the elements set forth in *Iron Workers*. There were delinquent contributions. Regardless of whether the delinquent contributions were paid prior to commencement of the suit, the fact remains that there had been delinquent contributions. The Fund specifically brought this suit because there were delinquent contributions. If there were never any delinquent contributions, the Fund would never have brought this suit. The Fund sought to prevent Defendant from violating the terms of the Plan. *Iron Workers* does not protect an employer from damages under ERISA § 502 just because it pays delinquent contributions prior to the commencement of a suit. Because the Fund brought this suit under ERISA § 515 to enforce the terms of the Plan, the Fund is entitled to damages under ERISA § 502.

## POINT II

**PLAINTIFF IS ENTITLED TO STATUTORY DAMAGES UNDER ERISA § 502, 29 U.S.C. § 1132**

**A.     Defendant Knew The Exact Amount Of Contributions It Owed Contributions And Needlessly Delayed Its Payments**

In *Trs. of the Bldg. Serv. 32B J Health Fund v. Triangle Servs.*, 2006 U.S. Dist. LEXIS 85612, (S.D.N.Y. 2006), the benefit fund was not entitled to statutory liquidated damages for amounts paid prior to suit because the employer did not know how much it owed to the benefit fund and did not needlessly delay its payments. Once the employer knew how much it owed, it paid its contributions in full but only after a lawsuit was filed. Here, Defendant knew how much it owed to the Fund. However, it needlessly delayed its payment to the Fund. Because Defendant knew how much it owed to Plaintiff at all times and needlessly delayed its payments, Plaintiff is entitled to statutory liquidated damages under ERISA § 502. 29 U.S.C. § 1132.

### B. Cases Cited by Defendant Do Not Bind this Court And Are Distinguishable

In support of Defendant's claim that Plaintiff is not entitled to statutory damages under ERISA § 502, Defendant cited several cases that are not binding on this Court. *Farrell v. Metro. Relocations Inc.*, 1996 U.S. Dist. Lexis 23013 (E.D.N.Y. 1996); *Carpenters and Joiners Welfare Fund v. Gittleman Corp.*, 857 F.2d 476 (8th Cir. 1988); *Board of Trustees of Local 41, I.B.E.W. Health Fund et al. v. Zacher*, 771 F.Supp. 1323 (W.D.N.Y. 1991); *Oper. Eng'rs Local 139 Health Benefit Fund v. Gustafoson Constr. Corp.*, 258 F.3d 645 (7th Cir. 2001); *Parkhurst v. Armstrong Steel Erectors, Inc.*, 901 F.2d 796 (9th Cir. 1990); *Carpenters, etc., Health Benefit Fund v. Ryan Constr.*, 767 F.2d 1170 (5th Cir. 1985); *SE Millwrights Health Trust v. M7M Constr.*, 2005 US Dist. Lexis 37761 (M.D. Ala. 2005); *Bennett v. Machined Metals Co.*, 591 F.Supp. 600 (E.D. Pa. 1984). These decisions should not be treated as controlling precedent and are inapposite.

The *Farrell* court stated that liquidated damages under § 502(g) were designed "to compensate the fund for costs incurred in connection with delinquencies." *Farrell*, 1996 U.S. Dist. LEXIS 20313 at *16-17. Here, Plaintiff is asking for that exact relief. It incurred costs in connection with Defendant's delinquencies. The Fund lost use of monies from the delinquent payments and were forced to pay benefits for its participants and beneficiaries on Defendant's behalf without knowledge of when Defendant would pay. The Fund required staff to send late notices and paid attorneys to diary delinquencies, draft demand letters, and communicate with opposing counsel in pursuit of the delinquent amounts. The Fund seeks compensation for such costs incurred and additional amounts to prevent future delinquent contributions.

In addition to not being precedential, *Gittleman* and *Parkhurst* are at odds with principles accepted by the Southern District of New York. The *Gittleman* and *Parkhurst* courts refused to

4

allow for an award of contractually liquidated damages in lieu of statutory damages under ERISA § 502. *See Gittleman*, 857 F.2d at 479 (disallowing contractually liquidated damages of 10% for unpaid contributions because "section 1132(g) (2) is an exclusive remedy."); *Parkhurst*, 901 F.2d at 798. The Southern District of New York allows for such an award. *See Textile Workers Pension fund v. Missbrenner Wet Printing, Inc.*, 2002 US Dist. Lexis 4627 (S.D.N.Y. 2002).

