UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
ADRIAN HUFF, as Chairman of the Board of Trustees of
TEAMSTERS LOCAL 445 FREIGHT DIVISION
PENSION FUND and TEAMSTERS LOCAL 445
EDUCATION and TRAINING FUND,

           Plaintiff,

                   07 – Civ. – 6033 (KMK)

 -against-

WATSON SERVICES, INC.,

           Defendant.
------------------------------------------------------------------x

## REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

                  **KREITZMAN, MORTENSEN & BORDEN**
                  Attorneys for **WATSON SERVICES INC.**
                   100 Wall Street, 23rd Floor
                   New York, New York 10005
                   (212) 252-9050

**TABLE OF CONTENTS**

| | |
|---|---|
| TABLE OF AUTHORITIES | iii |
| PRELIMINARY STATEMENT | 1 |
| A.   Plaintiff Admits All Undisputed Material Facts | 2 |
| ARGUMENT | 3 |
| POINT I | |
| ERISA DOES NOT PROVIDE FOR THE ASSESSMENT OF STATUTORY LIQUIDATED DAMAGES WHEN, AS HERE, THERE ARE NO "UNPAID CONTRIBUTIONS" AT THE TIME OF SUIT. | 3 |
| POINT II | |
| PLAINTIFF IS NOT ENTITLED TO CONTRACTUAL "LATE PAYMENT CHARGES" BECAUSE THERE EXISTS NO CONTRACT PROVISION REQUIRING DEFENDANT TO PAY THEM. | 5 |
| A.   Plaintiff fails to cite any admissible evidence, rebut Defendant's statement of undisputed facts, or otherwise properly identify any disputed material facts. | 5 |
| B.   Section 14(b) of the 1988 Amended Restatement provides no relief for Plaintiff herein because it simply incorporates ERISA's statutory remedies. | 6 |
| CONCLUSION | 8 |

# TABLE OF AUTHORITIES

**Statutes**

| | |
|---|---|
| 29 U.S.C. §185 | 1 |
| 29 U.S.C. §1132(g)(2) | 4 |
| 29 U.S.C. §1132(g)(2)(C) | 3 |
| 29 U.S.C. §1145 | 1 |
| Fed. R. Civ. P. 56 | 1 |
| Local Rule 56.1 | 1, 2 |

**Cases**

| | |
|---|---|
| Abramo v. City of New York, 54 Fed. Appx. 708 (2d Cir. 2002) | 2 |
| Board of Trustees of Local 41, I.B.E.W. Health Fund et al. v. Zacher, 771 F. Supp 1323 (W.D.N.Y. 1991) | 7 |
| Carpenters and Joiners Welfare Fund v. Gittleman Corp., 857 F.2d 476, 478 (8th Cir. 1988) | 4 |
| Carpenters, etc. Health Benefit Fund v. Ryan Const., 767 F.2d 1170 (5th Cir. 1985) | 4 |
| DiRienzo v. Metro. Transp. Auth., 237 Fed. Appx. 642 (2d Cir. 2007) | 2 |
| Farrell v. Metropolitan Relocations, Inc., No. 95 Civ. 0557 (CPS), 1996 U.S. Dist. LEXIS 20313 (E.D.N.Y. Jan. 19, 1996) | 4 |
| Knight v. N.Y.C. Housing Auth., 2007 U.S. Dist. LEXIS 9148, No. 03 Civ. 2746 (DAB) (S.D.N.Y. Feb. 2, 2007) | 2 |
| Parkhurst v. Armstrong Steel Erectors, Inc., 901 F.2d 796 (9th Cir. 1990) | 4 |
| Trustees of the Building Service 32B-J Health Fund et al. v. Triangle Services, Inc., No. 05 Civ. 2546 (NRB), 2006 U.S. Dist. LEXIS 85612 (S.D.N.Y., Nov. 21, 2006) | 3, 4 |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
ADRIAN HUFF, as Chairman of the Board of Trustees of
TEAMSTERS LOCAL 445 FREIGHT DIVISION
PENSION FUND and TEAMSTERS LOCAL 445
EDUCATION and TRAINING FUND,

                                  Plaintiff,                   07 – Civ. – 6033 (KMK)

-against-

WATSON SERVICES, INC.,

                                  Defendant.
-----------------------------------------------------------------x

## REPLY MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

### PRELIMINARY STATEMENT

Defendant **WATSON SERVICES, INC.** (hereafter **"WSI"** or **"Defendant"**) submits this Reply Memorandum of Law in support of its Motion for Summary Judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure, on Plaintiff's claims under Section 515 of the Employee Retirement Insurance Security Act (**"ERISA"**), 29 U.S.C. §1145 (**"Section 515"**) and Section 301 of the Labor Management Relations Act (**"LMRA"**), 29 U.S.C. §185, because Plaintiff's evidence is insufficient as a matter of law to entitle him to relief.

