UNITED STATES DISTRICT COURT                                    ECF Case
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ADRIAN HUFF, as Chairman of the Board of  Trustees of
TEAMSTERS  LOCAL  445  FREIGHT  DIVISION
PENSION  FUND  and  TEAMSTERS  LOCAL  445          Civil Action No. 07 Civ. 6033
EDUCATION  and TRAINING FUND,                                  (KMK)(MDF)

                                        Plaintiff,

                - against -

WATSON SERVICES, INC.,

                                        Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

---

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT**

---

                              Sapir & Frumkin LLP
                              Attorneys for Plaintiff
                              399 Knollwood Road, Suite 310
                              White Plains, New York 10603
                              (914) 328-0366

*On the Brief*:

        William D. Frumkin, Esq.
        William F. Cusack III, Esq.

## TABLE OF CONTENTS

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

POINT I

        DEFENDANT VIOLATED ERISA § 515, 29 U.S.C. § 1145 BY FAILING TO TIMELY PAY CONTRIBUTIONS TO THE FUNDS IN ACCORDANCE WITH THE COLLECTIVELY BARGAINED AGREEMENT BETWEEN THE UNION AND DEFENDANT . . . . . . . . . . . . . 5

        A.    Standard for Summary Judgment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

        B.    Summary Judgment Should Be Awarded to Plaintiff Because Defendant Violated ERISA by Failing to Make Contributions to the Funds in Accordance with the Collective Bargaining Agreement . . . . . . 6

POINT II

        PLAINTIFF IS ENTITLED TO AN AWARD OF STATUTORY DAMAGES UNDER ERISA § 502(G)(2), 29 U.S.C. § 1132(G)(2) . . . . . . . . . 6

        A.    ERISA § 502(g)(2), 29 U.S.C. § 1132(g)(2), Allows for an Award of Liquidated Damages for Collection Efforts Commenced Prior to a Lawsuit . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

        B.    Allowing Defendant to Avoid Penalties under § 1132(g)(2) by Payment of Delinquent Contributions on the Eve of a Lawsuit Thwarts the Purpose of § 1132(g)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

        C.    Delinquent Payments Raise the Specter of Irreparable Harm to the Funds, Participants, and Beneficiaries . . . . . . . . . . . . . . . . . . . . . . . . . . 10

POINT III

        PLAINTIFF IS ENTITLED TO AN AWARD OF CONTRACTUAL LIQUIDATED DAMAGES PURSUANT TO THE COLLECTIVELY BARGAINED AGREEMENT BETWEEN THE UNION AND DEFENDANT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

        A.    ERISA Does Not Preempt Recovery for Contractual Liquidated Damages . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

B.     Plaintiff Is Entitled Contractual Liquidated Damages under §
14(c) of the Trust Agreement . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

C.     In the Alternative, Plaintiff Is Entitled to Contractual Liquidated
Damages under § 14(a) of the Trust Agreement . . . . . . . . . . . . . . . . . . . 15

D.     In the Alternative, Plaintiff Is Entitled to Contractual Liquidated
Damages under § 14(b) of the Trust Agreement . . . . . . . . . . . . . . . . . . . 15

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

# **TABLE OF AUTHORITIES**

## *Cases*

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L. Ed. 2d 202 (1986) . . . . . . 5

*DeSantis v. Deutsche Bank Trust Co. Ams., Inc.*, 501 F. Supp. 2d 593 (S.D.N.Y. 2007) . . . . . . . 6

*Benson v. Brower's Moving & Storage, Inc.*, 907 F.2d 310 (2d Cir.) *cert. den.*, 498 U.S. 982,
    112 L. Ed. 2d 524, 111 S. Ct. 511 (1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Board of Trustees of Local 41, I.B.E.W. Health Fund v. Zacher*, 771 F.Supp. 1323
    (W.D.N.Y. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Carpenters Amended & Restated Health Ben. Fund v. John W. Ryan Constr. Co.*, 767 F.2d
    1170 (5th Cir. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Chartier v. J&f Mgmt. Corp.*, 1992 U.S. Dist. LEXIS 17853 (S.D.N.Y. 1992) . . . . . . . . . . . . 10

*Demolition Workers Union, Local 95 v. Mackroyce Contr. Corp.*, 2000 U.S. Dist. LEXIS
    3548 (S.D.N.Y. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*I.B.E.W. Local No. 910 Welfare Annuity, and Pension Funds v. Dexelectrics, Inc.*, 98
    F. Supp. 2d 265 (N.D.N.Y. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Iron Workers Dist. Council v. Hudson Steel Fabricators & Erectors*, 68 F.3d 1502
    (2d Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Joyce v. Commercial Masonry*, 2000 U.S. Dist. LEXIS 4159 (D.D.C. 2000) . . . . . . . . . . . . . . 9

