UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ECF Case

---------------------------------------------------------x

ADRIAN HUFF, as Chairman of the Board of Trustees of
TEAMSTERS LOCAL 445 FREIGHT DIVISION PENSION
FUND and TEAMSTERS LOCAL 445 EDUCATION and
TRAINING FUND,

Civil Action No. 07 Civ. 6033
(KMK)(MDF)

Plaintiff,

DECLARATION OF
WILLIAM D. FRUMKIN,
ESQ., IN SUPPORT OF
PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT

- against -

WATSON SERVICES, INC.,

Defendant.

---------------------------------------------------------x

STATE OF NEW YORK   )
COUNTY OF WESTCHESTER  )ss.:

   **WILLIAM D. FRUMKIN**, an attorney admitted to practice before this Court declares, pursuant to 28 U.S.C. §1746, under penalties of perjury that the following is true and correct:

   1. I am a partner with the law firm of Sapir & Frumkin, LLP, attorneys for plaintiff Adrian Huff, as Chairman of the Board of Trustees of Teamsters Local 445 Construction Division Pension Fund (Plaintiff or the Fund). I am familiar with the facts and circumstances of this matter and submit this Declaration in Support of Plaintiff's Motion for Summary Judgment.

   2. On or about December 10, 2003, defendant Watson Services, Inc. (Defendant) entered into and became a signatory to a collective bargaining agreement (CBA) with the Teamsters Union Local 445, IBT, AFL-CIO (Union). A true and correct copy of the Agreement between Defendant and Teamsters Local 445, IBT, AFL-CIO, PO Box 2097, Newburgh, NY 12550, is attached hereto as Exh. 1.

3. By signing the CBA, Defendant agreed to be bound by the terms and provisions of the Restated Agreement and Declaration of Trust for the Pension Fund, dated June 14, 1988 (Trust Agreement). A true and correct copy of the Restated Agreement and Declaration of Trust for the Pension Fund, dated June 14, 1988, is attached hereto as Exh. 2.

4. The CBA provided, *inter alia*, that Defendant would make timely payment of contributions to the Fund on behalf of Defendant's employees within the bargaining unit represented by the Union.

5. For each monthly contribution, Defendant was responsible for paying the monthly contribution by the 15th of the month following the calendar month in for which contribution was payable.

6. Pursuant to the Trust Agreement, the Fund is empowered to conduct an audit of Defendant's books and records to determine whether Defendant is in compliance with its obligation to contribute to the Pension Fund.

7. If Defendant failed to timely pay the monthly contributions to the Funds by the 15th of the month following the calendar month in for which contributions are payable, the Funds would assess a ten percent charge for the delinquent payment.

8. On or about March 16, 2004, Plaintiff commenced an action against Defendant for payment of delinquent contributions and late charges to the Funds for the period from July 2002 through February 2004 in the total amount of at least $100,836.96. A true and correct copy of the Complaint, dated March 16, 2004, is attached hereto as Exh. 3.

9. On or about July 13, 2004, Frederick Watson, President of Defendant, entered into a settlement agreement regarding the March 16, 2004 Complaint. In the settlement agreement, Mr.

Watson admitted that Defendant owed contributions and late charges for the period from July 2002 through March 2004 in the amount of $106,844.65. A true and correct copy of the settlement agreement, dated July 13, 2004, is attached hereto as Exh. 4.

10. On or about March 13, 2006, the Fund notified Defendant that it was delinquent in payment of its contributions for the period from July 2005 through December 2005. A true and correct copy of correspondence, dated march 13, 2006, is attached hereto as Exh. 5.

11. On or about April 3, 2006, Defendant responded to the Fund's March 13, 2006 letter. A true and correct copy of correspondence, dated April 3, 2006, is attached hereto as Exh. 6.

12. On or about April 4, 2006, the Fund notified Defendant that it was delinquent in its contributions for the period from July 2005 through January 2006. A true and correct copy of correspondence, dated April 4, 2006, is attached hereto as Exh. 7.

13. On or about July 13, 2006, the Fund notified Defendant that Defendant's contributions were repeatedly delinquent. A true and correct copy of correspondence, dated July 13, 2006, from Gregory Hunt, Esq., to Seth Borden, Esq., is attached hereto as Exh. 8.

14. On or about July 31, 2006, the Fund notified Defendant that Defendant's contributions for May 2006 and June 2006 were delinquent. A true and correct copy of correspondence, dated July 31, 2006, from Carmen Hernandez to Defendant, is attached hereto as Exh. 9.

