Case 7:07-cv-06033-KMK    Document 19-3    Filed 04/21/2008    Page 1 of 5

Exhibit 2

AGREEMENT, made as of the 14th day of June, 1988, amending the Restated Agreement and Declaration of Trust dated as of June 9, 1975, betwen the BROTHERHOOD OF TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN AND HELPERS OF AMERICA LOCAL UNION NO. 445 (hereinafter called the "Union"), and others designated as Employers, Union Trustees and Employer Trustees, respectively.

W I T N E S S E T H:

WHEREAS, the undersigned, constituting the Trustees of the LOCAL 445 PENSION FUND, desire to amend the above-mentioned Restated Agreement and Declaration of Trust, dated as of June 9, 1975, and

WHEREAS, Article VI of said Restated Agreement and Declaration of Trust provides that said Restated Agreement and Declaration of Trust may be amended by an instrument in writing executed the Trustees provided that a copy thereof shall be distributed to the Union and Each Employer.

NOW, THEREFORE, in consideration of the premises, it is hereby agreed as follows:

Effective as of the date hereof, the aforementioned Restated Agreement and Declaration of Trust, dated as of June 9, 1975, is hereby amended as follows:

## ARTICLE III

## THE TRUSTEES

Section 14 - The Trustees shall have the power to require any employer and an employer, when so required, shall furnish to the Trustees such information and reports as they may require in the performance of their duties under this Agreement and Declaration of Trust. The Trustees or any authorized agent or representative of the Trustees shall have the right, at all reasonable times during business hours, to enter upon the premises of employers to examine and copy such of the books, records, papers and reports of said employers as may be necessary to permit the Trustees to determine whether said employers are making full payment to the Trustees of the amounts required by the aforementioned Collective Bargaining Agreement. In addition to any remedies which the Union may have by virtue of any provisions in any Collective Bargaining Agreement with the employer to enforce the payment of the employer contributions to the Fund, the Trustees shall have the power to require any employer who does not make proper and timely contributions as required by its Collective Bargaining Agreement to pay as follows:

    (a)  Any expenses incurred in the auditing of such employer's books and records.

(b) In the case of an Employer that fails to make the contributions to the Fund for which it is obligated, in accordance with the terms and conditions of its obligation, the Trustees may enforce the Employer's obligation, pursuant to ERISA.

(c) In any matter under subsection (a) the Employer shall pay to the Fund --

    (i) the unpaid contributions,

    (ii) liquidation damages equal to the greater of --

        (A) the amount of interest at the rate of 10% charged on the unpaid contributions, or

        (B) up to 20% of the unpaid contributions,

    (iii) reasonable attorney's fees, and

    (iv) costs and such other legal or equitable relief as the court deems appropriate, if the Trustees bring an action on behalf of the Fund pursuant to Sections 502 and 515 of ERISA.

(d) Nothing in this Section shall be construed as a waiver limitation on the Fund's or the Trustees' right to enforce an Employer's contribution obligation in any other type proceeding or economic action.

In all other respects, the aforementioned Restated Agreement and Declaration of Trust made as of June 9, 1975, is hereby ratified, confirmed and continued in full force and effect.

IN WITNESS WHEREOF, The Trustees have executed this Agreement this 14th day of June, 1988.

| UNION TRUSTEES: | EMPLOYER TRUSTEES: |
|---|---|
| *signed* Elmore V. Schueler | *signed* Jack R. Stewart |
| *signed* Michael Margo | Clarence Frankel |
| *signed* John Joiner | *signed* William P. Pierney |
| *signed* William Bowman | John Rubino |
| *signed* James Doorhy | *signed* D. Bruce Kerr |
| *signed* Robert Drexler | Robert L. Hutchinson |

-4-