Exhibit 3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ECF Case

------------------------------------------------------------x

FRED SMIT, as Chairman of the Board of Trustees
of TEAMSTERS LOCAL 445 FREIGHT DIVISION
WELFARE AND PENSION FUNDS and TEAMSTERS
LOCAL 445 EDUCATION AND TRAINING FUND,

Civil Action No.

Plaintiff,

- against -

**COMPLAINT**

WATSON SERVICES, INC.,

Defendant.

------------------------------------------------------------x

PLAINTIFF, FRED SMIT, as Chairman of the Board of Trustees of **TEAMSTERS LOCAL 445 FREIGHT DIVISION WELFARE AND PENSION FUNDS AND TEAMSTERS LOCAL 445 EDUCATION AND TRAINING FUNDS** (hereinafter, collectively, the "Funds"), by his attorneys, **SAPIR & FRUMKIN LLP**, as and for his Complaint, alleges as follows:

### NATURE OF THE CASE

1. This is an action brought by the Funds to collect contributions owed as a result of breach of collective bargaining agreements pursuant to § 301 of the Labor Management Relations Act of 1947, as amended (hereinafter, the "LMRA"), 29 U.S.C. § 185. The Funds also sue pursuant to the Employee Retirement Income Security Act of 1974 (hereinafter, "ERISA"), as amended, 29 U.S.C. § 1001, et seq.

### JURISDICTION

2. This Court has subject matter jurisdiction of the claims brought by the Funds pursuant to §§ 502(e)(1) and (f), and 515 of ERISA, as amended, 29 U.S.C. §§ 1132(e)(1) and (f) and 1145, and § 301 (c) of the LMRA, 29 U.S.C. § 185 (c).

## VENUE

3. The Southern District of New York is the proper venue for the Funds' claims pursuant to § 502 (e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), in that the Funds are administered in Newburgh, Orange County, New York, within this District and for all claims pursuant to § 301 of the LMRA, 29 U.S.C. § 185, because the violation of the collective bargaining agreement, as herein pled, occurred and arose in Newburgh, Orange County, New York, within this District.

## THE PARTIES

4. The Welfare Fund is an "employee welfare benefit plan" and a "multi-employer plan" within the meaning of §§ 3(1) and (37) of ERISA, 29 U.S.C. §§ 1002(1) and (37), and is a jointly administered labor-management trust fund established under § 302 of the LMRA, 29 U.S.C. § 186.

5. The Welfare Fund is a multi-employer employee benefit fund which has standing to sue pursuant to ERISA, 29 U.S.C. § 1132(d)(1).

6. The Pension Fund is an "employee pension benefit plan" and a "multi-employer plan" within the meaning of §§ 3(2)(A) and (37)(A) of ERISA, 29 U.S.C. §§ 1002(2)(A) and (37)(A), and is a jointly administered labor-management trust fund established under § 302 of the LMRA, 29 U.S.C. § 186.

7. The Pension Fund is a multi-employer employee benefit fund which has standing to sue pursuant to ERISA, 29 U.S.C. § 1132(d)(1).

8. The Education and Training Fund is an "employee welfare benefit plan" and a "multi-employer plan" within the meaning of §§ 3(2) and (37) of ERISA, 29 U.S.C. §§ 1002(2) and (37), and is a jointly administered labor-management trust fund established under § 302 of the LMRA, 29 U.S.C. § 186.

9. The Education and Training Fund is a multi-employer employee benefit fund which has standing to sue pursuant to ERISA, 29 U.S.C. § 1132(d)(1).

10. The Funds are third-party beneficiaries under collective bargaining agreements pursuant to § 301 of the LMRA, 29 U.S.C. § 185.

11. The Funds have been established by their respective Declarations of Trust (hereinafter, "Trust Agreements") and pursuant to collective bargaining agreements, entered into between and among Local Union No. 445, International Brotherhood of Teamsters of annexed AFL-CIO (hereinafter, "Local 445" or the "Union") and certain employers and employer associations whose employees are or were covered by one or more collective bargaining agreements.

12. The Funds are maintained and administered in accordance with and pursuant to ERISA, 29 U.S.C. § 1001, et seq., the Trust Agreements, which established the Funds, and also pursuant to the terms and provisions of the collective bargaining agreements.

13. Plaintiff Fred Smit is Chairman of the Funds. The Funds are administered at their offices in Newburgh, Orange County, New York 12550.

14. Upon information and belief, and at all times material hereto, defendant Watson Services, Inc. (hereinafter, "WSI") was and is an "employer" within the meaning of § 501(3) of the LMRA, 29 U.S.C. § 142(3), and § 2(2) of the National Labor Relations Act, as amended, 29 U.S.C. § 152(2), and §3(5) of ERISA, 29 U.S.C. § 1002(5).

15. Upon information and belief, and at all times material hereto, defendant WSI was and is a for-profit foreign business corporation and having its principal place of business in Brooklyn, Kings County, New York 11205, and is authorized to do business in the State of New York.

16. Upon information and belief, and at all times material hereto, defendant WSI maintains an office located at 47 Grand Street, Newburgh, New York 12550.

