Exhibit 4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

FRED SMIT, as Chairman of the Board of Trustees of          04 Civ. 2032 (CLB)
TEAMSTERS LOCAL 445 FREIGHT DIVISION
WELFARE AND PENSION FUNDS and TEAMSTERS
LOCAL 445 EDUCATION AND TRAINING FUND,

                              Plaintiff,          **STIPULATION OF
                                                  SETTLEMENT**

- against -

WATSON SERVICES, INC.,

                              Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

*WHEREAS,* on or about March 16, 2004, plaintiff, Fred Smit, as Chairman of the

Board of Trustees of Teamsters Local 445 Freight Division Welfare and Pension Funds and

Teamsters Local 445 Education and Training Fund (hereinafter, collectively, the "Funds"), filed this

action against defendant, Watson Services, Inc. (hereinafter, "WSI"), for collection of delinquent

contributions, late charges, interest, liquidated damages, attorney's fees and costs under the

Employee Retirement Income Security Act (1974), 29 U.S.C. § 1001, *et seq.*, and the Labor

Management Relations Act (1947), 29 U.S.C. § 301;

*WHEREAS,* on or about March 31, 2004, defendant WSI was properly served with the

Summons and Complaint;

*WHEREAS*, on or about April 16, 2004, defendant WSI served its answer to the Complaint;

*WHEREAS,* plaintiff the Funds and defendant WSI have effectuated settlement of this

action, as set forth in a fully-executed Settlement Agreement, with annexed exhibits, which is

annexed hereto as Exhibit "1;"

*NOW, THEREFORE,* the parties submit the annexed Settlement Agreement with annexed

exhibits to be "so ordered" by this Court.

Facsimile signatures shall be considered original signatures for purposes of this Stipulation,

only.

Dated: White Plains, New York
      July 22, 2004.

**SAPIR & FRUMKIN LLP**

By: _____
    Kellie Terese Walker (KW 5981)
    Attorneys for Plaintiff
    399 Knollwood Road, Suite 310
    White Plains, New York 10603
    Office Tel.: (914) 328-0366
    Facsimile:  (914) 682-9128

**DATED:**

Dated: New York, New York
      July __, 2004.

**KREITZMAN, MORTENSEN,
SIMON & IRGANG**

By: _____

    Seth H. Borden (SB 4583)
    Attorneys for Defendant
    114 East 32nd Street, Suite 1000
    New York, New York 10016
    Office Tel.: (212) 252-9050
    Facsimile:  (212) 252-9310

**SO ORDERED:**

_____
Hon. Charles L. Brieant, U.S.D.J.

F:\APPLICAT\WP\TEAMSTER\Watson Services, Inc\Stip.of.Sett.wpd\dp

2

**Exhibit 1**

## *SETTLEMENT AGREEMENT*

*THIS SETTLEMENT AGREEMENT* (the "Agreement"), executed this __ day of June, 2004, by and between Fred Smit, as Chairman of the Board of Trustees of Teamsters Local 445 Freight Division Welfare and Pension Funds and Teamsters Local 445 Education and Training Fund (collectively, the "Funds") and Watson Services, Inc. ("WSI").

## *W I T N E S S E T H :*

*WHEREAS,* WSI is signatory to a Collective Bargaining Agreement (effective through September 30, 2006) entered into by and between Local Union No. 445, International Brotherhood of Teamsters, AFL-CIO ("Local 445, I.B.T.") and WSI;

*WHEREAS,* on March 16, 2004, the Funds filed suit against WSI for collection of delinquent contributions, late charges, interest, liquidated damages, attorney's fees and costs under the Employee Retirement Income Security Act (1974), 29 U.S.C. § 1001, et seq., and the Labor Management Relations Act (1947), 29 U.S.C. § 301, in the United States District Court for the Southern District of New York, styled *Fred Smit, as Chairman of the Board of Trustees of Teamsters Local 445 Freight Division Welfare and Pension Funds and Teamsters Local 445 Education and Training Fund v. Watson Services Inc.,* 04 Civ. 2032 (CLB)(S.D.N.Y.);

