Exhibit 8

## SAPIR & FRUMKIN LLP

ATTORNEYS AT LAW

399 KNOLLWOOD ROAD, SUITE 310

WHITE PLAINS, NEW YORK 10603

WRITER'S E-MAIL: GHunt@sapirfrumkin.com

DONALD L. SAPIR
WILLIAM D. FRUMKIN*

DANIEL T. DRIESEN△
KATHRYN E. WHITE**
EMILY A. ROSCIA
CRISTINA A. FAHRBACH**
GREGORY HUNT

*ADMITTED IN N.Y. & CT.
**ADMITTED IN N.Y. & N.J.
△ADMITTED IN N.Y. & MA.

TEL: (914) 328-0366
FAX: (914) 682-9128

PARALEGAL
RACHEL L. HORTON

July 13, 2006

*Via UPS Next Day Air*

Seth H. Borden, Esq.
Kreitzman, Mortensen, Simon & Irgang
114 East 32nd Street, Suite 1000
New York, New York 10016

Re: *Teamsters Local 445 Freight Division Pension Fund and Teamsters Local 445 Education and Training Fund v. Watson Services, Inc.*
Our File No. 04-7501

Dear Mr. Borden:

As you know we represent Teamsters Local 445 Freight Division Pension Fund and Teamsters Local 445 Education and Training Fund (individually the "Pension Fund," or "Education and Training Fund;" or, collectively, the "Funds"). Your letter of April 3, 2006 was referred to me for a response. Carmen Hernandez of the Funds previously notified Watson Services, Inc. ("WSI") on separate occasions that WSI owed delinquent Pension and Education and Training Funds employee fringe benefit contributions ("contributions") for July 2005 through April 2006 and, as a result, the Funds were assessing a ten percent (10%) late charge against WSI's untimely remitted contributions. In your letter, you did not dispute that WSI untimely remitted the contributions to the Funds. Rather, you stated, *inter alia*, that WSI does not believe that it "owes the [late] fees claimed by the Fund[s] . . . ." Further, WSI requests from the Funds "any explanation . . . that the relevant contributions are due on the 10th of the month, and that the Fund[s are] privileged to assess 'late-charges' . . . ." against WSI's untimely remitted contributions.

Please be advised that pursuant to the Pension Fund's Restated Trust Agreement and Declaration of Trust dated June 14, 1988 ("Restated Trust Agreement"), and WSI's Collective

Seth Borden, Esq. -2- July 13, 2006
Kreitzman, Mortensen, Simon & Irgang

Bargaining Agreement dated October 1, 2003 ("CBA") with Teamsters Local 445 Union, the Funds are authorized to assess a ten percent (10%) late charge against WSI's untimely remitted contributions. Specifically, Section 14 of the Restated Trust Agreement states, *inter alia*, that the Pension Fund "shall have the power to require any employer who does not make proper and timely contributions as required by its Collective Bargaining Agreement to pay . . . the amount of interest at the rate of 10% on unpaid contributions . . . ." In addition, Article 23 of the CBA states, *inter alia*, that WSI "agrees to be bound by the terms and provisions of the [Restated Trust] Agreement . . . , and become a party thereto." With respect to the Education and Training Fund, Schedule B of the CBA, states, *inter alia*, that in "the event of failure of [WSI] to make contributions [to the Education and Training Fund, WSI] shall be responsible for . . . a ten percent (10%) late penalty charge . . . on the amount of unpaid contributions due." Finally, the CBA requires WSI to remit pension contributions by "the 15th day of the month following the calendar month for which contributions are payable" and education and training contributions by "the 15th day of the following month for the preceding month." Even though Ms. Hernandez's notices to WSI stated, *inter alia*, that WSI's contributions "are due by the 10th of month," we need not reconcile this discrepancy, because WSI remitted contributions to the Funds for July 2005 through April 2006 well after the 15th day of the month when due. Indeed, WSI was no less than one calendar month late in remitting such contributions. Please note that as of the date of this letter WSI has not remitted its May 2006 contributions to the Funds, and, as a result, such contributions are now overdue. A late charge shall be assessed against WSI's May 2006 overdue contributions.

Accordingly, based on an internal audit, WSI owes late charges for untimely remitted contributions to the Funds for July 2005 through April 2006 in the amount of: $ 14,235.13. Thus, consider the following:

**Late Charges Assessed Against Late Contribution Payments**

| Date | Contribution Payment Due | Contribution Payment Received | 10% Late Charge ||
|---|---|---|---|---|
| | | | Pension | Educ./Training |
| Jul 2005 | Aug 15, 2005 | Sep 18, 2005 | $ 1,138.26 | $ 206.96 |
| Aug 2005 | Sept 15, 2005 | Oct 28, 2005 | $ 890.62 | $ 161.93 |
| Sept 2005 | Oct 15, 2005 | Nov 30, 2005 | $ 1,538.29 | $ 279.69 |
| Oct 2005 | Nov 15, 2005 | Dec 22, 2005 | $ 1,001.23 | $ 143.03 |
| Nov 2005 | Dec 15, 2005 | Feb 2, 2006 | $ 1,271.21 | $ 181.60 |
| Dec 2005 | Jan 15, 2006 | Mar 8, 2006 | $ 1,356.02 | $ 193.71 |
| Jan 2006 | Feb 15, 2006 | Mar 27, 2006 | $ 1,183.08 | $ 169.01 |

Seth Borden, Esq.                 -3-                 July 13, 2006
Kreitzman, Mortensen, Simon & Irgang

| Feb 2006 | Mar 15, 2006 | May 1, 2006  | $ 1,261.69  | $ 180.24   |
| -------- | ------------ | ------------ | ----------- | ---------- |
| Mar 2006 | Apr 15, 2006 | May 31, 2006 | $ 1,408.91  | $ 201.27   |
| Apr 2006 | May 15, 2006 | Jun 30, 2006 | $ 1,284.84  | $ 183.54   |
| **Subtotal** |          |              | **$ 12,334.15** | **$ 1,900.98** |

Upon receipt of this letter, please submit two certified checks to Sapir & Frumkin LLP, the first certified check made payable to "Local 445 Pension Fund" in the amount of **$12,334.15**, and the second certified check made payable to "Local 445 Education and Training Fund" in the amount of **$1,900.98**. Also, please have WSI remit its May 2006 contributions to the Funds immediately, as they are now one calendar month overdue.

We will diary this letter for seven (7) days in which to receive your payment or to be contacted concerning a payment plan. If we do not hear from WSI by July 26, 2006, we will advise our client to pursue other legal remedies in order to collect this deficiency, including litigation in federal court where Local 445 Funds will seek any delinquent amount owed, interest, liquidated damages, and reasonable attorneys' fees, without further notice from our office to WSI. We rely on your prompt response to resolve this matter.

Please contact me if you have any questions.

Very truly yours,

Gregory Hunt

GH:aa
Encls.

cc:     Douglas L. McCauley, Fund Chairman (Via facsimile transmission, w/out encls.)
        Sharon Molinelli, Fund Administrator (Via facsimile transmission, w/out encls.)
        David Kramer, Esq. (Via hand delivery, w/out encls.)

F:\APPLICAT\WP\TEAMSTER\Watson Services, Inc\Letters\I-Borden Late Charges.07.13.06.wpd:dp