Exhibit 14

Minutes of the Joint Meeting of the Trustees of Local 445 Welfare and Pension Funds held March 9, 2007 at the Office of the Funds, Newburgh, New York

**PRESENT:**

| **Employer Trustees** | **Union Trustees** |
|---|---|
| Karl Augustin | Douglas L. McCauley |
| Joseph Anginoli | Adrian Huff |
| | Robert Carroll |

Also Present: Sapir & Frumkin LLP
           By:   Donald L. Sapir, Esq. and William D. Frumkin, Co-Counsel
           David Kramer, Co-Counsel

Milliman USA, Welfare Consultant
By:   James E. Conlon, Jr., F.S.A., MAAA

Summit Actuarial Services, LLC, Pension Consultant
By:   Ludwig H. Bach, Managing Director
       Frank Iannuci, Senior Actuary

Fund Office
By:   Sharon Molinelli, Fund Administrator

Moore Stephens, P.C., Accountants
By:   Patrick M. Trombetta, C.P.A.

Wachovia Securities, Inc., Investment Consultant
By:   Michael C. Chrys, Senior Vice President - Investments

### General (Both Funds)

The Meeting was called to order at 10:10 a.m. by Douglas L. McCauley, who acted as Chairman.

# REDACTED

B.   Mr. Frumkin pointed out to the Trustees that Watson disputes the payment of a ten percent (10%) penalty for delinquent contributions based upon its reading of a 1988 amendment to the Restatement of the Trust Agreement. Pursuant to the 1988 Amendment, Section 14 of the Restatement provides authority to the Trustees to collect from employers, *inter alia*, unpaid contributions and liquidated damages equal to the greater of: the amount of interest at the rate of 10% charges to the unpaid contributions or up to 20% of the unpaid contributions. Art. III, § 14(c). WSI argues that these liquidated damages are not applicable to WSI's unpaid contributions because subsection (c) refers only to "any matter under subsection (a)." Section 14, subsection (a) provides that the Trustees have the power to require payment for "[a]ny expenses incurred in the auditing of such employer's books and records" from any Employer that does not make proper and timely contributions. Mr. Frumkin pointed out that the Funds contend that it is clear that where subsection (c) refers to "any matter under subsection (a)," it should have stated "any matter under subsection (b)." Reference to subsection (a) is nonsensical and contrary to the intent of the document. The only reasonable and logical reading is that when events occur as set forth in subsection (b), i.e., "[i]n the case of an Employer that fails to make the contributions to the Fund," the Employer shall pay to the Fund the liquidated damages set forth in subsection (c). Upon motion duly made and seconded, the Trustees unanimously

*Directed the Fund Administrator to correct the typographical error in the 1988 Amendment of the Restatement of Trust, Section 14, Subsection (c) so that the reference to "any matter under subsection (a)" should be "any matter under subsection (b)."*

**REDACTED**

REDACTED

| **Employer Trustees** | **Union Trustees** |
|---|---|
| *(signature)* <br> Karl Augustin | *(signature)* <br> Douglas L. McCauley |
| *(signature)* <br> Joseph Anginoli | *(signature)* <br> Adrian Huff |
| | *(signature)* <br> Robert Carroll |

F:\APPLICAT\WP\KRAMER\445\jmw&pmin 03.09.07.wpd dp

9