UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
ADRIAN HUFF, as Chairman of the Board of Trustees of
TEAMSTERS LOCAL 445 FREIGHT DIVISION
PENSION FUND and TEAMSTERS LOCAL 445
EDUCATION and TRAINING FUND,

                                        Plaintiff,

                                                    07 – Civ. – 6033 (KMK)

         -against-

WATSON SERVICES, INC.,

                                        Defendant.
-----------------------------------------------------------------------x

## DEFENDANT'S RESPONSE MEMORANDUM OF LAW IN OPPOSITION
## TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

**KREITZMAN, MORTENSEN & BORDEN**
Attorneys for **WATSON SERVICES INC.**
100 Wall Street, 23rd Floor
New York, New York 10005
(212) 252-9050

# TABLE OF CONTENTS

TABLE OF AUTHORITIES     iv

PRELIMINARY STATEMENT     1

A.    Statement of Facts     1

B.    The Applicable Legal Standards     2

ARGUMENT     3

POINT I

PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT SHOULD BE DENIED BECAUSE PLAINTIFF HAS FAILED TO COMPLY WITH LOCAL CIVIL RULE 56.1     3

A.    Plaintiff fails to provide any citations to admissible evidence in his Rule 56.1 Statement     4

B.    Plaintiff further hinders the Court's analysis by including factual assertions in his Memorandum of Law which are not supported by *any* evidence.     5

POINT II

PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT MUST BE DENIED BECAUSE AS A MATTER OF LAW, PLAINTIFF IS NOT ENTITLED TO RELIEF PURSUANT TO SECTIONS 515 AND 502(g)(2) OF ERISA WHERE, AS HERE, THERE WERE NO "UNPAID CONTRIBUTIONS" WHEN SUIT WAS COMMENCED.     6

A.    The law within the Second Circuit, and most other Circuits, is clear that a Fund may not bring an ERISA Section 515 suit, nor collect statutory liquidated damages, when all "unpaid contributions" have been paid in full prior to suit.     6

B.    Plaintiff's efforts to make new law via creative excerpting, misstatement of the case law, and legislative lobbying are obviously unavailing.

8

1.   Plaintiff prefers the Court not read Section 502(g)(2) of ERISA in its entirety.

8

2.   Plaintiff misstates the holding of *Iron Workers*, insofar as a "favorable judgment" is indeed necessary for a plaintiff to obtain relief under Section 502(g)(2).

10

3.   Plaintiff's misplaced request that the Court create a statutory liquidated damages remedy under the instant circumstances is more appropriately addressed to Congress.

12


POINT III

PLAINTIFF IS NOT ENTITLED TO SUMMARY JUDGMENT ON HIS CLAIM FOR CONTRACTUAL "LATE PAYMENT CHARGES" BECAUSE THE UNDISPUTED MATERIAL FACTS HEREIN DO NOT ESTABLISH ANY CONTRACTUAL AUTHORITY FOR THEM

13


A.    Plaintiff did not conduct an audit of Defendant's books and records.

13

B.    Plaintiff's "typographical error" theory is without foundation, and of no legal consequence.

14

C.    Section 502(g)(2) provides no independent basis for contractual liquidated damages.

16


CONCLUSION                                                      17

## TABLE OF AUTHORITIES

**Statutes, Rules**

29 U.S.C. §1132(g)(1)                                               10

29 U.S.C. §1132(g)(2)                                               7, 8, 10, 11, 13

29 U.S.C. §1145                                                    10, 11

Fed. R. Civ. P. 56                                                 2

Local Rule 56.1                                                    3, 4

**Cases**

Am. Auto. Assn. v. AAA Auto. Club of Queens, Inc.,
    1999 U.S. Dist. LEXIS 8892, No. 97 Civ. 1180
    (E.D.N.Y. Feb. 8, 1999)                                        4

Anderson v. Liberty Lobby, 477 U.S. 242 (1986)                     2

Bennett v. Machined Metals Co., 591 F. Supp. 600 (E.D. Pa. 1984)   9

Board of Trustees of Local 41, I.B.E.W. Health Fund et al.
    v. Zacher, 771 F. Supp 1323 (W.D.N.Y. 1991)                    13

Carpenters and Joiners Welfare Fund v. Gittleman Corp.,
    857 F.2d 476, 478 (8th Cir. 1988)                             7, 9

Celotex Corp. v. Catrett, 477 U.S. 317 (1986)                      2, 3

Farrell v. Metropolitan Relocations, Inc., No. 95 Civ. 0557 (CPS),
    1996 U.S. Dist. LEXIS 20313 (E.D.N.Y. Jan. 19, 1996)           7, 9

