UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

ADRIAN HUFF, as Chairman of the Board of Trustees of
TEAMSTERS LOCAL 445 FREIGHT DIVISION
PENSION FUND and TEAMSTERS LOCAL 445          07 – Civ. – 6033 (KMK)
EDUCATION and TRAINING FUND,

                        Plaintiff,

-against-

WATSON SERVICES, INC.,

                        Defendant.

------------------------------------------------------------------x

## DEFENDANT'S RESPONSE TO PLAINTIFF'S RULE 56.1 STATEMENT IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Pursuant to Local Rule 56.1(b) & (c) of the Civil Rules of the United States District Courts for the Southern District of New York, Defendant, **WATSON SERVICES, INC.** (hereinafter "WSI"), submits the following statement in response to Plaintiff's Rule 56.1 statement of material facts. As required by Local Rule 56.1(b), each numbered paragraph below corresponds to the paragraph bearing the same number in Plaintiff's submission.

As a preliminary matter, and as discussed at greater length in Defendant's Memorandum of Law in Opposition, Plaintiff's Rule 56.1 Statement fails to comply with the clear instructions of the Local Rules. Insofar as none of the "material facts" set forth by Plaintiff are accompanied by citation to admissible – or indeed any – evidence, the Court should disregard all the assertions in Plaintiff's Rule 56.1 Statement.

Pursuant to Local Rule 56.1(b), Defendant further states:

1. Defendant does not dispute the facts set forth in Paragraph 1 of Plaintiff's Rule 56.1 Statement.

2. Defendant does not dispute the facts set forth in Paragraph 2 of Plaintiff's Rule 56.1 Statement.

3. Defendant *disputes* the facts set forth in Paragraph 3 of Plaintiff's Rule 56.1 Statement. Nowhere does the CBA state that Defendant must "make timely payment" of contributions to the Plaintiff's Pension Fund. Article 23 does state that such contributions "shall be transmitted by the 15th of the month following the calendar month for which contributions are payable," but fails to provide any consequence for paying after such time. See Frumkin Decl. Ex. 1 at p. 10. Notably, Plaintiff fails to make citation to any admissible evidence in support of his assertion.

4. Defendant believes there are typographical errors in Paragraph 4 of Plaintiff's Rule 56.1 Statement, but does not dispute, as set forth above, that the CBA provided that contributions were to be "transmitted by the 15th of the month following the calendar month for which contributions [were] payable." See Frumkin Decl. Ex. 1 at p. 10.

5. Defendant *disputes* the facts set forth in Paragraph 5 of Plaintiff's Rule 56.1 Statement, to the extent that the Fund's Trust Agreement speaks for itself – in language different than the vague generalization set forth by Plaintiff in his Rule 56.1 Statement. Section 14 of the 1988 Restatement states:

> The Trustees... shall have the right, at all reasonable times during business hours, to enter upon the premises of employers to examine and copy such of the books, records, papers and reports of said employers as may be necessary to permit the Trustees to determine whether said employers are **making full payment to the Trustees of the amounts required** by the aforementioned Collective Bargaining Agreement.

See Frumkin Decl. Ex. 3 at p. 2 (emphasis supplied). Again, "timeliness" is not referenced, but rather the "amounts" of contributions paid by the employer. And again, Plaintiff fails to make citation to any admissible evidence in support of his assertion.

6. Defendant *disputes* the facts set forth in Paragraph 6 of Plaintiff's Rule 56.1

-2-

Statement. Use of the word "would" by Plaintiff in his assertion, coupled with his failure to cite to any admissible evidence in support of his contention, makes it difficult to know for certain what Plaintiff is asserting as undisputed fact here. There is no question that Plaintiff's Fund did, *at some point*, attempt to assess a ten percent "late payment charge" on Defendant for contributions paid by Defendant to the Fund. See Compl. ¶ 17 (the second). There is no evidence, however, and Plaintiff cites to none in his Rule 56.1 Statement as to when these late payment charges were assessed or when Defendant was first notified of them.

7. Defendant does not dispute the entirely irrelevant facts set forth in Paragraph 7 of Plaintiff's Rule 56.1 Statement, but submits that they are not "material."

8. Defendant does not dispute the entirely irrelevant facts set forth in Paragraph 8 of Plaintiff's Rule 56.1 Statement, but submits that they are not "material."

9. Defendant does not dispute the facts set forth in Paragraph 9 of Plaintiff's Rule 56.1 Statement. Defendant notes that the March 13, 2006 letter from the Funds to Defendant advised Defendant that contributions were "due by the 10th of the month" in contradiction of Paragraph 4 of Plaintiff's Rule 56.1 Statement and Article 23 of the CBA. Compare Frumkin Decl. Ex. 5 with Frumkin Decl. Ex. 1 at p. 10.

10. Defendant does not dispute the facts set forth in Paragraph 10 of Plaintiff's Rule 56.1 Statement.

11. Defendant *disputes* the facts set forth in Paragraph 6 of Plaintiff's Rule 56.1 Statement insofar as there is no evidentiary basis for them. Once again, Plaintiff fails to cite to admissible evidence in support of these facts. Plaintiff may point to documentary evidence from an individual named Sharon Molinelli, see Frumkin Decl. ¶ 16, and Ex. 11, but without foundation, this hearsay evidence is inadmissible on numerous grounds. Moreover, it hardly establishes that the facts are undisputed, insofar as numerous handwritten and modified notations on the document itself contradict Plaintiff's own unsupported assertions in his Rule 56.1 Statement. Compare Frumkin Decl. ¶ 16, and Ex. 1 at p. 10, with Frumkin Decl. Exs. 5, 11.

12. Defendant does not dispute the facts set forth in Paragraph 12 of Plaintiff's Rule 56.1 Statement.

13. Defendant does not dispute the facts set forth in Paragraph 13 of Plaintiff's Rule 56.1 Statement, to the extent that Plaintiff's assertion contemplates that Defendant declined to "attend" the meeting, while advising counsel for the Funds that Defendant's position was spelled out in all its prior correspondence for the

Trustees' consideration. See Frumkin Decl. Ex. 13.

14. Defendant *disputes* the facts set forth in Paragraph 14 of Plaintiff's Rule 56.1 Statement. Once again, Plaintiff provides no citation to admissible evidence in support of these assertions, especially that "Defendant's interests were represented by two (2) Employer Trustees." In light of counsel's description of the events of the March 9, 2007 Trustees' Meeting, and the contents of all correspondence between the parties regarding this issue, it is just as likely that the all of the Trustees were more interested in whitewashing their sloppiness in the maintenance of their Trust Agreement language. See Frumkin Decl. ¶ 16, Exs. 8, 12; see also Borden Decl. ¶¶ 14-17, Exs. 7-10, submitted by Defendant in Support of its Motion for Summary Judgment herein.

15. Defendant *disputes* the legal conclusion set forth as fact in Paragraph 15 of Plaintiff's Rule 56.1 Statement, insofar as Defendant has incurred nothing. Defendant does not dispute that Plaintiff seeks to collect the monies demanded for "late payment charges."

**WHEREFORE**, and for the reasons set forth in Defendant's Memorandum of Law in Opposition, there are indeed substantial disputed issues of material fact in the instant matter, which preclude Plaintiff from obtaining judgment as a matter of law.

Dated: New York, New York
April 7, 2008

Respectfully submitted,

**KREITZMAN, MORTENSEN & BORDEN**

Attorneys for **WATSON SERVICES INC.**
100 Wall Street, 23rd Floor
New York, New York 10005
(212) 252-9050

BY: _____
Seth Borden (SB-4583)