UNITED STATES DISTRICT COURT  
SOUTHERN DISTRICT OF NEW YORK  

ECF Case

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ADRIAN HUFF, as Chairman of the Board of Trustees of TEAMSTERS LOCAL 445 FREIGHT DIVISION PENSION FUND and TEAMSTERS LOCAL 445 EDUCATION and TRAINING FUND,

                      Plaintiff,

- against -

WATSON SERVICES, INC.,

                      Defendant.

Civil Action No. 07 Civ. 6033 (KMK)(MDF)

**AFFIDAVIT OF ADRIAN HUFF IN SUPPORT OF PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

STATE OF NEW YORK    )  
                               ) ss.:  
COUNTY OF ORANGE    )

ADRIAN HUFF, being duly sworn deposes and says:

1. I am the Secretary-Treasurer of Teamsters Local 445 (the Union).

2. I am the Chairman of the Board of Trustees of Teamsters Local 445 Freight Division Pension Fund (the Fund).

3. The Fund's participants and beneficiaries are not wealthy.

4. A majority of the Fund's participants and beneficiaries live on fixed incomes.

5. Many of the Fund's participants and beneficiaries rely heavily on benefits – financial, medical, and otherwise – provided to them by the Fund.

6. Many of the Fund's participants and beneficiaries would not be able to afford the benefits provided to them by the Fund if they had to pay for the benefits themselves.

7. As many of the Fund's participants and beneficiaries age, their reliance on the Fund increases inversely to their ability to procure additional income.

8. Threats to the soundness of the Fund directly threaten the physical, mental, and/or financial well-being of many of the Fund's participants and beneficiaries.

9. Defendant has a history of failing to timely pay benefit contributions.

10. Defendant's late payments imposed great cost on the Fund.

11. The Fund was forced to pay benefits for participants and beneficiaries on Defendant's behalf.

12. Defendant's late payments threatened the actuarial soundness of the Fund.

13. Defendant's compounding delinquencies threaten the uninterrupted flow of benefit payments and financial stability of the Fund.

14. If the benefit payments are interrupted, the Fund is concerned that it may not be able to meet its monthly obligation to the participants and beneficiaries.

15. If the benefit payments are interrupted, the Fund may have to terminate benefits for its participants and beneficiaries.

16. The possibility that the benefits will be terminated, added to the rising cost of medicine and volatility of the investment market, creates incalculable emotional distress to many of the Union members that is not financially compensable.

17. The Fund conducted an audit of Defendant's contribution record.

18. The Fund reviewed Defendant's contribution record for non-compliance and found delinquent contributions.

19. After performing the audit, the Fund notified Defendant of its findings.

20. If the Fund had never conducted such an audit, it would have no idea whether Defendant's payments were submitted either timely or at all.

Dated: White Plains, New York
April 21, 2008

_____
Adrian Huff

Sworn to before me this
21 day of April, 2008.

_____
Notary Public

CRUZ M. MENDEZ
Notary Public, State of New York
No. 4892690
Qualified in Orange County
Commission Expires May 4, 2011

F:\APPLICAT\WP\TEAMSTER\Watson Services, Inc\June 2009-Complaint\Motion for Summary Judgment\Aff Huff.doc