UNITED STATES DISTRICT COURT                                            ECF Case
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ADRIAN HUFF, as Chairman of the Board of Trustees of
TEAMSTERS LOCAL 445 FREIGHT DIVISION                    Civil Action No. 07 Civ. 6033
PENSION FUND and TEAMSTERS LOCAL 445                          (KMK)(MDF)
EDUCATION and TRAINING FUND,

                                              Plaintiff,       **AMENDED RULE 56.1
                - against -                                   STATEMENT IN SUPPORT
                                                              OF PLAINTIFF'S MOTION
WATSON SERVICES, INC.,                                        FOR SUMMARY JUDGMENT**
                                            Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

        Pursuant to Fed.R.Civ.P. R. 56.1, Teamsters Local 445 Freight Division Pension Fund

(Plaintiff or the Fund) alleges as its concise Statement of Material Facts that are not in dispute, as

follows:

        1.      On or about December 10, 2003, defendant Watson Services, Inc. (Defendant)

entered into and became a signatory to a collective bargaining agreement (CBA) with the Teamsters

Union Local 445, IBT, AFL-CIO (Union).  *See* Agreement between Defendant and Teamsters Local

445, IBT, AFL-CIO, PO Box 2097, Newburgh, NY 12550, at p. 14, attached as Exh. 1 to the

Declaration of William D. Frumkin, Esq., In Support of Plaintiff's Motion For Summary Judgment

(hereinafter Frumkin Decl.); Joint Pre-Trial Order, Stipulation of Facts and Law (Stipulation), §

VI(12).

        2.      By signing the CBA, Defendant agreed to be bound by the terms and provisions of

the Restated Agreement and Declaration of Trust for the Pension Fund, dated June 14, 1988 (Trust

Agreement).  *See* Frumkin Decl., Exh. 1, p. 10; Stipulation, § VI(12).

        3.      The CBA provided, *inter alia*, that Defendant would make timely payment of

contributions to the  Fund on behalf of Defendant's employees within the bargaining unit

represented by the Union. *See* Frumkin Decl, Exh. 1, p. 10; Stipulation, § VI(12).

4.     For each monthly contribution, Defendant was responsible for paying the monthly contribution by the 15th of the month following the calendar month in for which contribution was payable.  *See* Frumkin Decl., Exh. 1, at p. 10; Stipulation, § VI(13).

5.     Pursuant to the Trust Agreement, the Fund is empowered to conduct an audit of Defendant's books and records to determine whether Defendant is in compliance with its obligation to contribute to the Pension Fund. *See* Restated Agreement and Declaration of Trust for the Pension Fund, dated June 14, 1988, attached to the Frumkin Decl. as Exh. 2,  p. 2; Stipulation, § VI(14).

6.     If Defendant failed to timely pay the monthly contributions to the Funds by the 15th of the month following the calendar month in for which contributions are payable, the Funds would assess a ten percent charge for the delinquent payment. *See* Frumkin Decl., Exh. 2,  § 14(c)(ii)(A).

7.     On or about March 16, 2004, Plaintiff commenced an action against Defendant for payment of delinquent contributions and late charges to the Funds for the period from July 2002 through February 2004 in the total amount of at least $100,836.96. *See* Complaint, dated March 16, 2004, attached to the Frumkin Decl. as Exh. 3.

8.     On or about July 13, 2004, Frederick Watson, President of Defendant, entered into a settlement agreement regarding the March 16, 2004 Complaint.  In the settlement agreement,  Mr. Watson admitted that Defendant owed contributions and late charges for the period from July 2002 through March 2004 in the amount of $106,844.65. *See* settlement agreement, dated July 13, 2004, attached to the Frumkin Decl. as Exh. 4.

9.     On or about March 13, 2006, the Fund notified Defendant that it was delinquent in payment of its contributions for the period from July 2005 through December 2005.  *See*

correspondence, dated March 13, 2006, attached to the Frumkin Decl. as Exh. 5.

10.     On October 2, 2006, the Fund notified Defendant of late charges due for the periods from July 2005 through July 2006. *See* correspondence, dated October 2, 2006, from Ms. Hernandez to Defendant, attached to the Frumkin decl. as Exh. 10.

