## KREITZMAN, MORTENSEN & BORDEN
ATTORNEYS AT LAW
100 Wall Street, 23rd Floor
New York, New York 10005

www.kmblabor.com  
Sender's e-mail: sborden@kmblabor.com

Phone: (212) 252-9050  
Fax: (212) 252-9310

April 22, 2008



MEMO ENDORSED

USDS SDNY  
DOCUMENT  
ELECTRONICALLY FILED  
DOC #: _____  
DATE FILED: _____

**VIA REGULAR MAIL**  
Honorable Kenneth M. Karas  
United States District Judge  
Southern District of New York  
United States Courthouse  
300 Quarropas Street, Room 533  
White Plains, New York 10601

Re: **Huff v. Watson Services, Inc.**  
**Case No. 7:07-CV-6033**  
**(Plaintiff's Reply Papers)**

Dear Judge Karas:

    We represent the Defendant, Watson Services, Inc. ("**WSI**") in the above-referenced matter. Late Monday, via the Court's ECF system, we received copies of the reply papers filed by Plaintiff in support of his motion for summary judgment. The papers consisted of:

    (a)    a twelve (12) page Reply Memorandum of Law;

    (b)    an "Amended Rule 56.1 Statement"; and

    (c)    a Reply Affidavit by Plaintiff.

    The length of Plaintiff's Reply Memorandum is in direct violation of Your Honor's Individual Rules of Practice, Rule II.B., notwithstanding the Court's February 8, 2008 Order. ("Counsel are reminded that there is a strict page limit, which will only be extended in extreme circumstances.")

    Moreover, the Plaintiff's late submission of a proper Rule 56.1 Statement and sworn Affidavit for the first time *after* Defendant submitted his responsive opposition papers is inappropriate. Indeed the Amended Rule 56.1 Statement even makes explicit reference to the Defendant's responsive papers. If any of Plaintiff's assertions in these papers actually had any legal significance, the manner in which Plaintiff has submitted its motion papers would be obviously prejudicial to Defendant. A party must have a reasonable expectation that it can rely on the other's initial motion papers in formulating a response.

Hon. Kenneth M. Karas
April 23, 2008
Page 2 of 2

      As held by the authorities cited in Defendant's Memoranda of Law, the Defendant should not have had to weed through the various documents and evidence in the record in responding to Plaintiff's motion to begin with. Plaintiff now adds insult to injury by submitting additional papers after the Defendant went through the trouble of so doing and fully briefed the issues based on those efforts. This is yet another reflection of an apparent calculated effort to compel a "nuisance value" settlement in this case.

      Accordingly, Defendant objects to Plaintiff's submission of the three (3) documents referenced above, and requests that the Court decline to accept them.

Respectfully submitted,

**KREITZMAN, MORTENSEN & BORDEN**

Seth H. Borden

cc:    William F. Cusack, Esq.

*Plaintiff is to respond to this letter by May 5, 2008.*

SO ORDERED
KENNETH M. KARAS U.S.D.J.
4/28/08