SAPIR & FRUMKIN LLP

ATTORNEYS AT LAW

399 KNOLLWOOD ROAD, SUITE 310

WHITE PLAINS, NEW YORK 10603

DONALD L. SAPIR
WILLIAM D. FRUMKIN*

DANIEL T. DRIESEN
WILLIAM F. CUSACK III
ELIZABETH E. HUNTER***
SCOTT R. ABRAHAM**

*ADMITTED IN N.Y. & CT.
**ADMITTED IN N.Y. & N.J
***ADMITTED IN N.Y. & CA.

WRITER'S EMAIL: WFrumkin@sapirfrumkin.com

TEL: (914) 328-0366
FAX: (914) 682-9128

PARALEGAL
RACHEL L. HORTON

# MEMO ENDORSED

May 5, 2008

*Via ECF*

Hon. Kenneth M. Karas, U.S.D.J.
United States District Court
Southern District of New York
United States Courthouse
300 Quarropas Street, Chambers 533
White Plains, New York 10601-4150

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____
```

Re:   *Adrian Huff, as Chairman of the Board of Trustees of Teamsters
      Local 445 Freight Division Pension Fund and Teamsters Local 445
      Education and Training Fund v. Watson Services, Inc.*
      *Docket No. 07 Civ.6033 (KMK)(MDF)*
      *Our File No. 04-7501*

Dear Judge Karas:

    We represent Adrian Huff, as Chairman of the Board of Trustees of Teamsters Local 445 Freight Division Pension Fund and Teamsters Local 445 Education and Training Fund (Plaintiff) in the above-referenced matter. We write this letter in response to Defendant's letter, dated April 23, 2008.

    In response to Defendant's assertion that the length of our Reply Memorandum is in direct violation of Your Honor's Individual Rules of Practice, Rule II.B., we apologize for this oversight. However, please note that our Reply Memorandum can be reformatted, without deleting anything, based upon its original margins and spacing to satisfy the ten-page limit. Please advise if you would like us to do so. We believe that such a harmless error should not prevent Your Honor from accepting and reviewing this brief.

Hon. Kenneth M. Karas, U.S.D.J.  -2-  May 5, 2008

With respect to our submission of an amended Rule 56.1 Statement after Defendant submitted opposition papers, we simply amended our Rule 56.1 Statement to include citations to the record. Notwithstanding the Court's discretion to accept the Rule 56.1 Statement without citations to the record, *Balut v. Loral Electr. Sys.*, 988 F. Supp. 339, 343 (S.D.N.Y. 1997) (Conner, J.), *aff'd*, 166 F.3d 1199 (2d Cir. 1998), we submitted it in an abundance of caution. Thus, the Court should accept and review our amended Rule 56.1 Statement.

The Affidavit submitted after Defendant submitted opposition papers merely supports the arguments previously set forth in our initial and Reply Memorandum of Law, and does not introduce any new arguments. Therefore, Defendant is not prejudiced by this Affidavit. Moreover, there is nothing in the briefing schedule set forth by the Court that prevents Plaintiff from submitting an Affidavit in reply to Defendant's opposition papers.

Finally, Defendant's accusation that we are attempting to compel a "nuisance value" settlement in this case is entirely inappropriate at this point in that both sides currently have motions for summary judgment pending before Your Honor, and have not had any settlement discussions since the case was filed.

This letter was electronically filed today in accordance with Your Honor's Individual Rules.

Respectfully submitted,

William D. Frumkin (WF 2173)

WDF:SRA

cc:   Seth Borden, Esq. (via ECF)

F:\APPLICAT\WP\TEAMSTER\Watson Services, Inc\Letters\L-USDJ Karas.05.05.08.wpd\dp\rlh

> Plaintiff is to re-format the reply Memorandum of Law to conform to the Court's Individual Practices. The Court will accept the Amended Rule 56.1 statement, but counsel should be more careful next time. The Affidavit also will be accepted.
>
> So Ordered.
>
> /s/ MK 5/12/08