The *Zacher, Gustafoson*, and *Southeastern Millwrights* courts did not prohibit a court from awarding attorneys' fee and costs under ERISA § 502(g)(1) at its discretion. Here, should the Court follow the ruling in *Zacher*, *Gustafoson*, and *Southeastern Millwrights*, it may still award attorneys' fees and costs to Plaintiff.

Defendant incorrectly cites to *Ryan Constr*. The *Ryan Constr.* court fails to mention whether a benefit fund is prohibited from recovering statutory damages under ERISA § 502 for delinquent contributions paid prior to the commencement of a suit. The *Ryan Constr.* decision does state that damages under § 502(g) are available "not only for the recovery of delinquent contributions but, as well, for costs incurred by multiemployer plans, such as lost revenue and collection and litigation expenses, as a result of employer delinquencies." *Ryan Constr.*, 767 F.2d at 1174. Should the Court follow the *Ryan Constr.* decision, Plaintiff is entitled to, *inter alia,* costs incurred as a result of lost revenue (i.e., late payments including collection and litigation expenses) due to Defendant's delinquencies.

Defendant improperly cites to *Bennett*. The *Bennett* court allowed damages under ERISA § 502(g)(2)(B), (C)(i), and (D) for delinquent contributions paid prior to the commencement of a suit. Here, should the Court follow the ruling in *Bennett*, it may still double interest on the unpaid contributions, reasonable attorney's fees, and costs of the action.

# POINT III

## PLAINTIFF IS ENTITLED TO CONTRACTUALLY LIQUIDATED DAMAGES

### A. The Collective Bargaining Agreement Expressly Provides for Liquidated Damages for Delinquent Contributions

The collective bargaining agreement (CBA) incorporates the Agreement and Declaration of Trust of Local 445 Pension Fund (Trust Agreement) by reference. *See* § 23 of the Agreement between Defendant and Teamsters Local 445, IBT, AFL-CIO, at p. 14, attached as Exh. 1 to the Declaration of William D. Frumkin, Esq., In Support of Plaintiff's Motion For Summary Judgment (hereinafter Frumkin Decl.). The CBA expressly states that "The Employer agrees to be bound by the terms and provisions of the Agreement and Declaration of Trust of Local 445 Pension and Welfare fund." Frumkin Decl., Exh. 1, § 23. The Trust Agreement expressly states that Plaintiff is entitled to liquidated damages when Defendant fails to make contributions to the Fund. *See* Restated Agreement and Declaration of Trust for the Pension Fund, dated June 14, 1988, attached to the Frumkin Decl. as Exh. 2, Art. III, § 14. Additional inclusion of liquidated damages in the CBA would merely be redundant. If there were no consequences in such an event, Defendant would have no incentive whatsoever to pay on time each month.

### B. Liquidated Damages Are Triggered By Defendant's Delinquent Contributions, Not The Audit

Defendant cites to *New York State Teamsters Conf. Pension & Ret. Fund v. Syracuse Movers, Inc.*, 2004 U.S. Dist. LEXIS 25692 (N.D.N.Y. 2004). In interpreting *Syracuse Movers*, Defendant claims that the benefit plan documents allowed for the benefit funds to impose liquidated damages upon the performance of an audit. Defendant misinterprets this case. In *Syracuse Movers*, the an audit revealed that the employer was delinquent in its contributions. Because of the

delinquent contributions, the benefit funds assessed liquidated damages. Had the audit not uncovered delinquent contributions, the employer would never have been assessed liquidated damages. It is only because the employer had delinquent contributions that the benefit fund assessed liquidated damages.

Should the Court accept Defendant's reading of *Syracuse Movers*, the case actually supports Plaintiff's claim. As in *Syracuse Movers*, the Fund conducted an audit of Defendant's books. As a result of the audit, Plaintiff learned that Defendant had been delinquent. As a result of the audit, Plaintiff assessed liquidated damages. Accordingly, Defendant is liable to Plaintiff for contractual liquidated damages incurred as the result of the audit.

  **C.**  **Defendant Is Prohibited from Using the Doctrine of *Contra Proferentem* in Determining the Intent of the Trustees While Drafting the Trust Agreement Because the Trustees Declared Their Intent at the March 9, 2007 Trustees Meeting**