Plaintiff's Memorandum of Law in Opposition underscores exactly how unfortunate a waste of the Court's time and resources this lawsuit is. That there are no material facts in dispute is emphasized by Plaintiff's neglect to file a responsive Statement pursuant to Local Rule 56.1(b) of the Local Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York. Moreover, in the absence of any law in support of his own position, Plaintiff spends much time and energy trying to discount the wealth of authority which holds squarely against his claims herein.

1

### A.    Plaintiff's Admits All Undisputed Material Facts

Plaintiff has admitted all facts set forth in Defendant's Local Rule 56.1 Statement of Facts, dated March 11, 2008.[1] Local Rule 56.1 states clearly:

> (b) The papers opposing a motion for summary judgment shall include a correspondingly numbered paragraph responding to each numbered paragraph in the statement of the moving party, and if necessary, additional paragraphs containing a separate, short and concise statement of additional material facts as to which it is contended that there exists a genuine issue to be tried.
>
> (c) Each numbered paragraph in the statement of material facts set forth in the statement required to be served by the moving party *will be deemed to be admitted* for purposes of the motion unless specifically controverted by a correspondingly numbered paragraph in the statement required to be served by the opposing party.

Local Rule 56.1 (emphasis supplied).

Plaintiff has declined to serve the required statement, and therefore all facts set forth in Defendant's Rule 56.1 Statement are deemed admitted. See Abramo v. City of New York, 54 Fed. Appx. 708, 711 (2d Cir., 2002); Knight v. N.Y.C. Housing Auth., 2007 U.S. Dist. LEXIS 9148 at *2-3, No. 03 Civ. 2746 (DAB) (S.D.N.Y. Feb. 2, 2007); cf. DeRienzo v. Metro. Transp. Auth., 237 Fed. Appx. 642, 645 (2d Cir. 2007) (Appeals Court assumed District Court did not abuse discretion by considering *only* the facts in Defendant's uncontested Rule 56.1 statement, but denied summary judgment on other grounds). This Court should ignore Plaintiff's invitation to consider the unsupported facts set forth in his Memorandum of Law in Support of Plaintiff's Motion for Summary Judgment.

---

[1]    Citation to the Rule 56.1 Statement of Material Facts shall be made herein, "SOF ¶ __"; to the Declaration of Seth H. Borden as "Borden __" and "Borden Exh. __"; and, the Complaint as "Compl. __."

It is thus undisputed that for the period June 2005 through July 2006, WSI paid every penny of the monthly Pension Fund contributions required by the CBA, even if somewhat late. SOF ¶17. It is also undisputed that by the end of September 2006, Defendant WSI was entirely current in its required monthly contributions to the Pension Fund, and has remained so through the present. SOF ¶¶18, 19.

## ARGUMENT

### POINT I

### ERISA DOES NOT PROVIDE FOR THE ASSESSMENT OF STATUTORY LIQUIDATED DAMAGES WHEN, AS HERE, THERE ARE NO "UNPAID CONTRIBUTIONS" AT THE TIME OF SUIT.

As set forth at length in Defendant's Memorandum of Law in Support (and opposition papers to Plaintiff's motion), the law on this point is clear: an ERISA plaintiff may not recover statutory damages pursuant to Section 502(g)(2)(c), 29 U.S.C. §1132(g)(2)(C), for late contributions to employee pension trust funds where the contributions, although delinquent, have been paid prior to the commencement of suit. See, e.g., Trustees of the Building Service 32B-J Health Fund et al. v. Triangle Services, Inc., No. 05 Civ. 2546 (NRB), 2006 U.S. Dist. LEXIS 85612 at *12 (S.D.N.Y., Nov. 21, 2006) ("...plaintiff may not recover interest or liquidated damages based on contributions paid in full at the start of this lawsuit...."); Def. Mem. at Points I & II, and cases cited therein.

Perhaps finally recognizing that the Southern District's holding in Triangle Services directly refutes his position, Plaintiff makes a futile attempt to distinguish the case in his Memorandum in Opposition. See Pl. Mem. at Point II. A. The Plaintiff's misstatement of the facts in Triangle Services is irrelevant to that court's ultimate holding and to the case herein.[2]

---

[2] The Triangle Services defendant did not pay the contributions owed "*only after suit was filed*" as suggested by the Plaintiff's Brief in Opposition. See Pl. Mem. Opp. at 3. The Triangle Services Defendant paid some contributions *before* and some *after* commencement of suit. 2006 U.S. Dist. LEXIS 85612 at *5, n.7. Defendant herein, of course, paid *all* contributions owed *before* suit was filed. SOF ¶¶ 17-19, 27. Accordingly, the portion of the Triangle Services holding which disallowed statutory damages for portions paid *before* commencement of the suit is squarely on point.