*Lath Hoisters Local Union No. 838 v. Melen*, 1983 U.S. Dist. LEXIS 17205
    (S.D.N.Y. 1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Mason Tenders Dist. Council v. Envirowaste & Transcontractors, Inc.*, 1999 U.S. Dist.
    LEXIS 8454 (S.D.N.Y. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Mingoia v. Crescent Wall Sys.*, 2004 U.S. Dist. LEXIS 16761 (S.D.N.Y. 2004) . . . . . . . . . . . 11

*NYSA-ILA Pension Trust Fund by & Through Capo v. Lykes Bros.*, 1997 U.S. Dist. LEXIS
    11869 (S.D.N.Y. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*N.Y.S. Teamsters Conf. Pens. & Retir. Fund v. Syracuse Movers, Inc.*, 2004 U.S. Dist. LEXIS
    25692 (N.D.N.Y. Nov. 22, 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Operating Eng'rs. Local 139 Health Benefit Fund v. Gustafson Constr. Corp.*, 258 F.3d
    645 (7th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Schuck v. Phoenix Service Techs.*, No. 96 Civ. 1575, 1996 WL 705267 (E.D.N.Y. 1996) . . . . . 11

*Textile Workers Pension Fund v. Missbrenner Wet Printing, Inc.*, 2002 U.S. Dist.
    LEXIS 4627 (S.D.N.Y. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Trs. of the Bldg. Serv. 32B-J Health Fund v. Triangle Servs.*, 2006 U.S. Dist. LEXIS
    85612 (S.D.N.Y. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*United Steelworkers of America v. Textron, Inc.*, 836 F.2d 6 (1st Cir. 1987) . . . . . . . . . . . . . . 11

*United Steelworkers of America v. Ft. Pitt Steel Casting*, 598 F.2d 1273 (3d Cir. 1979) . . . . . . 11

*Whelan v. Colgan*, 602 F.2d 1060 (2d Cir. 1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

### *Statutes*

29 U.S.C. § 1001 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

29 U.S.C. § 1132(G)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7, 8, 11, 12, 13, 15

29 U.S.C. § 1145 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6, 7, 9, 12,13

### *Federal Rules of Civil Procedures*

Fed.R.Civ.P. R. 56(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Fed.R.Civ.P. R. 56(e) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

# I. **PRELIMINARY STATEMENT**

On June 26, 2007, Plaintiff Adrian Huff, as Chairman of the Board of Trustees of Teamsters Local 445 Construction Division Pension Fund and Teamsters Local 445 Education and Training Fund (Plaintiff or the Fund), commenced this action for collection of payments with interest thereon, plus liquidated damages, attorney's fees, and costs against defendant Watson Services, Inc. (Defendant) in the above-captioned action.  On July 20, 2007, Defendant filed its Answer.  On November 26, 2007, discovery ended.  Plaintiff now moves for summary judgment against Defendant for monies owed to Plaintiff pursuant to the Employee Retirement Income Security Act (ERISA), as amended by the Multiemployer Pension Plan Amendments Act ("MPPAA"), 29 U.S.C. §§ 1001 *et seq.*

# II. **STATEMENT OF FACTS**

On or about December 10, 2003, Defendant entered into and became a signatory to a collective bargaining agreement (CBA) with the Teamsters Union Local 445, IBT, AFL-CIO (Union).  *See* Agreement between Defendant and Teamsters Local 445, IBT, AFL-CIO, PO Box 2097, Newburgh, NY 12550, at p. 14, attached as Exh. 1 to the Declaration of William D. Frumkin, Esq., In Support of Plaintiff's Motion For Summary Judgment (hereinafter Frumkin Decl.); Joint Pre-Trial Order, Stipulation of Facts and Law (Stipulation), § VI(12).  By signing the CBA, Defendant agreed to be bound by the terms and provisions of the Restated Agreement and Declaration of Trust for the Pension Fund, dated June 14, 1988 (Trust Agreement).  *See* Frumkin Decl., Exh. 1, p. 10; Stipulation, § VI(12).  The CBA provided, *inter alia*, that Defendant would make timely payment of contributions to the  Fund on behalf of Defendant's employees within the bargaining unit represented by the Union.  *See* Frumkin Decl, Exh. 1, p. 10; Stipulation, § VI(12).

1

For each monthly contribution, Defendant was responsible for paying the monthly contribution by the 15th of the month following the calendar month in for which contribution was payable. *See* Frumkin Decl., Exh. 1, at p. 10; Stipulation, § VI(13).  Pursuant to the Trust Agreement, the Fund is empowered to conduct an audit of Defendant's books and records to determine whether Defendant is in compliance with its obligation to contribute to the Pension Fund. *See* Restated Agreement and Declaration of Trust for the Pension Fund, dated June 14, 1988, attached to the Frumkin Decl. as Exh. 2,  p. 2; Stipulation, § VI(14).  If Defendant failed to timely pay the monthly contributions to the Funds by the 15th of the month following the calendar month in for which contributions are payable, the Funds would assess a ten percent charge for the delinquent payment. *See* Frumkin Decl., Exh. 2,  § 14(c)(ii)(A).