15. On October 2, 2006, the Fund notified Defendant of late charges due for the periods from July 2005 through July 2006. A true and correct copy of correspondence, dated October 2, 2006, from Ms. Hernandez to Defendant, is attached hereto as Exh. 10.

16. Defendant's payment history for contributions due to the Fund from July 2005 through July 2006 was as follows:

| Payment Month | Due Date | Actual Payment Date |
|---|---|---|
| July 2005 | August 15, 2005 | September 19, 2005 |
| August 2005 | September 15, 2005 | October 28, 2005 |
| September 2005 | October 15, 2005 | November 29, 2005 |
| October 2005 | November 15, 2005 | December 22, 2005 |
| November 2005 | December 15, 2005 | February 8, 2006 |
| December 2005 | January 15, 2006 | March 8, 2006 |
| January 2006 | February 15, 2006 | March 28, 2006 |
| February 2006 | March 15, 2006 | May 1, 2006 |
| March 2006 | April 15, 2006 | May 31, 2006 |
| April 2006 | May 15, 2006 | June 30, 2006 |
| May 2006 | June 15, 2006 | August 17, 2006 |
| June 2006 | July 15, 2006 | August 25, 2006 |
| July 2006 | August 15, 2006 | September 20, 2006 |

A true and correct copy of a facsimile, dated March 10, 2008, from Sharon Molinelli to William F. Cusack III, Esq., is attached hereto as Exh. 11.

17. On January 16, 2007, the Fund notified Defendant that, at the Fund's March 9, 2007 Trustees Meeting, the Trustees would address the issue of whether the Fund is entitled to liquidated damages for delinquent payments as identified in Article III, § 14(c) of the Trust Agreement. The Fund invited Defendant to appear at the March 9, 2007 Trustees Meeting. A true and correct copy of correspondence, dated January 16, 2007, from William D. Frumkin, Esq., to Mr. Borden, is attached hereto as Exh. 12.

18. On or about March 9, 2007, Defendant declined the Fund's invitation for Defendant to address the Fund's Trustees at the March 9, 2007 Trustees Meeting. A true and correct copy of correspondence, dated March 9, 2007, from Mr. Borden to Mr. Frumkin, is attached hereto as Exh. 13.

19. On March 9, 2007, the Fund's Trustees met and discussed Defendant's contractual obligations to pay late charges for delinquent contributions in accordance with the CBA. Defendant's interests were represented by two (2) Employer Trustees. The Trustees determined that, in the event that an Employer fails to make contributions to the Fund, the Employer shall pay to the Fund the liquidated damages set for in Article III, § 14(c). A true and correct copy of the relevant portions of the Minutes of The Joint Meeting of the Trustees of Local 45 Welfare Fund and Pension Funds held March 9, 2007, is attached hereto as Exh. 14.

20. In total, Defendant incurred late charges for the time period from July 2005 through July 2006 in the total amount of $15,911.53.

Dated: White Plains, New York
       March 11, 2008

Respectfully submitted,
**SAPIR & FRUMKIN LLP**

By: _____
William D. Frumkin (WF2173)
Attorneys for Plaintiff
399 Knollwood Road, Suite 310
White Plains, New York 10603
(914) 328-0366

F:\APPLICAT\WP\TEAMSTER\Watson Services, Inc\June 2007 Complaint\Motion for Summary Judgment\Decl.Frumkin.wpd\rlh

5

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK            )
COUNTY OF WESTCHESTER        )ss.:

RACHEL L. HORTON, being duly sworn, deposes and states as follows:

That deponent is not a party to this action, is over 18 years of age and resides at Hopewell Junction, New York. On the 11th day of March, 2008, your deponent served the within DECLARATION OF WILLIAM D. FRUMKIN, ESQ., IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT upon:

    Seth H. Borden, Esq.
    Kreitzman Mortensen, & Borden
    100 Wall Street, 23rd Floor
    New York, New York 10005

the address designated by said attorney for that purpose, by depositing a true copy of same enclosed in a post-paid wrapper, by UPS Next Day Air.

/Rachel L. Horton

Sworn to before me this
11th day of March, 2008.

Notary Public

DANIEL T. DRIESEN
Notary Public State of New York
No. 02DR6091375
Qualified in Westchester County
Commission Expires April 28, 20 __11__