17. Upon information and belief, and at all times material hereto, defendant WSI conducts business in the State of New York.

18. At all times material, up to this time, defendant WSI entered into collective bargaining agreements (hereinafter, the "Labor Agreements") with the Union. The Labor Agreements and Trust Agreements provide, inter alia, that defendant WSI must make timely payment of contributions to the Funds on behalf of employees of defendant WSI within the bargaining unit represented by Local 445 and shall be subject to a ten percent (10%) late charge on delinquent contributions.

19. Pursuant to the Labor Agreements, which incorporates by reference the Trust Agreements, the Funds are empowered to conduct an audit of defendant WSI's books and records to determine whether the defendant is in compliance with its obligation to contribute to the Funds.

20. Despite the passage of dates on which defendant WSI was required to pay contributions, and despite the Welfare Fund's demands, WSI failed to make payment to the Fund for contributions owed pursuant to the Labor Agreements for the period from July 2002 through September 2003 in the amount of at least $40,905.06.

21. Despite the passage of dates on which defendant WSI was required to pay contributions, and despite the Pension Fund's demands, WSI failed to make payment to the Fund for contributions owed pursuant to the Labor Agreements for the period from October 2003 through February 2004 in the amount of at least $22,750.00.

22. Despite the passage of dates on which defendant WSI was required to pay contributions, and despite the Education and Training Fund's demands, WSI failed to make payment to the Fund for contributions owed pursuant to the Labor Agreement for the period from October 2003 through February 2004 in the amount of at least $4,557.70.

23. Despite the Welfare, Pension and Education and Training Funds' demands, defendant WSI failed to pay late charges in the amount of at least $32,624.20 for the period from September 2002 through February 2004.

24. As a result of the foregoing, plaintiff, on behalf of the Welfare, Pension and Education and Training Funds, has sustained damages as follows:

   (i). delinquent contributions in the total amount of at least $68,212.76 due and unpaid to the Welfare, Pension and Education and Training Funds for the period from July 2002 through February 2004; and

   (ii). late charges in the total amount of at least $32,624.20 for the period from September 2002 through February 2004;

for damages in the total amount of at least $100,836.96 for the period from July 2002 through February 2004.

### AS AND FOR A FIRST CLAIM FOR RELIEF
*Delinquent Contributions Under ERISA § 515*

25. Plaintiff realleges each and every allegation contained in paragraphs "1" through "22" and "24" of this Complaint, as if fully set forth herein.

26. Section 515 of ERISA, 29 U.S.C. § 1145, requires defendant WSI to pay contributions to the Funds in accordance with the terms and conditions of the Labor Agreements between the Union and defendant WSI.

27. Although duly demanded, WSI has failed, neglected and refused to make required Welfare, Pension and Education and Training Fund contribution payments for the period from July 2002 through February 2004.

28. As a result of the foregoing, plaintiff, on behalf of the Welfare, Pension and Education and Training Funds, has sustained damages in the total amount of at least $68,212.76 as of the date of this Complaint, plus such additional amounts, for unpaid Welfare, Pension and Education and Training Fund contributions as have and may come due during the pendency of this action, and has incurred attorney's fees and costs in this action.

29. Pursuant to ERISA, 29 U.S.C. § 1132, and the Labor and Trust Agreements, plaintiff, on behalf of the Welfare, Pension and Education and Training Funds, is entitled to an award of all unpaid Welfare, Pension and Education and Training Fund contributions in the sum of at least $68,212.76, together with interest on the unpaid contributions at the rate set forth in the Labor and Trust Agreements, plus an additional amount equal to the greater of:

    (i) interest on the unpaid contributions; or

    (ii) liquidated damages provided for under the Trust Agreements and Labor Agreement, not in excess of 20% of the amount that is due

together with audit fees, reasonable attorney's fees costs and disbursements incurred.

**AS AND FOR A SECOND CLAIM OF RELIEF**
*Delinquent Contributions Under LMRA § 301*

30. Plaintiff realleges each and every allegation contained in paragraphs "1" through "22" and "24" of this Complaint, as if fully set forth herein.

31. Defendant WSI's refusal and failure to make timely contribution payments to the Welfare, Pension and Education and Training Funds under the Labor Agreements is a violation of § 301 of the LMRA, 29 U.S.C. § 185.

32. As a result of the foregoing, plaintiff, on behalf of the Welfare, Pension and Education and Training Funds, has sustained damages in the amount of at least $68,212.76, as of the date of this Complaint, plus such additional amounts for unpaid contributions as have and may come due during the pendency of this action, plus the reasonable attorney's fees and costs of this action.

### AS AND FOR A THIRD CLAIM OF RELIEF
*Late Charges Under LMRA § 301*

33. Plaintiff realleges each and every allegation contained in paragraphs "1" through "24" of this Complaint, as if fully set forth herein.

34. Pursuant to the Labor Agreements, defendant WSI is required to pay contributions to the Welfare, Pension and Education and Training Funds on or before a certain day of the month following the calendar month for which contributions are payable, a fact of which defendant was and is aware.