*WHEREAS,* WSI acknowledges it's failure to pay employee fringe benefit contributions ("contributions") and late charges on the delinquent contributions owed to the Funds for the period from July 2002 through March 2004 in the total amount of $106,844.65;

*WHEREAS,* WSI acknowledges and agrees that the Funds would have not entered into this settlement without its agreement to execute a Corporate Affidavit of Confession of Judgment, as set forth in paragraph 3 and annexed hereto as Exhibit "A;"

*WHEREAS,* WSI has, voluntarily and without coercion, entered into this Agreement and, voluntarily and without coercion, executed the Confession of Judgment for valuable consideration and in order to induce the Funds to enter into this Agreement with WSI; and

*WHEREAS,* the parties desire to resolve the payment of these delinquent contributions without the need to resort to further litigation;

*NOW, THEREFORE,* it is hereby mutually agreed by and between the parties as follows:

1.     *Payment Plan.* WSI acknowledges that it owes the Funds contributions and late charges for the period from July 2002 through March 2004 in the amount of One Hundred-Six Thousand, Eight Hundred and Forty-Four Dollars and 65/00 ($106,844.65) and that it agrees to pay, in full satisfaction of this amount, nine (9) consecutive monthly installment payments, as follows:

a.  *Initial Installment Payment.* WSI agrees pay the first
    monthly installment in the amount of $35,000 by
    cashier's, bank or certified check made payable to
    "Local 445 Welfare Fund." WSI's payment must be
    received by Sapir & Frumkin LLP, attorneys for the
    Funds, on or before July 15, 2004.

b.  *Remainder Installment Payments*: WSI agrees to pay
    the total remaining settlement amount of $59,145.15,
    plus interest at the rate of nine percent (9%) per
    annum to be applied to the declining balance of the
    settlement amount payable in eight (8) consecutive
    monthly installments, each in the amount of
    $7,394.27, by check made payable to "Local 445
    Welfare Fund." WSI's payment must be received by
    Sapir & Frumkin LLP, attorneys for the Funds, on or
    before the 15th business day, excluding federal or state
    holidays, of each consecutive month thereafter.

c.  *Delivery of Payments.* WSI shall pay these nine (9)
    consecutive monthly installment payments, as agreed
    to herein. Payments shall be mailed to:

    **Sapir & Frumkin LLP**
    **399 Knollwood Road, Suite 310**
    **White Plains, New York 10603**

    **Att.: William D. Frumkin, Esq.**

    for receipt on or before the date that the monthly
    installment payment is due. Payment is credited on
    the date the check for payment clears. If a check
    submitted by WSI is not honored for payment by the
    Funds' bank, WSI will be considered in default of this
    Agreement as more fully set forth in paragraph 5,
    herein.

d.  In addition to the payments agreed to in paragraph 1,
    WSI is obligated to make payments for current
    contributions as they become due and owing to the
    Funds and must remain current for the period
    **beginning on the date this Agreement is executed**

2

by WSI through work week ending February 19,
2005, pursuant to and as provided for in the Collective
Bargaining Agreement and any subsequent and/or
modified Collective Bargaining Agreements or other
labor agreements, including but not limited to
Memoranda of Agreement (collectively referred to
herein as "labor agreements"), entered into by and
between WSI and Local 445, I.B.T.

e.    In the event WSI fails to make timely payment of
contributions up to and including February 19, 2005
or should a check submitted by WSI to the Funds for
payment of contributions owed through February 19,
2005 not be honored for payment by the Funds' bank,
WSI will be considered in default of this Agreement
as more fully set forth under paragraph 5, herein.