IBS Ketel, Ltd. v. Korea Telecom Am., Inc., 2000 U.S. Dist. LEXIS 8678,
    No. 98 Civ. 4856 (DC) (S.D.N.Y. June 22, 2000)                4

Iron Workers District Council of Western New York Welfare & Pension
    Funds et al. v. Hudson Steel Fabricators, 68 F.3d 1502 (2d Cir. 1995)   6, 7, 10, 11

King & LaBarbera v. Silver Streak Transport, Ltd.,
    2007 U.S. Dist. LEXIS 7690, No. 05-CV-1085 (SMG)
    (E.D.N.Y. Feb. 2, 2007)                                       6

Monahan v. New York City Department of Corrections,
  214 F.3d 275, 292 (2d Cir. 2000)               4

New York State Teamsters Conference Pension and Retirement Fund
  v. Boening Brothers, Inc., 92 F.3d 127  (2d Cir. 1996)    6, 7

Northwest Admrs., Inc. v. B.V. & B.R., Inc., 813 F.2d 223 (9th Cir. 1987)  15

N.Y.S. Teamsters Conf. Pens. & Retir. Fund v.
  Syracuse Movers, Inc., No. 5:02 Civ. 00733 (NPM),
  2004 U.S. Dist. LEXIS 25692 (N.D.N.Y. Nov. 22, 2004)    15

Operating Engineers Local 139 Health Benefit Fund v.
  Gustafson Constr. Corp., 258 F.3d 645 (7th Cir. 2001)    7, 9

Parkhurst v. Armstrong Steel Erectors, Inc., 901 F.2d 796 (9th Cir. 1990)  7, 9

Southeastern Carpenters & Millwrights Health Trust
  v. M&M Constr., No. 2:04-CV-483-F,
  2005 U.S. Dist. LEXIS 37761 (M.D. Ala. June 2, 2005)    8

Trustees of the Building Service 32B-J Health Fund et al. v.
  Triangle Services, Inc., No. 05 Civ. 2546 (NRB),
  2006 U.S. Dist. LEXIS 85612 (S.D.N.Y., Nov. 21, 2006)    7, 9

U.A.W. Local 259 Social Security Dept., v. Metro Auto Center,
  501 F.3d 283, 289 (3rd Cir. 2007)    7

United States v. Seckinger, 397 U.S. 203 (1970)    15

Watt v. New York Botanical Garden, 2000 U.S. Dist. LEXIS 1611,
  No. 98 Civ. 1095 (BSJ), (S.D.N.Y. Feb. 16, 2000)    4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
ADRIAN HUFF, as Chairman of the Board of Trustees of
TEAMSTERS LOCAL 445 FREIGHT DIVISION
PENSION FUND and TEAMSTERS LOCAL 445
EDUCATION and TRAINING FUND,

                               Plaintiff,

      -against-

WATSON SERVICES, INC.,

                               Defendant.
-----------------------------------------------------------------------x

07 – Civ. – 6033 (KMK)

## DEFENDANT'S RESPONSE MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

### PRELIMINARY STATEMENT

      Defendant **WATSON SERVICES, INC.** (hereafter **"WSI"** or **"Defendant"**) submits this Memorandum of Law in opposition to Plaintiff's Motion for Summary Judgment.

### A.   <u>Statement of Facts</u>

      WSI has been, at all times relevant hereto, party to a collective-bargaining agreement (hereinafter **"CBA"**) with Teamsters Local 445 (hereinafter **"Local 445"**). Rule 56.1 Statement of Material Facts ¶1; Frumkin Decl. ¶2. [1] The CBA, effective by its terms October 1, 2003 through September 30, 2006, required Defendant WSI to make monthly contributions to the Teamsters Local 445 Freight Division Pension Fund (hereinafter **"Pension Fund"**). Def. Resp.

---

[1]       Citation to Plaintiff's Rule 56.1 Statement of Material Facts shall be made herein, " Pl. SOF ¶ _";
to Defendant's Response to Plaintiff's Rule 56.1 Statement as "Def. Resp. SOF ¶ _"; to the Declaration of William
D. Frumkin as "Frumkin Decl.__" and "Frumkin Decl. Exh. __"; to the Declaration of Seth H. Borden submitted in
support of Defendant's Motion for Summary Judgment as "Borden __" and "Borden Exh. __"; and, the Complaint
as "Compl. __."

SOF ¶3. WSI agreed in the CBA to be bound by the Pension Fund's Agreement and Declaration of Trust. Pl. SOF ¶2; Frumkin Decl. ¶3. In 1988, the Pension Fund Trustees modified the language of Section 14 of the Restated Agreement and Declaration of Trust by the adoption of Amendments (hereinafter **"1988 Amended Restatement"**). Pl. SOF ¶2; Frumkin Decl. ¶3; Frumkin Decl. Ex. 2.