11.     Defendant's payment history for contributions due to the Fund from July 2005 through July 2006 was as follows:

| Payment Month | Due Date | Actual Payment Date |
|:---:|:---:|:---:|
| July 2005 | August 15, 2005 | September 19, 2005 |
| August 2005 | September 15, 2005 | October 28, 2005 |
| September 2005 | October 15, 2005 | November 29, 2005 |
| October 2005 | November 15, 2005 | December 22, 2005 |
| November 2005 | December 15, 2005 | February 8, 2006 |
| December 2005 | January 15, 2006 | March 8, 2006 |
| January 2006 | February 15, 2006 | March 28, 2006 |
| February 2006 | March 15, 2006 | May 1, 2006 |
| March 2006 | April 15, 2006 | May 31, 2006 |
| April 2006 | May 15, 2006 | June 30, 2006 |
| May 2006 | June 15, 2006 | August 17, 2006 |
| June 2006 | July 15, 2006 | August 25, 2006 |
| July 2006 | August 15, 2006 | September 20, 2006 |

*See* facsimile, dated March 10, 2008, from Sharon Molinelli to William F. Cusack III, Esq., attached to the Frumkin Decl. as Exh. 11.

12.     On January 16, 2007, the Fund notified Defendant that, at the Fund's March 9, 2007 Trustees Meeting, the Trustees would address the issue of whether the Fund is entitled to liquidated

3

damages for delinquent payments as identified in Article III, § 14(c). The Fund invited Defendant to appear at the March 9, 2007 Trustees Meeting. *See* correspondence, dated January 16, 2007, from Mr. Frumkin to Mr. Borden, attached to the Frumkin Decl. as Exh. 12.

13.    On or about March 9, 2007, Defendant declined the Fund's invitation for Defendant to address the Fund's Trustees at the March 9, 2007 Trustees Meeting. *See* correspondence, dated March 9, 2007, from Mr. Borden to Mr. Frumkin, attached to the Frumkin Decl as Exh. 13.

14.    On March 9, 2007, the Fund's Trustees met and discussed Defendant's contractual obligations to pay late charges for delinquent contributions in accordance with the CBA. Defendant's interests were represented by two (2) Employer Trustees. The Trustees determined that in the event that an Employer fails to make contributions to the Fund, the Employer shall pay to the Fund the liquidated damages set for in Article III, § 14(c). *See* Minutes of The Joint Meeting of the Trustees of Local 45 Welfare Fund and Pension Funds held March 9, 2007, attached to the Frumkin Decl. as Exh. 14.

15.    In total, Defendant seeks to collect monies demanded for late payment charges for the time period from July 2005 through July 2006 in the total amount of $15,911.53. *See* Defendant's Response to Plaintiff's Rule 56.1 Statement in Support of Plaintiff's Motion for Summary Judgment.

Respectfully submitted,
**SAPIR & FRUMKIN LLP**

Dated: White Plains, New York
       April 21, 2008

By:      /s/ William D. Frumkin
            William D. Frumkin (WF2173)
            Attorneys for Plaintiff
            399 Knollwood Road, Suite 310
            White Plains, New York 10603
            (914) 328-0366

F:\APPLICAT\WP\TEAMSTER\Watson Services, Inc\June 2007 Complaint\Motion for Summary Judgment\MSJ-Reply-Amended.Rule 56.1 Statement.wpd

## <u>CERTIFICATE OF SERVICE</u>

STATE OF NEW YORK              )
COUNTY OF WESTCHESTER      )ss.:

      RACHEL L. HORTON, being duly sworn, deposes and states as follows:

      I hereby certify that I am not a party to this action and am over 18 years of age.  I further certify that on April 21, 2008, a copy of the AMENDED RULE 56.1 STATEMENT IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt including:

      Seth H. Borden, Esq.
      Kreitzman Mortensen, & Borden
      100 Wall Street, 23rd Floor
      New York, New York 10005

      Parties may access this filing through the Court's electronic filing system

                    /s/ Rachel L. Horton_____
                    Rachel L. Horton