Defendant introduces the doctrine of *contra proferentum*. "The rule of *contra proferentum* is that when one party is responsible for the drafting of an instrument, absent evidence indicating the intention of the parties, any ambiguity will be resolved against the drafter." *Pagan v. NYNEX Pension Plan*, 52 F.3d 438, 443 (2d Cir. 1995) (internal citation omitted). It "is to be applied only as a 'last resort' when efforts to determine the parties' intent using other rules of construction have failed." *Gilbert v. Related Mgmt. Co., L.P.*, 1998 U.S. App. LEXIS 22185, 5 6 (2d Cir. 1998); *O'Neil v. Retirement Plan for Salaried Employees of RKO Gen.*, 37 F.3d 55, 61 (2d Cir. 1994) ("such rules of construction are principles of last resort, to be invoked when efforts to fathom the parties' intent have proved fruitless."); *Keiser v. CDC Inv. Mgmt. Corp.*, 160 F. Supp. 2d 512, 520 (S.D.N.Y. 2001) (Contractual language does not become ambiguous simply because the parties to the litigation argue different interpretations.) "Courts should not resort to *contra proferentum* until after

consideration of extrinsic evidence to determine the parties' intent." *M. Fortunoff of Westbury Corp. v. Peerless Ins. Co.*, 432 F.3d 127, 142 (2d Cir. 2005).

Here, there is no reason to resort to the doctrine of *contra proferentem*. Both Plaintiff and Defendant had the opportunity to determine the drafters' intent in crafting language in the Trust Agreement. On March 9, 2007, the Fund's Trustees met to address the language. *See* Frumkin Decl., Exh. 14. Defendant was invited to the meeting to address the Trustees regarding their intent but chose not to attend. *See* Frumkin Decl., Exh. 13. The Trustees, including the two (2) employer trustees present to represent Defendant's interest in the matter, agreed that it was the Trustees' intent that, should an employer's contributions to the Fund become delinquent, the Fund would be entitled to liquidated damages of up to 20% of the unpaid contributions; reasonable attorneys' fees; costs; and such other legal and equitable relief as the court deems appropriate. *See* Frumkin Decl., Exh. 14. Because extrinsic evidence exists to determine the Trustees' intent in drafting the language, there is no need to resort to the doctrine of *contra proferentem*. The mistake is clear from the language itself. As such, Defendant is prohibited from using the doctrine.

**D.     Plaintiff Is Entitled to Contractually Liquidated Damages under § 14(b) of the Trust Agreement**

Defendant fails to show that Plaintiff is not entitled to contractual liquidated damages under § 14(b) of the Trust Agreement. The Trust Agreement provides that, "in the case that [Defendant] fails to make the contributions to the Fund for which it is obligated, . . . [Plaintiff] may enforce [Defendant]'s obligation, pursuant to ERISA." Frumkin Decl, Exh. 2, § 14(b). Under ERISA § 502(g), 29 U.S.C. § 1132(g), the Fund is entitled to "liquidated damages . . . not in excess of 20 percent . . .", "reasonable attorney's fees and costs of the action, to be paid by the defendant, and . . . such other legal or equitable relief as the court deems appropriate." ERISA § 502(g)(2)(c) - (e).

Here, the Fund brought an action to enforce Defendant's obligations to timely contribute to the Fund under the CBA. Since the Fund may enforce the CBA by using remedies available in ERISA, the Fund is entitled to (1) liquidated damages of 20% on the unpaid contributions; (2) reasonable attorneys' fees; and (3) costs and such other legal or equitable relief as the court deems appropriate.

## CONCLUSION

For the foregoing reasons, the Court should deny Defendant's Motion for Summary Judgment in its entirety against Defendant and grant Plaintiff's Motion for Summary Judgment.

Dated: White Plains, New York  
      April 8, 2008

Respectfully submitted,  
**SAPIR & FRUMKIN LLP**

By: ___/s/ William F. Cusack III_____  
William D. Frumkin (WF2173)  
William F. Cusack III (WC2497)  
Attorneys for Plaintiff  
399 Knollwood Road, Suite 310  
White Plains, New York 10603  
(914) 328-0366

F:\APPLICAT\WP\TEAMSTER\Watson Services, Inc\June 2007 Complaint\Motion for Summary Judgment\Opposition.ECF.wpd\dp

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK            )
COUNTY OF WESTCHESTER    )ss.:

      **ADAMANDIA POLYGERINOS**, being duly sworn, deposes and states as follows:

      That deponent is not a party to this action, is over 18 years of age and resides at Ossining, New York. On the 8th day of April, 2008, your deponent served the within MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND IN FURTHER SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT upon:

      Seth H. Borden, Esq.
      Kreitzman Mortensen, & Borden
      100 Wall Street, 23rd Floor
      New York, New York 10005

the address designated by said attorney for that purpose, by depositing a true copy of same enclosed in a post-paid wrapper, by UPS Next Day Air.

      _____
      Adamandia Polygerinos

Sworn to before me this
8th day of April, 2008.

_____
Notary Public