Plaintiff cannot explain away the clear and unambiguous language of the District Court for the Southern District:

> Plaintiffs are directed to submit a proposed judgment settling their claims for interest, liquidated damages, attorney's fees and costs, covering *only* those contributions still owed when plaintiffs filed this lawsuit....

Trustees of the Building Service 32B-J Health Fund et al. v. Triangle Services, Inc., No. 05 Civ. 2546 (NRB), 2006 U.S. Dist. LEXIS 85612 at *12 (S.D.N.Y., Nov. 21, 2006) (emphasis in original). Lest there be any room for doubt, the District Court continued:

> ...[P]laintiff may not recover interest or liquidated damages based on contributions paid in full at the start of this lawsuit.... See, e.g., Farrell [v. Metropolitan Relocations, Inc., No. 95 Civ. 0557 (CPS)], 1996 U.S. Dist. LEXIS 20313 at *19 ...[(E.D.N.Y. Jan. 19, 1996)]; see also Parkhurst v. Armstrong Steel Erectors, Inc., 901 F.2d 796 (9th Cir. 1990) and Carpenters and Joiners Welfare Fund v. Gittleman Corp., 857 F.2d 476, 478 (8th Cir. 1988) and Carpenters, etc. Health Benefit Fund v. Ryan Const., 767 F.2d 1170 (5th Cir. 1985).

Trustees of the Building Service 32B-J Health Fund et al. v. Triangle Services, Inc., No. 05 Civ. 2546 (NRB), 2006 U.S. Dist. LEXIS 85612 at *12, n. 14 (S.D.N.Y., Nov. 21, 2006).[3]

Once again, in the instant case, the Plaintiff *admits* that at the time the suit was commenced, there were no "unpaid contributions" – i.e., that WSI had made all monthly Fund contributions for which it was responsible. SOF ¶¶ 17-19, 27. Plaintiff is not entitled to the additional statutory remedies set forth in Section 502(g) -- including any "liquidated damages provided for under the plan...." 29 U.S.C. § 1132(g)(2). It is clear that Plaintiff thinks this *should not be* the law – but currently it is.

---

[3] Plaintiff spends much of his opposition brief developing distinctions without substance to dismiss the weight of authority *within* and *outside* the Second Circuit that supports the Triangle Services holding. Many of the cases Plaintiff discounts are cases cited by the Southern District in the Triangle Services decision. See supra.

By reason of the foregoing, the Court should grant summary judgment for Defendant, dismissing Plaintiff's ERISA claims in their entirety.

## POINT II

### PLAINTIFF IS NOT ENTITLED TO CONTRACTUAL "LATE PAYMENT CHARGES" BECAUSE THERE EXISTS NO CONTRACT PROVISION REQUIRING DEFENDANT TO PAY THEM.

Plaintiff also spends a great deal of energy trying to concoct a "contractual" right to the "late payment charges" or liquidated damages sought herein. By so doing, Plaintiff attempts to back door theories upon which he cannot prevail through the front – i.e., by claiming statutory damages. Additionally fatal to his claims, however, while Plaintiff asserts that he and his Trustees are responsible for maintaining "nonsensical" language and misstatements in the Fund's documents (SOF ¶¶ 22-23; Pl. Mem. Opp. at Point III. C.), he never once cites to any legal authority that would allow this Court to modify the documents retroactively or otherwise.[4]

### A. Plaintiff fails to cite any admissible evidence, rebut Defendant's statement of undisputed facts, or otherwise properly identify any disputed material facts.

The Court may disregard Plaintiff's arguments at Point III. A. through C. of his Memorandum in Opposition because the factual statements upon which Plaintiff bases these arguments are not supported by any admissible evidence identified by Plaintiff. Again, in the absence of a proper Rule 56.1 Statement, Plaintiff asserts without any support that:

- the collective-bargaining agreement (CBA) "expressly provides for liquidated damages," without identifying any such "express" provision;

---

[4] Curiously, although the Court directly asked Plaintiff for some authority regarding the principle of contract reformation at the parties' pre-motion conference, Plaintiff includes none in his various briefs herein.

- Plaintiff's Fund audited Defendant's books (a falsehood highlighted in Defendant's Memorandum in Opposition to Plaintiff's motion, see Def. Mem. Opp. at 14); and

- extrinsic evidence exists to determine the Fund Trustees' intent in drafting language in 1988.