On or about March 16, 2004, Plaintiff commenced an action against Defendant for payment of delinquent contributions and late charges to the Funds for the period from July 2002 through February 2004 in the total amount of at least $100,836.96. *See* Complaint, dated March 16, 2004, attached to the Frumkin Decl. as Exh. 3.  On or about July 13, 2004, Frederick Watson, President of Defendant, entered into a settlement agreement regarding the March 16, 2004 Complaint.  In the settlement agreement, Mr. Watson admitted that Defendant owed contributions and late charges for the period from July 2002 through March 2004 in the amount of $106,844.65. *See* settlement agreement, dated July 13, 2004, attached to the Frumkin Decl. as Exh. 4.

On or about March 13, 2006, the Fund notified Defendant that Defendant had delinquent contributions for the period from July 2005 through December 2005. *See* correspondence, dated March 13, 2006, attached to the Frumkin Decl. as Exh. 5.  On or about April 3, 2006, Defendant responded to the Fund's March 13, 2006 letter by stating that it did not owe late charges on the

2

delinquent contributions as asserted by the Funds. *See* correspondence, dated April 3, 2006, attached to the Frumkin Decl. as Exh. 6. The Fund continued to notify Defendant of the mounting late charges assessed for delinquent contributions. *See* correspondence, dated April 4, 2006, attached to the Frumkin Decl. as hereto as Exh. 7; correspondence, dated July 13, 2006, from Gregory Hunt, Esq., to Seth Borden, Esq., attached to the Frumkin Decl. as Exh. 8; correspondence, dated July 31, 2006, from Carmen Hernandez to Defendant, attached to the Frumkin Decl. as Exh. 9.

On October 2, 2006, the Fund again notified Defendant of the late charges due for the periods from July 2005 through July 2006. *See* correspondence, dated October 2, 2006, from Ms. Hernandez to Defendant, attached to the Frumkin decl. as Exh. 10. Defendant's payment history for contributions due to the Fund from July 2005 through July 2006 was as follows:

| Payment Month | Due Date | Actual Payment Date |
|---|---|---|
| July 2005 | August 15, 2005 | September 19, 2005 |
| August 2005 | September 15, 2005 | October 28, 2005 |
| September 2005 | October 15, 2005 | November 29, 2005 |
| October 2005 | November 15, 2005 | December 22, 2005 |
| November 2005 | December 15, 2005 | February 8, 2006 |
| December 2005 | January 15, 2006 | March 8, 2006 |
| January 2006 | February 15, 2006 | March 28, 2006 |
| February 2006 | March 15, 2006 | May 1, 2006 |
| March 2006 | April 15, 2006 | May 31, 2006 |
| April 2006 | May 15, 2006 | June 30, 2006 |
| May 2006 | June 15, 2006 | August 17, 2006 |
| June 2006 | July 15, 2006 | August 25, 2006 |
| July 2006 | August 15, 2006 | September 20, 2006 |

*See* facsimile, dated March 10, 2008, from Sharon Molinelli to William F. Cusack III, Esq., attached to the Frumkin Decl. as Exh. 11.

For the period from July 2005 through July 2006, although Defendant eventually paid its required contributions to the Funds for each month, Defendant submitted its payments after the 15th of the month following the calendar month in for which contributions are payable. Stipulation, § VI(16); Frumkin Decl., Exh. 11. Resultantly, Defendant was delinquent in paying its monthly contributions and incurred late charges for each delinquent monthly contribution for the period from July 2005 through July 2006. Stipulation, § VI(16). In total, Defendant incurred late charges for the time period from July 2005 through July 2006 in the total amount of $15,911.53. Stipulation, § VI(16).

On January 16, 2007, the Fund notified Defendant that, at the Fund's March 9, 2007 Trustees Meeting, the Trustees would address the issue of whether the Fund is entitled to liquidated damages, including late charges, for delinquent payments as identified in Article III, § 14(c). *See* correspondence, dated January 16, 2007, from Mr. Frumkin to Mr. Borden, attached to the Frumkin Decl. as Exh. 12. The Fund invited Defendant to appear at the March 9, 2007 Trustees Meeting. *Id.* On or about March 9, 2007, Defendant declined the Fund's invitation for Defendant to address the Fund's Trustees at the March 9, 2007 Trustees Meeting. *See* correspondence, dated March 9, 2007, from Mr. Borden to Mr. Frumkin, attached to the Frumkin Decl as Exh. 13.