35. As a result of defendant WSI's failure to make timely payment of contributions, defendant is responsible for a ten percent (10%) late charge on the unpaid and/or untimely paid contributions.

36. Despite the passage of dates on which defendant WSI was required to pay contributions, and despite the Welfare, Pension and Education and Training Funds' demand therefor, defendant WSI failed to make timely contribution payments to the Funds for the period from September 2002 through February 2004 in violation of § 301 of the LMRA, 29 U.S.C. § 185.

37. As a result of the foregoing, plaintiff has suffered damages of late charges in the total amount of at least $32,624.20 for the period from September 2002 through February 2004 and continuing to the date of trial.

WHEREFORE, plaintiff Fred Smit, as Chairman of the Board of Trustees of Teamsters Local 445 Freight Division Welfare, Pension and Education and Training Funds, requests the following relief:

### ON THE FIRST CLAIM
*Delinquent Contributions Under ERISA § 515*

A. An order requiring defendant WSI to permit and cooperate in the conduct of a complete audit of its books and records for the period from April 2003 to the present;

B. A judgment against defendant WSI in favor of plaintiff in the amount of at least $68,212.76 for all contributions due and unpaid to the Welfare, Pension and Education and Training Funds for the period from July 2002 through February 2004, plus such additional amounts for unpaid Welfare, Pension and Education and Training Fund contributions and late charges as have and may come due in accordance with defendant WSI's obligations under the Labor Agreements and any subsequent Labor Agreements and Trust Agreements;

C. Damages for unpaid Welfare, Pension and Education and Training Fund contributions as have and may hereafter come due in accordance with defendant WSI's obligations under the Labor Agreements and any subsequent Labor Agreements and Trust Agreements, together with interest thereon from the date such contributions are due;

D. Interest at the rate of ten percent (10%) per annum on all amounts for Welfare, Pension and Education and Training Fund contributions due and unpaid or liquidated damages equal to 20% of all amounts due and unpaid, whichever is greater, all as provided in 29 U.S.C. § 1132(g)(2) and the Labor Agreements;

E. That this Court retain jurisdiction over this action to supervise enforcement of any money judgment resulting from the complete audit ordered and any further supplemental proceedings against defendant WSI; and

F. That plaintiff be awarded costs incurred in this matter, including but not limited to, auditing fees, attorney's fees and court costs incurred in the prosecution of this action.

## ON THE SECOND CLAIM
*Delinquent Contributions Under LMRA § 301*

G. An order requiring the defendant WSI to permit and cooperate in the conduct of a complete audit of its books and records for the period April 2003 to the present;

H. A judgment against defendant WSI in favor of plaintiff in the amount of at least $68,212.76 for all contributions due and unpaid to the Welfare, Pension and Education and Training Funds for the period from July 2002 through February 2004, plus such additional amounts for unpaid Welfare, Pension and Education and Training Fund contributions as have and may come due in accordance with defendant WSI's obligations under the Labor Agreements and any subsequent Labor Agreements and Trust Agreements, together with interest thereon from the date due; and

I. That plaintiff be awarded costs incurred in this matter, including but not limited to, auditing fees, attorney's fees and court costs incurred in the prosecution of this action.

## ON THE THIRD CLAIM
*Late Charges Under LMRA §301*

J. For all late payment charges due and unpaid to the Welfare, Pension and Education and Training Funds in the amount of at least $32,624.20 for the period from September 2002 through February 2004, plus such additional amounts for unpaid late charges as have and may come due in accordance with defendant WSI's obligations under the Labor Agreements and any subsequent Labor Agreements and Trust Agreements; and

K.  That plaintiff be awarded costs incurred in this matter, including but not limited to, attorney's fees and court costs incurred in the prosecution of this action.

### ON ALL CLAIMS

L.  Damages for unpaid contributions and late charges as may hereafter come due during pendency of this action, plus such additional amounts for unpaid Welfare, Pension and Education and Training Fund contributions and late charges as have and may come due in accordance with defendant WSI's obligations under the Labor Agreements and any subsequent Labor Agreements and Trust Agreements, together with interest thereon from the date due;

M.  An order requiring defendant WSI to make all contribution payments and to supply all required information to the Welfare, Pension and Education and Training Funds in accordance with defendant's obligations under the Labor Agreements and the Trust Agreements; and

N.  That this Court grant plaintiff such other and further relief as it may deem just and proper.

Dated: White Plains, New York
       March 15, 2004

Respectfully submitted,

SAPIR & FRUMKIN LLP

By: _____
William D. Frumkin (WF 2173)
Attorneys for Plaintiff Fred Smit, as Chm. of
The Bd. of Trustees of Teamsters Local 445
Freight Div. Welfare and Pension Funds and
Teamsters Local 445 Ed. and Training Fund
399 Knollwood Road, Suite 310
White Plains, New York 10603
Tel. No.: (914) 328-0366

F:\APPLICAT\WP\TEAMSTER\Watson Services, Inc\Complaint.02.04.wpd\dp