Further, in the event that any payment of contributions
submitted by WSI to the Funds which are received
and accepted by the Funds from WSI after the date
upon which the payment is due under the terms of any
labor agreement(s) wherein WSI is obligated to make
contributions to the Funds, the contribution amounts
owed to the Funds shall be subject to late charges in
the amount of not less than ten percent (10%) for each
period of delinquency as provided for in the labor
agreement(s).

f.    The payment provisions described within this
Agreement are not intended, nor shall they be
construed, to limit or modify, in any way, WSI's
contractual obligations pursuant to the labor
agreement(s) by and between WSI and Local 445,
I.B.T.

2.    *Jurisdiction and Venue.* The parties agree to submit to the jurisdiction of the
Supreme Court of the State of New York, Orange County and agree that such court is the proper
venue in the event of the Funds' commencement of an action or proceeding against WSI for non-
payment of past due and/or current contributions and late charges on those contributions as stated
herein, plus interest, costs and reasonable attorney's fees, less credit for any payments received by
the Funds pursuant to this Agreement.

3

3.    *Corporate Affidavit of Confession of Judgment.* WSI has executed a Corporate Affidavit of Confession of Judgment and thereby agrees to confess judgment for any and all amounts due to the Funds and resulting from it's failure to comply with this Agreement, in whole or in part, including WSI's obligation to pay any or all payments as provided in paragraph 1, including current contributions and late charges, plus interest, costs and reasonable attorney's fees, less credit for payments received by the Funds pursuant to this Agreement. The fully-executed Corporate Affidavit of Confession of Judgment is annexed hereto as Exhibit "A."

4.    *Return of Corporate Affidavit of Confession of Judgment.* The law firm of Sapir & Frumkin LLP, on behalf of the Funds, agrees to hold the Corporate Affidavit of Confession of Judgment, annexed hereto as Exhibit "A," in escrow until **March 15, 2005**, provided that WSI has completely fulfilled all payment obligations, as more fully described in paragraph 1. Upon WSI's fulfillment of all obligations herein, the law firm of Sapir & Frumkin LLP shall return the original Corporate Affidavit of Confession of Judgment via first class mail to:

> Seth H. Borden, Esq.
> Kreitzman, Mortensen, Simon & Irgang
> 114 East 32nd Street, Suite 1000
> New York, New York 10016

or, upon written notification from Mr. Borden, on behalf of WSI, or WSI itself by it's authorized representative, received by the law firm of Sapir & Frumkin LLP, to any other address specified by WSI.

5.    *Default.* Under this agreement, default is defined as (i) WSI's failure to tender any and all payments pursuant to paragraph 1; (ii) WSI's failure to comply with any of the terms and conditions as set forth in this Agreement; or (iii) the dishonor of any check tendered as payment made by WSI to the Funds pursuant to paragraph 1. In the event of default, the Funds will notify WSI of the default, in writing, via certified mail, return receipt requested, first-class mail and facsimile transmission to:

Seth H. Borden, Esq.
Kreitzman, Mortensen, Simon & Irgang
114 East 32nd Street, Suite 1000
New York, New York 10016
Facsimile No. (212) 252-9310

Mr. Frederick Watson, President
Watson Services, Inc.
47 Grand Street
P.O. Box 2428
Newburgh, New York 12550
Facsimile No. (845) 561-6450

WSI shall have **seven (7) calendar days** from the date of written notice of the default within which to cure such default by delivering to the law firm of Sapir & Frumkin LLP a **certified check** in the amount of the payment then due and owing to the Funds, or providing proof that it has satisfied the condition upon which it has defaulted. If the default is not cured within seven (7) calendar days from the date of written notice, the Funds shall have the right to file the Corporate Affidavit of Confession

4

of Judgment against WSI for the past due and/or current contributions and late charges owed and to execute on them in accordance with their terms and without further notice to WSI.