It is undisputed that for the period June 2005 through July 2006, WSI paid every penny of the monthly Pension Fund contributions required by the CBA. Compl ¶19; Borden ¶11; Borden Exh. 6 (Plaintiff's Admissions) ¶¶20-21. It is also undisputed that WSI made these payments late – i.e., after the 15th of the subsequent calendar month. Id. Nevertheless, it is also undisputed that by the end of September 2006, Defendant WSI was entirely current in its required monthly contributions to the Pension Fund, and has remained so through the present. Id.; Borden ¶12.

Nine (9) months after Defendant WSI had paid in full any outstanding monthly contributions to the Pension Fund, Plaintiff commenced the instant action solely to collect these purported "late payment charges." See Compl.

## B.    The Applicable Legal Standards

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment may be granted where there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, 477 U.S. 242, 247-50 (1986). The burden rests on the movant to demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In deciding whether summary judgment is appropriate, the court resolves all ambiguities and draws all permissible factual inferences against the movant. See Anderson, 477 U.S. at 255.

In the instant case, summary judgment must not be granted for the Plaintiff. Plaintiff fails to come anywhere near meeting his burden of demonstrating "the absence of a genuine issue of material fact." Celotex, 477 U.S. at 322    Indeed, as set forth hereafter, Plaintiff fails to demonstrate the *existence* of many of the material facts critical to his claims. Plaintiff fails to demonstrate by any admissible evidence that Defendant was responsible for any "unpaid contributions" at the time this suit was filed – a prerequisite for the award of statutory liquidated damages Plaintiff seeks herein. Moreover, Plaintiff fails to demonstrate by any admissible evidence that the Pension Fund's trust agreements provide a contractual right to "late payment charges" or liquidated damages under the factual circumstances present herein.

At the very least, Plaintiff's proclaimed sloppiness in maintaining the various Fund documents at issue herein would raise a significant material issue of fact, precluding summary judgment on Plaintiff's contract claims.

## ARGUMENT

## POINT I

## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT SHOULD BE DENIED BECAUSE PLAINTIFF HAS FAILED TO COMPLY WITH LOCAL CIVIL RULE 56.1

Rule 56.1 of the Local Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York ("**Local Rule 56.1**") requires a party moving for summary judgment to submit "a separate, short and concise statement" setting forth material facts as to which there is no genuine issue to be tried. See Local Rule 56.1(a).  Rule 56.1(d) states:

> Each statement by the movant… pursuant to Rule 56.1(a)… must be followed by citation to evidence which would be admissible, set forth as required by Federal Rule of Civil Procedure 56(e).

Local Rule 56.1(d).

Where there are no citations or where the cited materials do not support the factual assertions in the Rule 56.1 Statement, the Court is free to disregard the assertions. Watt v. New York Botanical Garden, 2000 U.S. Dist. LEXIS 1611, at *2, n.1, No. 98 Civ. 1095 (BSJ), (S.D.N.Y. Feb. 16, 2000);[2] see also IBS Ketel, Ltd. v. Korea Telecom Am., Inc., 2000 U.S. Dist. LEXIS 8678 at *1 n.1, No. 98 Civ. 4856 (DC) (S.D.N.Y. June 22, 2000); Am. Auto. Assn. v. AAA Auto. Club of Queens, Inc., 1999 U.S. Dist. LEXIS 8892 at *3, No. 97 Civ. 1180, (E.D.N.Y. Feb. 8, 1999).

## A. Plaintiff fails to provide any citations to admissible evidence in his Rule 56.1 Statement

Plaintiff's Rule 56.1 Statement herein fails to cite a single piece of admissible evidence in support of its assertions. The Court may ignore these "factual" assertions, rather than undertaking the effort of searching through the record for admissible evidence in support of the Plaintiff's various claims. "Local Rule 56.1 is designed to place the responsibility on the parties to clarify the elements of the substantive law which remain at issue because they turn on contested facts." Monahan v. New York City Department of Corrections, 214 F.3d 275, 292 (2d Cir. 2000). By submitting a Rule 56.1 Statement without any citation to admissible evidence, Plaintiff seeks to shift his burden upon the Court. The Court should decline to accept this burden, and dismiss the Plaintiff's Motion for Summary Judgment. Watt, 2000 U.S. Dist. LEXIS 1611, at *2, n.1.

---

[2]    In Watt, the Court explained:

> The purpose of these rules is to enhance the Court's efficiency in reviewing motions for summary judgment by freeing the Court from hunting through a voluminous record without guidance from the parties. In light of the numerous deficiencies in Plaintiff's Local Rule 56.1 Statement, application of these rules to this action would have allowed the Court to swiftly grant the defendant's motion.