Plaintiff's legal arguments based, in part, on these unsubstantiated assertions merit little attention. As set forth in detail in Defendant's Memorandum in Support at Points III. A. through C., whatever the Union and Pension Fund now claim they may or may not have *intended* to do, what they *did actually* do was:

- agree to a collective-bargaining agreement that makes no mention whatsoever of "late payment charges" or "liquidated damages" for Pension Fund contributions, SOF ¶11;

- draft an Amended Restatement and Declaration of Trust in 1988 that makes no mention whatsoever of "late payment charges" for Pension Fund contributions SOF ¶13; and

- draft Section 14 of the Amended Restatement and Declaration of Trust in 1988 to provide "liquidated damages" only in "matter[s] under subsection (a)" – which subsection is not at issue herein. SOF ¶¶15-16.

Perhaps the Trustees in 1988 truly did mean to write "subsection (b)" or "subsection (c)" or whatever else Plaintiff might throw at the wall here in 2008. There is no admissible evidence of any such intent identified here, however, and we are simply left with arguably clumsy language that *actually says* "subsection (a)." Finally, assuming Plaintiff's Trustees did make a mistake in 1988, Plaintiff's various briefs do not address how this Court is supposed to re-write private contracts in order to clean up the Fund's mess and achieve the result Plaintiff desires.

    **B.    Section 14(b) of the 1988 Amended Restatement provides no relief for Plaintiff herein because it simply incorporates ERISA's statutory remedies.**

In Point III. D. of his Memorandum in Opposition, Plaintiff ends where he began: arguing, contrary to the weight of authority, that he is entitled to statutory liquidated damages,

despite a lack of "unpaid contributions" at the commencement of the suit. His argument that Subsection 14(b) of the 1988 Amended Restatement provides statutory relief is equally unavailing here.

> Subsection 14(b) of the 1988 Amended Restatement reads:
>> In the case of an Employer that fails to make the contributions to the Fund for which it is obligated, in accordance with the terms and conditions of its obligation, the Trustees may enforce the Employer's obligation, pursuant to ERISA.

Borden Exh. 3-C at 3. And, obviously, once the Fund does so, it is subject to the statute and relevant case law regarding enforcement of those obligations. As repeated time and again previously, ERISA does not allow for an assessment of liquidated damages for contributions which, although late, have been paid prior to the commencement of suit. See, supra at Point I, and cases cited; Def. Mem. at Point I & II, and cases cited therein.[5]

---

[5] Assuming, *arguendo*, Plaintiff is correct that subsection 14(c) of the Amended Restatement was *supposed* to refer to subsection 14(b) instead of (a), the foregoing would *still* preclude recovery herein, as it would simply be a specific incorporation of ERISA's statutory remedies. Cf. Bd. Of Trustees, I.B.E.W. Health Fund et al. v. Zacher et al., 771 F. Supp. 1323 (W.D.N.Y. 1991). In Zacher, the District Court denied the Funds statutory liquidated damages because all contributions were paid prior to suit. The Court denied summary judgment, however, because there was a dispute about the coverage of a particular CBA and fund trust agreement. While the District Court ruled that ERISA does not preempt all contractual remedies for late payment of contributions, the express contractual language therein was extremely clear. The CBA at issue in Zacher read:

> Failure by the Employer to submit contributions when they are due will result in the Employer being subject to a 10% penalty, interest charge, attorney's fees and court costs.

771 F. Supp. at 1327. In the instant case, on the other hand, the CBA is silent on the issue. See SOF ¶11.

Moreover, the trust agreement in Zacher provided:

> ...in any action brought under ERISA... the liquidated damages shall be at the rate of twenty percent (20%) of the unpaid contributions. ... [I]n the event the Trustees do not initiate an action or the action is settled prior to a judgment being obtained, the Trustees may require the delinquent employer to pay interest from the due date of said contribution and liquidated damages up to the rates specified in the preceding paragraph.

771 F. Supp. at 1328-29. And therein lies a perfect example of a Fund *properly* including language providing for a potential contractual right to recovery, as compared to the self-professed sloppy draftsmanship at issue herein. As the Plaintiff herein has not included trust agreement language providing for liquidated damages under these circumstances, he does not have a contractual right to them, and his claims should be dismissed.

## CONCLUSION

For all of the foregoing reasons, as well as those set forth in its Memorandum in Support, Defendant respectfully requests that its Motion for Summary Judgment be granted in its entirety. Defendant further requests that, due to the baseless and abusive nature of the lawsuit filed by Plaintiff, that the Court issue an Order requiring Plaintiff to reimburse Defendant for the costs of defending this Action, including without limitation, payment of reasonable attorneys' fees.

Dated: New York, New York
April 21, 2008

Respectfully submitted,

**KREITZMAN, MORTENSEN & BORDEN**

Attorneys for **WATSON SERVICES INC.**
100 Wall Street, 23rd Floor
New York, New York 10005
(212) 252-9050

BY: *[signature]*
(Seth Borden) (SB-4583)