On March 9, 2007, the Fund's Trustees met and discussed Defendant's contractual obligations to pay liquidated damages, including late charges, for delinquent contributions in accordance with the CBA. *See* Minutes of The Joint Meeting of the Trustees of Local 45 Welfare Fund and Pension Funds held March 9, 2007, attached to the Frumkin Decl. as Exh. 14. Defendant's

4

interests were represented by two (2) Employer Trustees.  *Id.*  The Trustees examined the language

contained in the Trust Agreement that awarded liquidated damages to any matter occurring under

Article III, § 14(a).  The Trustees agreed that the reference to § 14(a) was a typographical error and

that  § 14(c) should reference  § 14(b), not  § 14(a).  *Id.*

### III. ARGUMENT

### POINT I

**DEFENDANT VIOLATED ERISA § 515, 29 U.S.C. § 1145 BY FAILING TO TIMELY PAY CONTRIBUTIONS TO THE FUNDS IN ACCORDANCE WITH THE COLLECTIVELY BARGAINED AGREEMENT BETWEEN THE UNION AND DEFENDANT**

### A.    Standard for Summary Judgment

Summary judgment may be granted to a moving party on its application "if the pleadings,

depositions, answers to the interrogatories, and admission on file, together with affidavits, if any,

show that there is no genuine issue of material fact and that the moving party is entitled to judgment

as a matter of law."  Federal Rule of Civil Procedure (Fed.R.Civ.P.) R. 56(c).  "When the moving

party has asserted facts which demonstrate that the non-moving party's claim cannot be sustained,

the opposing party must 'set forth specific facts showing that there is a genuine issue for trial,' and

cannot rest on 'mere allegations or denials' of the facts asserted by the movant."  Fed.R.Civ.P. R.

56(e); *NYSA-ILA Pension Trust Fund by & Through Capo v. Lykes Bros.*, 1997 U.S. Dist. LEXIS

11869, *9 (S.D.N.Y. 1997).  "The role of the court is not to weigh the evidence and decide the truth,

but rather to determine whether or not there exists a genuine issue for trial."  *Anderson v. Liberty

Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986).  "If the evidence is

merely colorable. . . or is not significantly probative, summary judgment may be granted" to the

moving party.  *See Id.*; *DeSantis v. Deutsche Bank Trust Co. Ams., Inc.*, 501 F. Supp 2d 593, 598 (S.D.N.Y. 2007).

**B.**      **Summary Judgment Should Be Awarded to Plaintiff Because Defendant Violated ERISA by Failing to Make Contributions to the Funds in Accordance with the Collective Bargaining Agreement**

Under ERISA § 515, 29 U.S.C. § 1145, "Every employer who is obligated to make contributions to a multiemployer plan . . . under the terms of a collectively bargained agreement shall . . . make such contributions in accordance with the terms and conditions of . . . such agreement." 29 U.S.C. § 1145; *Board of Trustees of Local 41, I.B.E.W. Health Fund v. Zacher*, 771 F.Supp. 1323  (W.D.N.Y. 1991).

Here, the Union and Defendant entered into a CBA.  The CBA required Defendant to timely pay monthly contributions to the Funds by the 15th of the month following the calendar month in for which contribution was payable.  Defendant failed to timely contribute to the Funds for the time period between July 2005 through July 2006.  As such, Defendant violated ERISA § 515, 29 U.S.C. § 1145.  Summary judgment must be awarded to Plaintiff on this issue.  The only issue remaining is the amount of damages to be awarded to Plaintiff due to Defendant's violation of ERISA § 515, 29 U.S.C. § 1145.

## POINT II

### PLAINTIFF IS ENTITLED TO AN AWARD OF STATUTORY DAMAGES UNDER ERISA § 502(G)(2), 29 U.S.C. § 1132(G)(2)

**A.**      **ERISA § 502(g)(2), 29 U.S.C. § 1132(g)(2), Allows for an Award of Liquidated Damages for Collection Efforts Commenced Prior to a Lawsuit**

Under § 515 of ERISA, 29 U.S.C. § 1145 "Every employer who is obligated to make

contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall . . . make such contributions in accordance with the terms and conditions of such plan or such agreement."  29 U.S.C. § 1145.   Under § 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), for actions brought by fiduciaries to enforce the provisions under ERISA § 515, the Court

> . . . *shall* award . . .
> (B)     interest on the unpaid contributions,
> (C)     an amount equal to the greater of--
>> (i)     interest on the unpaid contributions, or
>> (ii)     liquidated damages provided for under the plan in an amount not in excess of 20 percent . . .
> (D)     reasonable attorney's fees and costs of the action, to be paid by the defendant, and
> (E)     such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g)(2) (emphasis added).