6.    *Releases:* The parties have agreed to exchange the following mutual releases:

a.    Except as provided for herein and in exchange for the promises made by WSI in this Agreement and upon collection of all payments described in paragraph 1 and completion of all of the conditions provided herein, the Funds agree to release WSI, its subsidiaries, affiliates, predecessors, successors, assigns, officers, directors, employees and shareholders, past, present and future, and each of them from any and all actions, complaints, causes of action, claims, promises, obligations, losses, demands, damages, expenses, fees, attorney's fees or costs and any and all liabilities relating to the contributions due and owed herein.

b.    In exchange for the promises made by the Funds in this Agreement and upon collection of all payments described in paragraph 1 and completion of all of the conditions provided herein, WSI agrees to release the Funds, its affiliates, predecessors, successors, assigns, Trustees, officers, directors, employees and members, past, present and future, and each of them from any and all actions, complaints, causes of action, claims, promises, obligations, losses, demands, damages, expenses, fees, attorney's fees or costs and any and all liabilities relating to the contributions due and owed herein.

7.    *Accord and Satisfaction.* Each party has entered into this Agreement after negotiation in good faith and warrants that it has negotiated this Agreement in good faith.

8.    *Warranties.* The undersigned parties warrant and represent that they are authorized by their respective principals to execute and, when applicable, bind their respective principals to the terms and conditions of this Agreement.

9.    *Counterparts.* This Agreement may be signed in counterparts.

10.    *Merger.* This Agreement and its Exhibits contain all the terms and conditions agreed upon by the parties. This Agreement cannot be altered, amended or modified except by a written agreement signed by each of the parties.

11.    *Governing Law.* This Agreement shall be subject to, governed by and construed pursuant to the Laws of the State of New York.

12.    *Facsimile Signatures.* This Agreement may be executed in counter part by facsimile, each of which shall be deemed an original, all of which constitute one and the same document, and this Agreement may be filed as such, with the original, signed Agreement to be filed with the Court within five (5) business days therefrom.

5

*IN WITNESS WHEREOF*, and intending to be legally bound hereby, the parties have executed the foregoing Settlement Agreement.

**TEAMSTERS LOCAL 445 FREIGHT DIVISION WELFARE AND PENSION FUNDS**

**TEAMSTERS LOCAL 445 EDUCATION AND TRAINING FUND**

Date: _July 13, 2004_

By: _____

Fred Smit, Chairman

STATE OF NEW YORK )
COUNTY OF ORANGE )ss.:

On the 13th day of July, 2004, before me personally came and appeared Fred Smit, to me and known to me to be the individual described herein and who executed the foregoing instrument, and who duly acknowledged that he executed the same.

_Teresa L. Kurta_

Notary Public

TERESA L. KURTA
Notary Public, State of New York
No. 4904722
Qualified in Orange County
Commission Expires 4-4-06

6

WATSON SERVICES, INC.

Date: July 13, 2004

By: FREDERICK A. WATSON, President

STATE OF   NEW YORK   )
COUNTY OF   ORANGE         )ss.:

On the 13th day of July, 2004, before me Valerie D. Ward personally came FREDERICK A. WATSON, to me known, who, by me duly sworn, did depose and say that deponent WATSON SERVICES, INC. has its principal place of business at 47 Grand Street Newburgh, NY 12550 [must insert street address, city/town, state and zip code], that deponent is the President of WATSON SERVICES, INC., the corporation described herein, and which executed the foregoing SETTLEMENT AGREEMENT, that deponent knows the seal of the corporation, that the seal affixed to the SETTLEMENT AGREEMENT is the corporate seal, that it was affixed by order of the board of the corporation, and that deponent signed deponent's name by like order.

Notary Public

VALERIE D. WARD
Notary Public, State of New York
No. 01WA5040165
Qualified in Dutchess County
Commission Expires March 14, 2007

C:\Documents and Settings\wardval\Local Settings\Temporary Internet Files\OLKF8\Sett.signature.p..wpd

**Exhibit A**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

FRED SMIT, as Chairman of the Board of Trustees of
TEAMSTERS LOCAL 445 FREIGHT DIVISION
WELFARE AND PENSION FUNDS and TEAMSTERS
LOCAL 445 EDUCATION AND TRAINING FUND,

Plaintiff,

- against -

**CORPORATE AFFIDAVIT
OF CONFESSION OF
JUDGMENT**

WATSON SERVICES, INC.,

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

STATE OF   **NEW YORK**   )
COUNTY OF   **ORANGE**   )ss.:

**FREDERICK A. WATSON,** being sworn, deposes and says:

1.      I am the President of WATSON SERVICES, INC. ("WSI"), a **New Jersey** corporation having its principal office at **47 Grand Street, Newburgh, NY 12550**          .