2000 U.S. Dist. LEXIS 1611, at *2, n.1.

**B.**    **Plaintiff further hinders the Court's analysis by including factual assertions in his Memorandum of Law which are not supported by _any_ evidence.**

After forcing the Court to embark upon a hunting expedition to verify the assertions in his unsupported Rule 56.1 Statement, the Plaintiff proceeds to base many of his legal arguments on factual assertions which are not even included in the Statement. Many "factual" assertions in Plaintiff's Memorandum of Law are unsubstantiated by _any_ admissible evidence. That is, these assertions find no support in the Rule 56.1 Statement, counsel's Declaration, or any other admissible evidence identified by the Plaintiff. These dubious assertions include:

- that Defendant's late payments "imposed great cost on the Fund" (Pl. Mem. at 10);

- that the Fund "[was] forced to pay benefits for its participants and beneficiaries on Defendant's behalf…" (Id.);

- that the "Fund incurred additional costs in the collection of the delinquent contributions…" (Id.);

- that the "Fund, participants, and beneficiaries would suffer irreparable harm" from Defendant's late payments (Id.);

- that Defendant's late payment of contributions "threaten[ed] the actuarial soundness of the Fund…" (Pl. Mem. at 12);

- that the "Fund is concerned that it will not be able to meet its monthly obligation to the participants and beneficiaries…" (Id.); and

- that the Fund's participants and beneficiaries are concerned that "benefits will be interrupted…" (Id.).

Should the Court choose to undertake its own review of the various papers submitted in support of Plaintiff's motion, it will not find a single piece of admissible evidence, a single sworn assertion or a single authenticated, admissible document, which provides support for _any of the foregoing assertions_ made by Plaintiff in his Memorandum of Law. By virtue of the

-5-

foregoing alone, the Court may disregard the arguments set forth by Plaintiff in sections II.B. and II.C. of his Memorandum of Law as they are factually unsubstantiated.

Two additional flagrant examples of this conduct will be discussed in more detail, *infra*, but on the basis of all of the foregoing, the Court should deny Plaintiff's motion.

## POINT II

### PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT MUST BE DENIED BECAUSE AS A MATTER OF LAW, PLAINTIFF IS NOT ENTITLED TO RELIEF PURSUANT TO SECTIONS 515 AND 502(g)(2) OF ERISA WHERE, AS HERE, THERE WERE NO "UNPAID CONTRIBUTIONS" WHEN SUIT WAS COMMENCED

**A.** **The law within the Second Circuit, and most other Circuits, is clear that a Fund may not bring an ERISA Section 515 suit, nor collect statutory liquidated damages, when all "unpaid contributions" have been paid in full prior to suit.**

Contrary to the arguments set forth in Points I and II of Plaintiff's Memorandum of Law in Support, a suit to enforce an employer's obligation to pay contributions under Section 515 of ERISA may not "be commenced in the absence of unpaid contributions...." Iron Workers Dist. Council v. Hudson Steel Fabricators & Erectors, 68 F.3d 1502, 1507 (2d Cir. 1995); accord New York State Teamsters Conf. Pens. & Ret. Fund v. Boening Bros., Inc., 92 F.3d 127, 135 (2d Cir. 1996); King & LaBarbera v. Silver Streak Transport, Ltd., 2007 U.S. Dist. LEXIS 7690 at *13-14, No. 05-CV-1085 (SMG) (E.D.N.Y. Feb. 2, 2007). In the instant case, Plaintiff admits that prior to the time he filed this lawsuit, Defendant had paid in full all regular monthly contributions owed to the Pension Fund. See Compl. ¶ 19; Borden Exh. 6 (Plaintiff's Admissions) at ¶¶ 20, 21. Accordingly, Plaintiff's commencement of this suit pursuant to Section 515 of ERISA is inappropriate to begin with. Obviously Plaintiff is not entitled to summary judgment thereon, but rather, his claims should be dismissed.