Neither the United States District Court for the Southern District of New York nor the United States Court of Appeals for the Second Circuit prohibit an award of statutory liquidated damages under ERISA § 1132(g) where delinquent contributions were paid prior to the commencement of a lawsuit.  In the Second Circuit, a favorable judgment is not necessary for a plaintiff to obtain all relief provided for under § 1132(g).  *Iron Workers Dist. Council v. Hudson Steel Fabricators & Erectors*, 68 F.3d 1502, 1507 (2d Cir. 1995).  However, once a plaintiff obtains a favorable judgment, "the plaintiff is entitled to all the measures of relief not already obtained."  *Iron Workers*, 68 F.3d at 1507.

Here, Defendant was obligated to make timely contributions to the Fund under the terms of the CBA.  Stipulation, § VI(12).  Defendant failed to do so.  Stipulation, § VI(16).  From July 2002 through March 2004, Defendant had failed to timely contribute, if at all, to the Fund.  The Fund was

forced to initiate legal efforts to recover monies owed to the Fund during that period.  Ultimately, the Fund and Defendant reached a settlement agreement wherein Defendant admitted that it owed delinquent contributions and late charges and paid its debt to the Funds.

The year following the settlement agreement, Defendant renewed its practice of failing to timely contribute to the Fund.  For more than a year, it repeatedly shunned the CBA and paid its contributions sometimes more than two (2) months late.  As an alternative to costly litigation, the Fund attempted to amicably resolve the delinquent payment and late charge issues.  However, for more than a year, Defendant took advantage of the Fund's good graces and continued to pay its contributions late.  Defendant brazenly refused to abide by ERISA § 515, 29 U.S.C. § 1145.

The Fund brought an action to enforce Defendant's obligation to make timely contributions under ERISA § 515.  Because the Fund sought to enforce its rights under ERISA § 5151, the Fund is entitled to statutory damages under ERISA § 502(g), 29 U.S.C. § 1132(g).  The Fund's statutory entitlement to liquidated damages exists irrespective of Employer's ultimate payment of the delinquent contributions.  *See Iron Workers*, 68 F.3d at 1507.  The Court may award damages to the Funds under ERISA § 1132(g) regardless of whether the Fund receives a favorable judgment.  *Iron Workers*, 68 F.3d at 1507.  However, should the Fund receive a favorable judgment, the Court must award damages under ERISA § 1132(g) to the Fund.  *Iron Workers*, 68 F.3d at 1507.

**B.     Allowing Defendant to Avoid Penalties under § 1132(g)(2) by Payment of Delinquent Contributions on the Eve of a Lawsuit Thwarts the Purpose of § 1132(g)(2)**

The purpose of ERISA § 502(g)(2), 29 U.S.C. § 1132(g)(2) is to provide plan fiduciaries with an effective weapon against delinquent employers. *See Benson v. Brower's Moving & Storage, Inc.*, 907 F.2d 310, 314 (2d Cir.) *cert. den.*, 498 U.S. 982, 112 L. Ed. 2d 524, 111 S. Ct. 511 (1990)

("Simply put, benefit plans must be able to rely on the contribution promises of employers because plans must pay out to beneficiaries whether or not employers live up to their obligations."). ERISA's "statutory purpose is to provide for employee benefit plans a greater ability to collect delinquent employer contributions and to compensate funds for the loss of use of delinquent payments and for the costs of collecting delinquencies." *Carpenters Amended & Restated Health Ben. Fund v. John W. Ryan Constr. Co.*, 767 F.2d 1170, 1174 (5th Cir. 1985); *Joyce v. Commercial Masonry*, 2000 U.S. Dist. LEXIS 4159, *6 (D.D.C. 2000). ERISA § 1132(g) was created to counteract "the serious problem created by the 'failure of employers to make promised contribution in a timely fashion[, which] imposes a variety of costs on plans." *Joyce*, 2000 U.S. Dist. LEXIS 4159 at *5 *citing Carpenters*, 767 F.2d at 1174. ERISA's legislative history "indicates that Congress intended that the enforcement provisions should have teeth: the provisions should be liberally construed 'to provide both the Secretary and participants and beneficiaries with broad remedies for redressing or preventing violations of the Act." *Iron Workers*, 68 F.3d at 1506. Allowing delinquent employers to avoid penalties under § 1132 by waiting till the last possible moment to pay their contributions thwarts that purpose. *See Iron Workers*, 68 F.3d at 1508. An award of liquidated damages, in addition to late contributions and interest, is appropriate to punish the defendant and to deter future delinquencies. *Trs. of the Bldg. Serv. 32B-J Health Fund v. Triangle Servs.*, 2006 U.S. Dist. LEXIS 85612, *10 (S.D.N.Y. 2006).