I am authorized to make this Corporate Affidavit of Confession of Judgment ("Affidavit") on behalf of WSI.

2.      By this Affidavit, I confess and authorize judgment in favor of Local 445 Freight Division Welfare and Pension Funds and Teamsters Local 445 Education and Training Fund (collectively, the "Funds") and against WSI in the sum of $106,844.65 for past due employee fringe benefit contributions ("contributions") and late payment charges which I acknowledge are due and owing by WSI to the Funds. Further, on behalf of WSI, I acknowledge that this amount relates to

WSI's obligation to pay contributions and late payment charges due and owing to the Funds for the period from period from July 2002 through March 2004, pursuant to a collective bargaining agreement ("Labor Agreement")(effective through September 30, 2006) entered into by and between Local Union No. 445, International Brotherhood of Teamsters, AFL-CIO ("Local 445, I.B.T") and WSI, of which the Funds are third-party beneficiaries, less any amounts tendered and collected by the Funds, plus interest at the rate of nine percent (9%) per annum on the unpaid balance and the costs and disbursements of this action pursuant to New York Civil Practice Law and Rule 3215, plus reasonable attorney's fees incurred by the Funds from the date of execution of the Settlement Agreement, to which this Affidavit is annexed, to the date of satisfaction of judgment.

3.      This Affidavit is for a debt justly due and owing by WSI to the Funds for contributions pursuant to the Labor Agreement entered into by and between WSI and Local 445, I.B.T. Further, this Affidavit is made upon good and valuable consideration, the sufficiency of which I acknowledge on behalf of WSI, including, without limitation, the terms and provisions of the Settlement Agreement, to which this Affidavit is annexed.

4.      On behalf of WSI, I further confess and authorize judgment against WSI for contributions and late charges that become due and owing to the Funds for the period beginning on the date I execute this Affidavit through work week ending February 19, 2005, pursuant to the Labor Agreement and any subsequent and/or modified labor agreement(s) entered into by and between WSI and Local 445, I.B.T., less any amounts tendered and collected, plus interest at the rate of nine percent (9%) per annum on the unpaid balance and the costs and disbursements of this action, plus reasonable attorney's fees incurred by the Funds from the date of execution of the Settlement Agreement, to which this Agreement is annexed, to the date of satisfaction of judgment.

2

5. I waive any and all claims or defenses that WSI may have to the validity or enforceability of this Affidavit and its entry against WSI in the Supreme Court of the State of New York, Orange County.

6. On behalf of WSI, I consent, to entry of judgment against WSI in the Supreme Court of the State of New York, Orange County.

**WATSON SERVICES, INC.**

By: Frederick A. Watson, President

STATE OF **NEW YORK**    )
COUNTY OF **ORANGE**    )ss.:

On the 13th day of July, 2004, before me **Valerie D. Ward** personally came Frederick A. Watson, to me known, who, by me duly sworn, did depose and say that deponent WATSON SERVICES, INC., has its principal place of business located at **47 Grand Street Newburgh, NY 12550** [must insert street address, city/town, state and zip code], that deponent is the President of WATSON SERVICES, INC., the corporation described herein, and which executed the foregoing SETTLEMENT AGREEMENT, that deponent knows the seal of the corporation, that the seal affixed to the SETTLEMENT AGREEMENT is the corporate seal, that it was affixed by order of the board of the corporation, and that deponent signed deponent's name by like order.

Notary Public

U:\WARDVAL\Fred\AGREEMEN\Corp.Aff.Confess.wpd

VALERIE D. WARD
Notary Public, State of New York
No. 01WA5040165
Qualified in Dutchess County
Commission Expires March ___, 20___