Assuming, *arguendo*, this Court allows Plaintiff to maintain his Section 515 claim in the absence of any "unpaid contributions," the overwhelming weight of authority would deny him entitlement to statutory liquidated damages under the circumstances. Directly contradicting Plaintiff, at least one judge in the Southern District has held clearly that a Fund "may not recover interest or liquidated damages based on contributions paid in full at the start of [the] lawsuit." Trustees of the Building Service 32B-J Health Fund et al. v. Triangle Services, Inc., 2006 U.S. Dist. LEXIS 85612 at *12, n. 14-15, No. 05 Civ. 2546 (NRB) (S.D.N.Y. Nov. 21, 2006).[3] The various District Courts within the Second Circuit have long been in agreement. See, e.g., King & LaBarbera v. Silver Streak Transp., Ltd., 2007 U.S. Dist. LEXIS 7690 at *14, No. 05 Civ. 1085 (SMG) (E.D.N.Y. Feb. 2, 2007) (citing ...." Iron Workers Dist. Council v. Hudson Steel Fabricators & Erectors, 68 F.3d 1502, 1507 (2d Cir. 1995)); Farrell v. Metropolitan Relocations, Inc., No. 95 Civ. 0557 (CPS), 1996 U.S. Dist. LEXIS 20313 at *14-15 (E.D.N.Y. Jan. 19, 1996) (quoting Carpenters and Joiners Welfare Fund v. Gittleman Corp., 857 F.2d 476, 478 (8th Cir. 1988)); Board of Trustees of Local 41, I.B.E.W. Health Fund et al. v. Zacher, 771 F. Supp 1323, 1332 (W.D.N.Y. 1991). Finally, most of the federal Circuit Courts of Appeal that have decided the issue have agreed as well. See, e.g., U.A.W. Local 259 Social Security Dept., v. Metro Auto Center, 501 F.3d 283, 289 (3rd Cir. 2007); Operating Engineers Local 139 Health Benefit Fund v. Gustafson Constr. Corp., 258 F.3d 645, 654 (7th Cir. 2001); Parkhurst v. Armstrong Steel Erectors, Inc., 901 F.2d 796, 797 (9th Cir. 1990); Carpenters & Joiners v. Gittelman Corp., 857 F.2d 476, 478 (8th Cir. 1988).[4]

---

[3]     Plaintiff is well aware of the Triangle Services case, having cited it elsewhere in his Memorandum of Law. This propensity to ignore clear authority contrary to his claims is part of an alarming pattern by Plaintiff in connection with the instant case, see *infra*, at II.B.1., II.B.2., n. 5 & n. 7, and provides insight into the utterly frivolous nature of this litigation.

[4]     The Sixth Circuit has gone even farther, denying statutory liquidated damages to a Fund when the Defendant had paid up contributions after the filing of suit, but prior to the entry of judgment. See Mich. Carpenters Council Health & Welfare Fund v. C.J. Rogers, Inc., 933 F.2d 376, 388 (6th Cir. 1991). The Second Circuit expressly rejected this holding, however, in Iron Workers Dist. Council v. Hudson Steel Fabricators & Erectors, 68 F.3d 1502, 1507 (2d Cir. 1995).

It is undisputed that Defendant had paid in full any and all monthly contributions it owed to the Pension Fund *at least* nine (9) months prior to commencement of this suit. See Borden ¶¶11-12. Accordingly, Plaintiff is not entitled to summary judgment but rather, his ERISA claims for liquidated damages should be dismissed.

**B.    Plaintiff's efforts to make new law via creative excerpting, misstatement of the case law, and legislative lobbying are obviously unavailing.**

Plaintiff ignores the wealth of authority set forth above, and in his Memorandum in Support, launches into lengthy arguments as to why Plaintiff should be granted statutory liquidated damages notwithstanding the law. It does not take much more than a passing glance to see that Plaintiff bases his entire position on creative mis-quotation, an overdose of ellipses, and general misstatement of the law.

**1.    Plaintiff prefers the Court not read Section 502(g)(2) of ERISA in its entirety.**

Point II. A. of Plaintiff's Memorandum of Law quotes *portions* of the applicable statutory authority upon which he claims he is entitled to relief – but not the entire relevant text. More completely, Section 502(g)(2) reads:

> (2) In any action under this title by a fiduciary for or on behalf of a plan to enforce section 515 [*29 USCS § 1145*] in which a judgment in favor of the plan is awarded, the court shall award the plan--
> *(A) the unpaid contributions*,
> (B) interest on the unpaid contributions,
> (C) an amount equal to the greater of--
>     (i) interest on the unpaid contributions, or
>     (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) *of the amount determined by the court under subparagraph (A),*
> (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and

> (E) such other legal or equitable relief as the court deems
> appropriate.

29 U.S.C. § 1132(g)(2) (emphasis supplied). Because the emphasized phrases above undermine Plaintiff's imaginative claim for liquidated damages, they were omitted from his quotation of the statute. ERISA does not entitle a Section 515 plaintiff to windfall "liquidated damages" in a vacuum. Rather, the liquidated damages must be a percentage of the "unpaid contributions" at issue – i.e., "the amount determined by the court under subparagraph (A)." Id.