Here, Defendant readily admits that it violated ERISA by failing to abide by the terms of the CBA. *See* Stipulation, §§ VI(13) & (16); ERISA § 515. Defendant's contributions were consistently late. Stipulation, §§ VI(16); *See* Frumkin Decl., Exhs. 5, 7, 9, 10, and 11. Essentially, for more than a year, Defendant received an interest free loan from Plaintiff from the date the

9

contribution was due until Defendant chose a more convenient time to pay. *See* Frumkin Decl., Exhs. 5, 7, 9, 10, and 11. The interest-free loan to Defendant imposed great cost on the Fund. The Fund lost use of the delinquent payments and were forced to pay benefits for its participants and beneficiaries on Defendant's behalf without knowledge of when Defendant opted to pay. The Fund incurred additional costs in the collection of the delinquent contributions. The Fund required staff to send late notices and contacted attorneys to diary delinquencies, draft demand letters, and communicate with opposing counsel in pursuit of the delinquent amounts. *See* Frumkin Decl., Exhs. 5, 7, 8, 9, 10, 11, and 12.

Without a statutory penalty, Defendant had no incentive to pay on time. Defendant waited until the last possible moment before the Fund would commence a lawsuit before it paid its required obligations. By stripping the Fund's ability under ERISA § 1132(g) to enforce Defendant's obligations to timely pay its contributions through the assessment of late charges and attorneys' fees, the Court would thwart the legislative purpose of ERISA § 1132(g).

### C. Delinquent Payments Raise the Specter of Irreparable Harm to the Funds, Participants, and Beneficiaries

The Fund, participants, and beneficiaries would suffer irreparable harm with each delinquent payment if Defendant were allowed to pay late without penalty unless a lawsuit was filed. *Demolition Workers Union, Local 95 v. Mackroyce Contr. Corp.*, 2000 U.S. Dist. LEXIS 3548, 29-30 (S.D.N.Y. 2000) (The actuarial soundness of the fund is threatened and the ability of Union workers to collect their benefits is endangered); *Chartier v. J&f Mgmt. Corp.*, 1992 U.S. Dist. LEXIS 17853, *15-17 (S.D.N.Y. 1992) ("steadily mounting delinquencies [that] threaten to undermine the financial stability of the funds . . . the uninterrupted flow of pension payments . . .

10

actuarial soundness of the funds . . . [and] the threatened termination of benefits such as medical coverage for workers and their families obviously raised the specter of irreparable injury); *Whelan v. Colgan*, 602 F.2d 1060, 1062 (2d Cir. 1979); *Lath Hoisters Local Union No. 838 v. Melen*, 1983 U.S. Dist. LEXIS 17205, 5-6 (S.D.N.Y. 1983) ("The under funding of a benefit fund, coupled with the catastrophic cost of modern medicine, brings about a source of anxiety which is not compensable in money damages."). *See Mingoia v. Crescent Wall Sys.*, 2004 U.S. Dist. LEXIS 16761 (S.D.N.Y. 2004) (Irreparable harm shown where Defendant has failed to make required contributions in the past and there exists a threat of termination of employee benefits if employer contributions are not timely made); *I.B.E.W. Local No. 910 Welfare Annuity, and Pension Funds v. Dexelectrics, Inc.*, 98 F. Supp. 2d 265, 277 (N.D.N.Y. 2000) (Same); *Mason Tenders Dist. Council v. Envirowaste & Transcontractors, Inc.*, 1999 U.S. Dist. LEXIS 8454, *3 (S.D.N.Y. 1999); *Schuck v. Phoenix Service Techs.*, No. 96 Civ. 1575, 1996 WL 705267, *4 (E.D.N.Y. 1996) (Same).  Adjoining circuits have found irreparable harm from delinquent contributions.  *See United Steelworkers of America v. Textron, Inc.*, 836 F.2d 6, 8 (1st Cir. 1987) ("workers would likely suffer emotional distress, concern about potential financial disaster, and possibly deprivation of life's necessities."); *United Steelworkers of America v. Ft. Pitt Steel Casting*, 598 F.2d 1273, 1280 (3d Cir. 1979) (denial of adequate medical care because of lack of insurance).

Here, the Fund, participants, and beneficiaries would suffer irreparable harm with each delinquent contribution if Defendant was allowed to continue its past practice of paying late contributions without penalty.  While Defendant's delinquent contributions may seem minuscule at first glance, each delinquent payment taken in the aggregate threatens the actuarial soundness of

the Fund.[1]  The mounting delinquencies truly jeopardize the Fund's ability to cover monthly payments on behalf of its participants and beneficiaries.  This creates a source of anxiety for the Fund, participants, and beneficiaries.  The Fund is concerned that it will not be able to meet its monthly obligation to the participants and beneficiaries.  The participants and beneficiaries are concerned that, should the Fund be unable to afford the monthly benefit payments, the benefits will be interrupted.  The participants and beneficiaries would then be forced to pay for benefits that they once received at a fraction of the cost through the Fund.  Without a statutory mechanism that enforces Defendant's obligation to timely pay its contributions, the Fund, participants, and beneficiaries will suffer irreparable harm.