It is well settled that, as used in Section 502(g)(2), "unpaid contributions" means "contributions unpaid at the time suit was filed, rather than contributions which were delinquent for some time but were paid up before suit was filed." Farrell v. Metropolitan Relocations, Inc., No. 95 Civ. 0557 (CPS), 1996 U.S. Dist. LEXIS 20313 at *14-15 (E.D.N.Y. Jan. 19, 1996) (quoting Carpenters and Joiners Welfare Fund v. Gittleman Corp., 857 F.2d 476, 478 (8th Cir. 1988)); see Trustees of the Building Service 32B-J Health Fund et al. v. Triangle Services, Inc., Case No. 05 Civ. 2546 (NRB), 2006 U.S. Dist. LEXIS 85612 at *12 (S.D.N.Y., Nov. 21, 2006); see also Operating Engineers Local 139 Health Benefit Fund v. Gustafson Constr. Corp., 258 F.3d 645, 654 (7th Cir. 2001); Parkhurst v. Armstrong Steel Erectors, Inc., 901 F.2d 796 (9th Cir. 1990); Southeastern Carpenters & Millwrights Health Trust v. M&M Constr., 2:04-CV-483-F, 2005 U.S. Dist. LEXIS 37761 at *7-8 (M.D. Ala. June 2, 2005); Bennett v. Machined Metals Co., 591 F. Supp. 600, 603-04 (E.D. Pa. 1984).

Obviously, as herein, when there are no "unpaid contributions," there can be no liquidated damages awarded. Twenty percent of nothing is nothing.

2.  **Plaintiff misstates the holding of *Iron Workers*, insofar as a "favorable judgment" is indeed necessary for a plaintiff to obtain relief under Section 502(g)(2).**

In Point II. A. of his Memorandum of Law in Support, Plaintiff asserts:

> In the Second Circuit, a favorable judgment is not necessary for a plaintiff to obtain all relief provided for under § 1132(g). Iron Workers Dist. Council v. Hudson Steel Fabricators & Erectors, 68 F.3d 1502, 1507 (2d Cir. 1995).

First, to the extent that Plaintiff refers more generally to 1132(g), it should be noted that Section 1132(g)(1) is inapplicable to the instant case which involves an "action …to enforce section 515." 29 U.S.C. §1132(g)(2). Section 502(g)(1) expressly excludes such actions from its application. 29 U.S.C. §1132(g)(1). So, whether or not "a favorable judgment" is necessary for an appropriate plaintiff to obtain relief under §1132(g)(1) is irrelevant to the instant matter governed by §1132(g)(2).

Moreover, the *complete* plain language of the statute refutes Plaintiff's claim. The text states plainly:

> In any action under this title by a fiduciary for or on behalf of a plan to enforce section 515 … ***in which a judgment in favor of the plan is awarded***, the court shall award the plan—… [liquidated damages, etc.].

29 U.S.C. §1132(g)(2) (emphasis supplied). There is no other statutory authority for an award of "liquidated damages" in Section 515 actions. Obviously "a judgment in favor of the plan" is a necessary condition to the statutory award of liquidated damages.

Finally, what the <u>Iron Workers</u> decision *actually* says is:

> We conclude that § 1132(g)(2) does not require that a favorable judgment be awarded on each of the four items of relief specified therein. It simply directs that once there is a favorable judgment, the plaintiff is entitled to all the measures of relief not already obtained. In other words, *the action must be one to enforce the obligation to pay contributions under § 1145, and therefore no such suit can be commenced in the absence of unpaid contributions*; but the judgment under § 1132(g)(2) will necessarily reflect fewer than all of the forms of relief available under that provision if partial relief has been obtained by way of paid-up contributions.

<u>Iron Workers,</u> 68 F.3d at 1507 (emphasis supplied).[5]  Of course, <u>Iron Workers</u> involved a distinguishable factual scenario – i.e., the defendant therein paid up its contributions owed *after* suit was filed, but before judgment. <u>Id.</u> at 1505. The Court's holding was that an employer may not avoid some of the statutory liabilities set forth in §1132(g)(2) by simply paying others *after* a §1145 suit is commenced. If an employer does make full payment of one of the statutory remedies once suit is filed, it goes without saying that the plaintiff Fund is not entitled to an additional award thereof, or "double-dipping" – thus, "§1132(g)(2) does not require that a favorable judgment be awarded on each of the four items of relief specified therein." <u>Iron Workers,</u> 68 F.3d at 1507.

Plaintiff's misstatement of the Second Circuit's language is unfortunate, but regardless, provides no support for his claim that Section 1132(g)(2) authorizes an award of liquidated damages in the absence of a "judgment in favor of the plan." 29 U.S.C. §1132(g)(2).

---

[5]      Once again, Plaintiff ignores entirely the clear statement of law set forth in the highlighted text.