For the foregoing reasons, Plaintiff's claim for statutory liquidated damages should be awarded in its entirety.

## POINT III

### PLAINTIFF IS ENTITLED TO AN AWARD OF CONTRACTUAL LIQUIDATED DAMAGES PURSUANT TO THE COLLECTIVELY BARGAINED AGREEMENT BETWEEN THE UNION AND DEFENDANT

### A.  ERISA Does Not Preempt Recovery for Contractual Liquidated Damages

Under ERISA § 502(g), 29 U.S.C. § 1132(g), a fiduciary may bring suit against an employer to enforce the provisions of ERISA § 515, 29 U.S.C. § 1145.  Although an action for payment of

---

[1] Currently, the Fund has several ERISA claims pending in the United States District Court for the Southern District of New York wherein the Fund seeks relief under ERISA § 502(g)(2), 29 U.S.C. § 1132(g)(2), from delinquent employers.  These cases include (1) *Huff et al. v. Cruz Contracting Co.*, Civil Action No. 07 Civ. 0641 (KMK)(LMS); (2) *Huff et al. v. Cservak Enterprises, Inc.*, Civil Action No. 07 Civ. 0638 (KMK)(LMS); (3) *Huff et al. v. McNamee Construction Corp.*, 08-cv-1915 (KMK) (GAY); (4) *Huff et al. v. Mid-Hudson Steel Corp. et. al.*, 07 Civ. 5926 (CLB)(MDF); (5) *Huff et al. v. Realife Land Improvement, Inc.*, 08-cv-1907 (CLB)(GAY); and (6) *Huff et al. v. Rodar Enterprises, Inc.*, 07 Civ. 7083 (CLB)(LMS).  The Fund has seven (7) other ERISA claims that have not entered litigation because the Fund did not want to immediately file a lawsuit at the first delinquent payment in order to preserve its remedies under ERISA.

contractual liquidated damages arises under ERISA, "it is not any particular provision of ERISA itself but rather the federal common law under the statute that provides the rule for decision . . . specifically the common law of contracts." *Textile Workers Pension Fund v. Missbrenner Wet Printing, Inc.*, 2002 U.S. Dist. LEXIS 4627 (S.D.N.Y. 2002) *citing Operating Eng'rs. Local 139 Health Benefit Fund v. Gustafson Constr. Corp.*, 258 F.3d 645, 654-55 (7th Cir. 2001). Accordingly, ERISA does not preempt recovery of contractual liquidated damages for delinquent contributions paid prior to suit. *See Zacher*, 771 F.Supp. at 1332.

Here, Plaintiff is not prohibited from recovering contractual liquidated damages as contained in the CBA and Trust Agreement.

### B.    Plaintiff Is Entitled Contractual Liquidated Damages under § 14(c) of the Trust Agreement

The Trust Agreement provides that Fund is empowered to conduct an audit of Defendant's books and records to determine whether Defendant is in compliance with its obligation to contribute to the Pension Fund. Should the Fund determine that Defendant failed to make timely contributions to the Fund, Defendant is forced to pay as follows:

(a)    Any expenses incurred in the auditing of [Defendant's] books and records[;]

(b)    in the case [that Defendant failed] to make the contributions to the Fund for which it is obligated, . . . the [Fund] may enforce [Defendant]'s obligation, pursuant to ERISA[; and]

(c)    in any matter under subsection (a) [Defendant] shall pay to the Fund –

(i)    the unpaid contributions[;]

(ii)    liquidation damages equal to the greater of –

(A)    the amount of interest at the rate of 10% charged on the unpaid contributions, or

(B)    up to 20% of the unpaid contributions,

(iii)    reasonable attorney's fees, and

(iv)    costs and such other legal or equitable relief as the court deems appropriate if the [Fund brings] an action . . . pursuant to Sections 502 and 515 of ERISA.

Frumkin Decl. as Exh. 2, § 14(a) - (c).

Here, Plaintiff conducted an audit of Defendant's records. Because of the audit, Plaintiff determined that Defendant failed to timely pay contributions for the period from July 2005 through July 2006. In accordance with § 14(b) of the Trust Agreement, the Fund enforced Defendant's obligation to timely contribute to the Fund pursuant to ERISA. Under § 14(c) of the Trust Agreement, the Fund is entitled to liquidated damages, attorneys' fees, costs, and other legal relief that the court deems appropriate.