3.    **Plaintiff's misplaced request that the Court create a statutory liquidated damages remedy under the instant circumstances is more appropriately addressed to Congress.**

All told, Point II of Plaintiff's Memorandum of Law requires little serious consideration by the Court. As set forth in detail above, and at Points I & II of Defendant's Memorandum of Law in Support of its Motion for Summary Judgment, ERISA simply does not provide for an award of statutory liquidated damages under the undisputed factual circumstances present herein. Moreover, as noted *supra* at I.B., nearly all of the "facts" asserted by Plaintiff in support of his arguments are entirely unsubstantiated by admissible evidence in the record.

Still, Plaintiff pounds the proverbial table in Points II. B & II. C., churning out a hyperbolic parade of horribles designed to malign Defendant and distract the Court into ignoring the clear language of the statute and case law. Plaintiff's exaggerations and outright misrepresentations about Defendant are indeed offensive,[6] but irrelevant nevertheless.

Plaintiff argues in conclusion at page 12: "Without a statutory mechanism that enforces Defendant's obligation to timely pay its contributions, the Fund, participants and beneficiaries will suffer irreparable harm." Pl. Mem. at 12. Plaintiff may be right, he may be wrong. But, if there is to be such a "statutory mechanism" created beyond the current provisions, it is for the legislature to create, not this Court.

---

[6]        Point II.B. provides perfect illustration of the disingenuousness of Plaintiff's approach. Plaintiff accuses Defendant of paying delinquent contributions "on the Eve of a Lawsuit" and "waiting until the last possible moment" to pay its contributions. Pl. Mem. at 8-10. But even Plaintiff's unsupported factual assertions in his Rule 56.1 Statement suggest that Defendant made each monthly contribution, at most, a few weeks late. Pl. SOF ¶11. Moreover, these same unsupported assertions suggest that Defendant paid these contributions *between nine (9) and twenty-one (21) months prior to the commencement of this frivolous lawsuit*, Id.– hardly "on the Eve of [this] Lawsuit" or at "the last possible moment."

## POINT III

### PLAINTIFF IS NOT ENTITLED TO SUMMARY JUDGMENT ON HIS CLAIM FOR CONTRACTUAL "LATE PAYMENT CHARGES" BECAUSE THE UNDISPUTED MATERIAL FACTS HEREIN DO NOT ESTABLISH ANY CONTRACTUAL AUTHORITY FOR THEM

ERISA does not preempt recovery of contractual liquidated damages. Board of Trustees of Local 41, I.B.E.W. Health Fund et al. v. Zacher, 771 F. Supp 1323, 1332 (W.D.N.Y. 1991).[7] Plaintiff identifies Section 14 of the 1988 Amended Restatement as the contractual authority for liquidated damages under the factual circumstances present herein.[8]

### A.    Plaintiff did not conduct an audit of Defendant's books and records.

Arguably, Plaintiff may assess contractual liquidated damages against an employer if the Funds conduct an audit as provided for by Section 14 of the 1988 Amended Restatement. As set forth in greater detail in Defendant's Memorandum of Law in Support of its Motion for Summary Judgment, the express contractual language of Section 14(c) provides that the Fund may assess liquidated damages only "in any matter under subsection (a)." Borden Decl. Exh. 3-C. "[S]ubsection (a)" pertains to "the auditing [of the] employer's books and records." Id.

---

[7]      Ironically, Plaintiff cites Zacher in Point III after wasting pages and pages of legal argument ignoring Zacher's clear holding:

> Zacher is correct that §502(g)(2)(c)(ii) is the exclusive scheme to recover liquidated damages for unpaid  contributions to employee pension and welfare trust funds governed by ERISA. Zacher is also correct that *an ERISA plaintiff may not recover statutory liquidated damages*, that is, pursuant to §502(g)(2)(c)(ii), for delinquent contributions to employee pension and welfare trust funds governed by ERISA *where the contributions, although delinquent, have been paid either prior to commencement of suit* or prior to judgment.

771 F. Supp. at 1332 (emphasis supplied). The Second Circuit has rejected the "prior to judgment" argument. See, supra, at n.4.

[8]      Plaintiff does not address the undisputed fact that the CBA provides no express consequences for late payment of Pension Fund contributions. See Borden Decl. Exh. 3-A.

Recognizing this prerequisite condition, Plaintiff asserts at page 14 of his Memorandum of Law: "Here, Plaintiff conducted an audit of Defendant's records." Pl. Mem. at 14.

Yet, that one simple sentence:

- *does not appear* in Plaintiff's Rule 56.1 Statement;
- *is not supported* by citation to admissible evidence; and
- *does not appear* in the sworn Declaration of Counsel submitted to the Court.