There exists a typographical error in the Trust Agreement. § 14(c) should refer to §14(b) and not § 14(a). Reference to § 14(a) in § 14(c) is nonsensical and contrary to the intent of the Trust Agreement. *See N.Y.S. Teamsters Conf. Pens. & Retir. Fund v. Syracuse Movers, Inc.*, 2004 U.S. Dist. LEXIS 25692, *19 (N.D.N.Y. Nov. 22, 2004) ("[ERISA] does not require an audit to determine the amount of delinquent contributions."). The only reasonable and logical reading is that when events occur as set forth in § 14(b), *i.e.*, "[i]n the case of an Employer that fails to make the contributions to the Fund," the Employer shall pay to the Fund the liquidated damages set forth in § 14(c).

On March 9, 2007, the Fund's Trustees met to discuss the typographical error. Defendant was invited to the meeting to address the Trustees regarding the error but chose not to attend. The Trustees, including the two (2) employer trustees present to represent Defendant's interests in the matter, agreed that the reference to § 14(a) was a typographical error and should have referenced § 14(b). As such, Plaintiff is entitled to (1) liquidated damages of up to 20% on the unpaid contributions; (2) reasonable attorneys' fees; and (3) costs and such other legal or equitable relief as the court deems appropriate.

**C.     In the Alternative, Plaintiff Is Entitled to Contractual Liquidated Damages under § 14(a) of the Trust Agreement**

The Trust Agreement provides that, in any matter under § 14(a), the Fund is entitled to liquidated damages.  § 14(a) states that Defendant must pay any expenses incurred in the auditing of Defendant's books and records.  During the Fund's auditing of Defendant's books and records, the Fund learned that Defendant had failed to timely pay contributions to the Fund for the period from July 2005 to July 2006.  Since the delinquent contributions are a matter under § 14(a), the Fund is entitled to (1) liquidated damages of up to 20% on the unpaid contributions; (2) reasonable attorneys' fees; and (3) costs and such other legal or equitable relief as the court deems appropriate.

**D.     In the Alternative, Plaintiff Is Entitled to Contractual Liquidated Damages under § 14(b) of the Trust Agreement**

The Trust Agreement provides that, in the case that [Defendant] fails to make the contributions to the Fund for which it is obligated, . . . [Plaintiff] may enforce [Defendant]'s obligation, pursuant to ERISA.  Frumkin Decl, Exh. 2, § 14(b).  Under ERISA § 502(g), 29 U.S.C. § 1132(g), the Fund is entitled to "liquidated damages . . . not in excess of 20 percent . . .", "reasonable attorney's fees and costs of the action, to be paid by the defendant, and . . . such other legal or equitable relief as the court deems appropriate."  ERISA § 502(g)(2)(c) - (e).

Here, the Fund brought an action to enforce Defendant's obligations to timely contribute to the Fund under the CBA.  Since the Fund may enforce the CBA by using remedies available in ERISA, the Fund is entitled to (1) liquidated damages of 20% on the unpaid contributions; (2) reasonable attorneys' fees; and (3) costs and such other legal or equitable relief as the court deems appropriate.

15

## IV. **CONCLUSION**

For the foregoing reasons, the Court should grant Plaintiff's Motion for Summary Judgment

in its entirety in favor of Plaintiff and against Defendant.

Dated: White Plains, New York                         Respectfully submitted,
      March 11, 2008

                                               **SAPIR & FRUMKIN LLP**


                           By:   /s/ William D. Frumkin         
                               William D. Frumkin (WF2173)
                               William F. Cusack III (WC2497)
                               Attorneys for Plaintiff
                               399 Knollwood Road, Suite 310
                               White Plains, New York 10603
                               (914) 328-0366

F:\APPLICAT\WP\TEAMSTER\Watson Services, Inc\June 2007 Complaint\Motion for Summary Judgment\Memorandum.ECF.wpd\rlh

16

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK        )
COUNTY OF WESTCHESTER    )ss.:

RACHEL L. HORTON, being duly sworn, deposes and states as follows:

That deponent is not a party to this action, is over 18 years of age and resides at Hopewell Junction, New York. On the 11th day of March, 2008, your deponent served the within MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT upon:

> Seth H. Borden, Esq.
> Kreitzman Mortensen, & Borden
> 100 Wall Street, 23rd Floor
> New York, New York 10005

the address designated by said attorney for that purpose, by depositing a true copy of same enclosed in a post-paid wrapper, by UPS Next Day Air.

Rachel L. Horton

Sworn to before me this
11th day of March, 2008.

Notary Public

DANIEL T. DRIESEN
Notary Public State of New York
No. 02DR6091375
Qualified in Westchester County
Commission Expires April 28, 20