All for good reason – it is a blatant falsehood. On this motion, the Court must ignore this "factual" assertion. Assuming, *arguendo*, Section 14(c) provides contractual authority for assessment of liquidated damages when the Funds conduct an audit of the employer's books and records, no such audit was conducted herein. Accordingly, Plaintiff is not entitled to summary judgment on his contractual claim for liquidated damages. Rather, in the absence of any evidence that would support the claim, it should be dismissed.

**B.    Plaintiff's "typographical error" theory is without foundation, and of no legal consequence.**

In Point III. B. of his Memorandum of Law, Plaintiff asserts that the contractual liquidated damages provision of Section 14 is expressly tied to subsection (a) regarding audits because "[t]here exists a typographical error in the Trust Agreement." Pl. Mem. at 14. Plaintiff then implores this Court to clean up the Fund's purported clerical mistakes.

Once again, the sentence, "There exists a typographical error in the Trust Agreement":

- *does not appear* in Plaintiff's Rule 56.1 Statement;
- *is not supported* by citation to admissible evidence;
- *does not appear* in the sworn Declaration of Counsel; and

-     ***is not supported*** by the sworn affidavit of Plaintiff, the Trustees or any individual
      responsible for drafting the 1988 Amended Restatement.

Assuming, *arguendo*, Plaintiff's "typographical error" excuse has even marginal legal significance, it must be disregarded here as it: is without evidentiary foundation; is based on rank hearsay and/or pure speculation; and, if nothing else, presents a clear issue of disputed fact.

Regardless, were Plaintiff correct in his speculation that the Fund has long maintained some ambiguity in its Trust Agreements, the doctrine of *contra proferentem* suggests the provision "should be construed less favorably to that party which selected the language" – here, the Fund. United States v. Seckinger, 397 U.S. 203, 216 (1970); see also Northwest Admrs., Inc. v. B.V. & B.R., Inc., 813 F.2d 223, 226 (9th Cir. 1987) (noting that a court "could consider application of the doctrine of *contra proferentem* [in an ERISA case] if it finds that [the Fund Trustees were] directly or indirectly responsible for the disputed language...").

Most notably, Plaintiff fails to provide a single legal authority that would permit this Court retroactively to re-write the substantive terms of a Pension Fund Trust Agreement to create new financial awards for the Fund or new conditions precedent thereto.[9]  In the absence of such authority, this Court should deny Plaintiff's Motion for Summary Judgment, and dismiss the instant case.

---

[9]     The only legal authority cited by Plaintiff in the section of his Memorandum asking the Court to modify his Fund's contract language – i.e., Point III. B., C. & D. – is N.Y.S. Teamsters Conf. Pens. & Ret. Fund v. Syracuse Movers, Inc., 2004 U.S. Dist LEXIS 25692, No. 5:02 Civ. 00733 (NPM) (N.D.N.Y. Nov. 22, 2004). Plaintiff cites this case as proof that the Fund has been maintaining nonsensical Trust Agreement language. Ironically, the Trust Agreement at issue in that very case provided for exactly the terms Plaintiff argues are unreasonable herein – i.e., the Trust Agreement in Syracuse Movers provided for assessment of liquidated damages "in the event an audit disclosed that contributions were not properly made...." 2004 U.S. Dist. LEXIS 25692 at *8.

**C.**    **Section 502(g)(2) provides no independent basis for contractual liquidated damages.**

In Point III. D. of his Memorandum of Law, Plaintiff throws a final trivial argument against the wall, recycling his meritless arguments for statutory liquidated damages dressed up in contractual clothing. If the statute itself does not provide for statutory liquidated damages, the Fund's contracts certainly cannot read their own basis for them *into* ERISA. Assuming, *arguendo,* that by this suit, Plaintiff seeks to "enforce [Defendant's] obligation[s], pursuant to ERISA," as set forth in great detail, *supra,* at Point II, and in Defendant's Memorandum of Law in Support of its Motion for Summary Judgment at Points I & II, ERISA does not provide for the assessment of liquidated damages where, as here, any and all delinquent contributions are paid in full prior to the commencement of suit.

## CONCLUSION

For all of the foregoing reasons, Defendant respectfully requests that Plaintiff's Motion for Summary Judgment be denied in its entirety; and, that Defendant's Motion for Summary Judgment be granted. Defendant further requests that, due to the baseless and abusive nature of the lawsuit filed by Plaintiff, that the Court issue an Order requiring Plaintiff to reimburse Defendant for the costs of defending this Action, including without limitation, payment of reasonable attorneys' fees.

Dated: New York, New York
      April 7, 2008

                    Respectfully submitted,

        **KREITZMAN, MORTENSEN & BORDEN**

                    Attorneys for **WATSON SERVICES INC.**
                    100 Wall Street, 23rd Floor
                    New York, New York 10005
                    (212) 252-9050

BY:                   _____
                    Seth Borden  (SB-4583)