UNITED STATES DISTRICT COURT  ECF Case
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ADRIAN HUFF, as Chairman of the Board of Trustees of
TEAMSTERS LOCAL 445 FREIGHT DIVISION
PENSION FUND and TEAMSTERS LOCAL 445   Civil Action No. 07 Civ. 6033
EDUCATION and TRAINING FUND,   (KMK)(MDF)

                                  Plaintiff,

   - against -

WATSON SERVICES, INC.,

                                 Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**MEMORANDUM OF LAW IN REPLY TO DEFENDANT'S OPPOSITION
TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

                                                  Sapir & Frumkin LLP
                                                  Attorneys for Plaintiff
                                                  399 Knollwood Road, Suite 310
                                                  White Plains, New York 10603
                                                  (914) 328-0366

*On the Brief*:

    William D. Frumkin, Esq.

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    POINT I

        THE COURT SHOULD ACCEPT PLAINTIFF'S RULE 56.1 STATEMENT . . 1

        A.    Each Fact Asserted in Plaintiff's Rule 56.1 Statement Is Supported by Admissible Evidence . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

        B.    The Court Should Disregard Defendant's Disputes of Plaintiff's Rule 56.1 Statement Because They Are Semantic and Not Substantive . . . . . . 1

        C.    The Court May Take Judicial Notice of Facts Contained in Plaintiff's Memorandum of Law . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    POINT II

        PLAINTIFF IS ENTITLED TO STATUTORY LIQUIDATED DAMAGES PURSUANT TO 29 U.S.C. § 1132(G)(1) AND (2) . . . . . . . . . . . . . . . . . . . . . 4

        A.    Neither the United States District Court for the Southern District of New York Nor the United States Court of Appeals for the Second Circuit Prohibit an Award of Statutory Liquidated Damages under ERISA §§ 502(g)(1) or (2), 29 U.S.C. §§ 1132(g)(1) or (2) . . . . . . . . . . 4

        B.    Cases Cited by Defendant Are Not Binding on this Court and Are Distinguishable . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

        C.    Defendant Does Not Substantively Dispute Plaintiff's Arguments in Support of an Award of Statutory Damages Contained in Points II(B) and II(C) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

    POINT III

        PLAINTIFF IS ENTITLED TO CONTRACTUALLY LIQUIDATED DAMAGES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

        A.    Plaintiff Conducted an Audit of Plaintiff's Books and Records . . . . . . . . 8

        B.    Plaintiff's Submitted Evidence Supports an Assertion of a Typographical Error . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

      C.      Defendant Is Prohibited from Using the Doctrine of *Contra Proferentem* in Determining the Intent of the Trustees While Drafting the Trust Agreement Because the Trustees Declared Their Intent at the March 9, 2007 Trustees Meeting . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

      D.      Defendant Does Not Dispute That the Court May Assess Contractual Liquidated Damages as Referenced in the Trust Agreement . . . . . . . . . . 9

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

# **TABLE OF AUTHORITIES**

*Cases*

*AAA v. AAA Auto. Club of Queens, Inc.*, 1999 U.S. Dist. LEXIS 8892 (S.D.N.Y. 1999) . . . . . . . 1

*Carpenters and Joiners Welfare Fund v. Gittleman Corp.*, 857 F.2d 476 (8th Cir. 1988) . . . . . . 6

*Chartier v. J&f Mgmt. Corp.*, 1992 U.S. Dist. LEXIS 17853 (S.D.N.Y. 1992) . . . . . . . . . . . . 3, 4

*Colgate Palmolive Co. v. S/S Dart Canada*, 724 F.2d 313 (2d Cir. 1983) . . . . . . . . . . . . . . . . . 10

*County Vanlines Inc. v. Experian Info. Solutions, Inc.*, 317 F. Supp. 2d 383 (S.D.N.Y. 2004) . . 2

*Drug Mart Pharm. Corp. v. Am. Home Prods. Corp.*, 472 F. Supp. 2d 385 (E.D.N.Y. 2007) . . . 2

*Farrell v. Metro. Relocations Inc.*, 1996 U.S. Dist. Lexis 23013 (E.D.N.Y. 1996) . . . . . . . . . . . 6

*Garner v. Louisiana*, 368 U.S. 157, 195, 82 S. Ct. 248; 7 L. Ed. 2d 207 (1961) . . . . . . . . . . . . . 3

*Gilbert v. Related Mgmt. Co.*, L.P., 1998 U.S. App. LEXIS 22185 (2d Cir. 1998) . . . . . . . . . . . 9

*Iron Workers Dist. Council v. Hudson Steel Fabricators & Erectors*, 68 F.3d 1502
 (2d Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5

*J. Aron & Co. v. The Askvin,* 267 F.2d 276 (2d Cir. 1959) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Johnson v. Plainville Casting Co.*, 1988 U.S. Dist. LEXIS 17076 (D. Conn. 1988) . . . . . . . . . . 4

*Keiser v. CDC Inv. Mgmt. Corp.*, 160 F. Supp. 2d 512 (S.D.N.Y. 2001) . . . . . . . . . . . . . . . . . . . 9

*King v. Silver Streak Transp., Ltd.*, 2007 U.S. Dist. LEXIS 7690 (E.D.N.Y. 2007) . . . . . . . . . . 5

*LaForest v. Former Clean Air Holding Co.*, 376 F.3d 48 (2d Cir. 2004) . . . . . . . . . . . . . . . . . . . 4

*M. Fortunoff of Westbury Corp. v. Peerless Ins. Co.*, 432 F.3d 127 (2d Cir. 2005) . . . . . . . . . . 9

*New York State Teamsters Conf. Pension & Ret. Fund v. Boening Bros.*, 92 F.3d 127
 (2d Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*O'Neil v. Ret. Plan for Salaried Employees of RKO Gen.*, 37 F.3d 55 (2d Cir. 1994) . . . . . . . . 9

*Oper. Eng'rs Local 139 Health Benefit Fund v. Gustafoson Constr. Corp.*, 258 F.3d 645
 (7th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Pagan v. NYNEX Pension Plan*, 52 F.3d 438 (2d Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Parkhurst v. Armstrong Steel Erectors, Inc.*, 901 F.2d 796 (9th Cir. 1990) . . . . . . . . . . . . . . . . . 6

*Photopaint Techs., LLC v. Smartlens Corp.*, 335 F.3d 152 (2d Cir. 2003) . . . . . . . . . . . . . . . . . . 1

*Powell v. Coughlin*, 953 F.2d 744 (2d Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Textile Workers Pension fund v. Missbrenner Wet Printing, Inc.*, 2002 US Dist. Lexis 4627
  (S.D.N.Y. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Trs. of the Bldg. Serv. 32B J Health Fund v. Triangle Servs.*, 2006 U.S. Dist. LEXIS 85612
  (S.D.N.Y. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*UAW Local 259 Soc. Sec. Dep't v. Metro Auto Ctr.*, 501 F.3d 283 (3d Cir. 2007) . . . . . . . . . . . 6

*United Steelworkers of America v. Textron, Inc.*, 836 F.2d 6 (1st Cir. 1987) . . . . . . . . . . . . . . . 4

*United States v. Seckinger*, 397 U.S. 203, 90 S. Ct. 880, 25 L. Ed. 2d 224 (1970) . . . . . . . . . . . 8

*Watt v. New York Botanical Garden*, 2000 U.S. Dist. LEXIS 1611 (S.D.N.Y. 2000) . . . . . . . . . 1

## *Statutes*

29 U.S.C. 1132(G)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5, 7

29 U.S.C. § 1132(G)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 7, 10

29 U.S.C. § 1145 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5

# I. PRELIMINARY STATEMENT

Plaintiff Adrian Huff, et al. (Plaintiff or the Fund), submits this Memorandum of law in reply to defendant Watson Services, Inc.'s (Defendant) Opposition to Plaintiff's Motion for Summary Judgment.

# II. STATEMENT OF FACTS

Plaintiff incorporates by reference the statement of facts contained in Plaintiff's Memorandum of Law in Support of Plaintiff's Motion for Summary Judgment.

# III. ARGUMENT
## POINT I. THE COURT SHOULD ACCEPT PLAINTIFF'S RULE 56.1 STATEMENT

**A.   Each Fact Asserted in Plaintiff's Rule 56.1 Statement Is Supported by Admissible Evidence and Defendant Was Not Prejudiced by the Lack of Citations**

Support for each fact contained in Plaintiff's Rule 56.1 Statement was cited in the Statement of Facts in Plaintiff's Memorandum of Law in Support of Plaintiff's Motion for Summary Judgment. The Court should not disregard Plaintiff's Rule 56.1 Statement because there was specifically cited support; the record is not voluminous; there is sufficient guidance to support each of Plaintiff's assertions; and neither the Court nor Defendant were not required to hunt for support of each asserted fact. *See Watt v. New York Botanical Garden*, 2000 U.S. Dist. LEXIS 1611, *2, fn. 1 (S.D.N.Y. 2000). Because Plaintiff submitted evidence to support its assertions; evidentiary support was apparent, and Defendant was not prejudiced, the Court should consider Plaintiff's Rule 56.1 Statement. *See Photopaint Techs., LLC v. Smartlens Corp.*, 335 F.3d 152, 155 (2d Cir. 2003); *AAA v. AAA Auto. Club of Queens, Inc.*, 1999 U.S. Dist. LEXIS 8892, *7-8 (S.D.N.Y. 1999). In the interest of caution, an Amended Rule 56.1 Statement has filed with the appropriate cites to the record.

**B.   The Court Should Disregard Defendant's Disputes with Plaintiff's Rule 56.1 Statement Because They Are Semantic and Not Substantive**

Defendant's disputes regarding Plaintiff's rule 56.1 Statement are superficial. Defendant's disputes are "semantic rather than substantive" and undercut by Plaintiff's evidence and Defendant's

1

arguments. *See Drug Mart Pharm. Corp. v. Am. Home Prods. Corp.*, 472 F. Supp. 2d 385, 397, fn. 8 (E.D.N.Y. 2007). Since Defendant does not reference a specific genuine issue of material fact, the Court should disregard the alleged immaterial factual disputes it has raised. *See County Vanlines Inc. v. Experian Info. Solutions, Inc.*, 317 F. Supp. 2d 383, 388, fn. 6 (S.D.N.Y. 2004).

Defendant argues that the CBA does not require Defendant's contributions to be timely only that they should be submitted by the 15th of the month following the month for which the contributions were payable. *See* Defendant's Response to Plaintiff's Rule 56.1 Statement in Support of Plaintiff's Motion for Summary Judgment (56.1 Response), ¶ 3. Defendant admits that it was habitually late and that is the only issue that matters.

Defendant stipulated that "Pursuant to the Trust Agreement as most recently amended on or about June 14, 1988, as incorporated by reference into the CBA, the Pension Fund is empowered to conduct an audit of Defendant's books and records to determine whether Defendant is in compliance with its obligation to contribute to the Pension Fund." Stipulation of Facts or Law contained in the Joint Pretrial Order (Stipulation), § VI(14).

If Defendant failed to timely pay the monthly contributions to the Fund by the 15th of the month following the calendar month in for which contributions are payable, the Fund would assess a ten percent charge for the delinquent payment. *See* Declaration of William D. Frumkin, Esq., in Support of Plaintiff's Motion for Summary Judgement (Frumkin Decl.), Exh. 2, § 14(c)(ii)(A). This fact is undisputed because, as Defendant admitted, the payments were late and the Fund assessed the ten percent charge for each delinquent payment.

Defendant does not dispute that is had delinquent contributions as asserted in Paragraph 11 of Plaintiff's Rule 56.1 Statement. Defendant admitted that it failed to pay timely contributions for the period from July 2005 through July 2006. *See* Stipulation, VI(16). Defendant does not dispute that it paid contributions at least a few weeks late each time. Defendant simply states that there is no evidentiary basis for the assertions contained in Paragraph 11 of Plaintiff's Rule 56.1 Statement.

Since Defendant does not dispute the facts asserted, the Court should accept them as true.

The facts asserted in Paragraph 14 of Plaintiff's Rule 56.1 Statement are also not in dispute. On March 9, 2007, the Fund's Trustees met and discussed Defendant's contractual obligations to pay liquidated damages, including late charges, for delinquent contributions in accordance with the CBA. *See* Frumkin Decl., Exh. 14. The Trustees examined the language contained in the Trust Agreement that awarded liquidated damages to any matter occurring under Article III, § 14(a). The Trustees agreed that the reference to § 14(a) was a typographical error; § 14(c) should reference § 14(b), not § 14(a); and, if an Employer fails to make contributions to the Fund, the Employer shall pay to the Fund the liquidated damages set for in Article III, § 14(c). *Id.* If Defendant accepted Plaintiff's offer to appear at the Trustees meeting, it would know, rather than just throwing out unprofessional speculations, that the Trustees were not "more interested in whitewashing their sloppiness in the maintenance of their Trust Agreement language."

In total, Defendant did incur late charges for the time period from July 2005 through July 2006 in the total amount of $15,911.53. Defendant cannot dispute this fact. Defendant can dispute the legality of the assessment but it cannot dispute the fact that it happened.

**C.     The Court May Take Judicial Notice of Facts Contained in Plaintiff's Memorandum of Law**

The Court may take judicial notice of judicial notice of "routine matters of common knowledge," *Garner v. Louisiana*, 368 U.S. 157, 195, 82 S. Ct. 248; 7 L. Ed. 2d 207 (1961), and "general facts that either are commonly believed or which courts have specifically held sufficient to show irreparable harm." *Chartier v. J&f Mgmt. Corp.*, 1992 U.S. Dist. LEXIS 17853 (S.D.N.Y. 1992). Judicially noticed facts include the effects on participants and beneficiaries when an employer fails to pay timely contributions as required by a benefit fund. *See United Steelworkers of America v. Textron, Inc.*, 836 F.2d 6, 8 (1st Cir. 1987); *LaForest v. Former Clean Air Holding*

*Co.*, 376 F.3d 48, 55 56 (2d Cir. 2004); *Chartier*, 1992 U.S. Dist. LEXIS 17853 at *13-14; *Johnson v. Plainville Casting Co.*, 1988 U.S. Dist. LEXIS 17076, *4 (D. Conn. 1988). Defendant challenges facts that are common knowledge. If Defendant failed to pay contributions as required to the Fund, the Fund would be forced to pay benefits to its participants and beneficiaries on behalf to Defendant. The Fund incurred additional costs in the collection of delinquent contributions because letters were sent to Defendant from the Fund and the Fund hired attorneys to draft letters and appear before this Court specifically because of delinquent contributions. It goes without saying that the Fund is hurt when it has to expend resources to collect late payments.

**POINT II. PLAINTIFF IS ENTITLED TO STATUTORY LIQUIDATED DAMAGES PURSUANT TO 29 U.S.C. § 1132(G)(1) AND (2)**

**A.     Neither the United States District Court for the Southern District of New York Nor the United States Court of Appeals for the Second Circuit Prohibit an Award of Statutory Liquidated Damages under ERISA §§ 502(g)(1) or (2), 29 U.S.C. §§ 1132(g)(1) or (2)**

Neither the United States District Court for the Southern District of New York nor the United States Court of Appeals for the Second Circuit prohibit an award of statutory liquidated damages under ERISA §§ 502(g)(1) or (2)., 29 U.S.C. §§ 1132(g)(1) or (2) where delinquent contributions were paid prior to the commencement of a lawsuit. Defendant's crafty dance around this fact does nothing to diminish this fact.

The Fund brought an action to enforce Defendant's obligation to make timely contributions under ERISA § 515, 29 U.S.C. § 1145. Because the Fund sought to enforce its rights under ERISA § 515, 29 U.S.C. § 1145, the Fund may request statutory damages under ERISA § 502(g)(1) and (2), 29 U.S.C. § 1132(g)(1) and (2). The Fund's statutory entitlement to liquidated damages exists irrespective of Employer's ultimate payment of the delinquent contributions. *See Iron Workers Dist. Council v. Hudson Steel Fabricators & Erectors*, 68 F.3d 1502, 1507 (2d Cir. 1995). Should the Court determine that the Fund is not entitled to damages under ¶ 502(g)(2), 29 U.S.C. § 1132(g)(2),

the Court may still award damages to the Fund under ERISA § 502(g)(1), 29 U.S.C. § 1132(g)(1). *Iron Workers*, 68 F.3d at 1507. However, should the Fund receive a favorable judgment, the Court must award damages under ERISA § 502(g)(2), 29 U.S.C. 1132(g)(2) to the Fund. *Iron Workers*, 68 F.3d at 1507.

**B.     Cases Cited by Defendant Are Not Binding on this Court and Are Distinguishable**

The cases cited by Defendant to support its position are distinguishable. In *New York State Teamsters Conf. Pension & Re. Fund v. Boening Bros.*, 92 F.3d 127, 128 (2d Cir. 1996), there was no evidence that any contributions were paid late. Here, Defendant readily admits that contributions were delinquent.

*King v. Silver Streak Transp.*, Ltd., 2007 U.S. Dist. LEXIS 7690 (E.D.N.Y. 2007) misinterpreted the holding in *Iron Workers*. *Iron Workers* stated that an action to enforce ERISA § 505, 29 U.S.C. § 1145, is not possible in the absence of unpaid contributions. Here, Defendant readily admits that there were unpaid contributions prior to the filing of the actions.

In *Trs. of the Bldg. Serv. 32B J Health Fund v. Triangle Servs.*, 2006 U.S. Dist. LEXIS 85612, (S.D.N.Y. 2006), the benefit fund was not entitled to statutory liquidated damages for amounts paid prior to suit because the employer did not know how much it owed to the benefit fund and did not needlessly delay its payments. *See Triangle Servs.*, 2006 U.S. Dist. LEXIS 85612 at *10. Once the employer knew how much it owed, it paid its contributions in full but only after a lawsuit was filed. Here, Defendant knew how much it owed to the Fund. However, it needlessly delayed its payment to the Fund. Because Defendant knew how much it owed to Plaintiff at all times and needlessly delayed its payments, Plaintiff is entitled to statutory liquidated damages under ERISA § 502, 29 U.S.C. § 1132.

The court in *Farrell v. Metro. Relocations Inc.*, 1996 U.S. Dist. Lexis 23013 (E.D.N.Y. 1996) stated that liquidated damages under § 502(g) were designed "to compensate the fund for costs incurred in connection with delinquencies." *Farrell*, 1996 U.S. Dist. LEXIS 20313 at *16-17.

5

Here, Plaintiff is asking for that exact relief. It incurred costs in connection with Defendant's delinquencies. The Fund lost use of monies from the delinquent payments and were forced to pay benefits for its participants and beneficiaries on Defendant's behalf without knowledge of when Defendant would pay. The Fund required staff to send late notices and paid attorneys to diary delinquencies, draft demand letters, and communicate with opposing counsel in pursuit of the delinquent amounts. The Fund seeks compensation for such costs incurred and additional amounts to prevent future delinquent contributions.

*Carpenters and Joiners Welfare Fund v. Gittleman Corp.*, 857 F.2d 476 (8th Cir. 1988), and *Parkhurst v. Armstrong Steel Erectors, Inc.*, 901 F.2d 796 (9th Cir. 1990), are at odds with principles accepted by the Southern District of New York. The *Gittleman* and *Parkhurst* courts refused to allow for an award of contractually liquidated damages in lieu of statutory damages under ERISA § 502, 29 U.S.C. § 1132. *See Gittleman*, 857 F.2d at 479 (disallowing contractually liquidated damages of 10% for unpaid contributions because "section 1132(g) (2) is an exclusive remedy."); *Parkhurst*, 901 F.2d at 798. The Southern District of New York allows for such an award. *See Textile Workers Pension fund v. Missbrenner Wet Printing, Inc.*, 2002 US Dist. Lexis 4627 (S.D.N.Y. 2002).

In *UAW Local 259 Soc. Sec. Dep't v. Metro Auto Ctr.*, 501 F.3d 283, 288 (3d Cir. 2007), the court stated that "the payment of interest compensates plans for one kind of cost incurred in connection with delinquencies, that is, the loss of interest." *UAW Local 259 Soc. Sec. Dep't v. Metro Auto Ctr.*, 501 F.3d 283, 289 (3d Cir. 2007) (Internal citations omitted). Plaintiff seeks this relief. Plaintiff wishes, *inter alia*, to be reimbursed for the loss of interest in connection with Defendant's delinquent contributions.

The court in *Oper. Eng'rs Local 139 Health Benefit Fund v. Gustafoson Constr. Corp.*, 258 F.3d 645 (7th Cir. 2001), did not prohibit a court from awarding attorneys' fee and costs under ERISA § 502(g)(1) at its discretion. Here, should the Court follow the ruling in *Gustafoson*, it may

still award attorneys' fees and costs to Plaintiff.

**C.     Defendant Does Not Substantively Dispute Plaintiff's Arguments in Support of an Award of Statutory Damages Contained in Points II(B) and II(C)**

Defendant did not offer any substantive opposition to Plaintiff's arguments posed in Points II(B) and II(C). Defendant does not dispute that allowing Defendant to avoid penalties under ERISA § 502(g)(2), 29 U.S.C. § 1132(g)(2) by payment of delinquent contributions on the eve of a lawsuit[1] thwarts the purpose of ERISA 502(g)(2), 29 U.S.C. § 1132(g)(2). Moreover, Defendant does not dispute that delinquent payments raise the specter of irreparable harm to the Fund, its participants, and its beneficiaries.

Defendant implies that its employees' and their dependents' well-being are irrelevant to Defendant's obligations to the Fund. The cases cited within Plaintiff's submitted documents demonstrates that the well-being of the Fund, participants, and beneficiaries are indeed relevant to an issue of delinquent contributions. The Court is not required to wait for Congress to lay down more explicit steps for Defendant to follow. The current statute provides the Court with the opportunity to assess liquidated damages to Defendant for its failure to timely pay contributions to the Fund. The Court has the power to award to Plaintiff liquidated damages under ERISA §§ 502(g)(1) and (2), 29 U.S.C. §§ 1132(g)(1) and (2).

**POINT III. PLAINTIFF IS ENTITLED TO CONTRACTUALLY LIQUIDATED DAMAGES**

**A.     Plaintiff Conducted an Audit of Plaintiff's Books and Records**

There is no statutory guidance under ERISA or in case law regarding the thoroughness or formality of an audit. The Second Circuit considered an audit to be nothing more than review of records to determine instances of non-compliance. *See Powell v. Coughlin*, 953 F.2d 744, 746 (2d

---

[1] Plaintiff points out that it paid the delinquent contributions nine (9) months before Defendant brought suit. Defendant consistently failed to timely pay its contributions. As shown above, this imposed a hardship on the Fund.

Cir. 1991). The Fund reviewed Defendant's contribution record for non-compliance and found delinquent contributions. *See* Affidavit of Adrian Huff in Support of Plaintiff's Reply to Defendant's Opposition to Plaintiff's Motion for Summary Judgment (Huff Aff.), ¶ 17. After performing the audit, Plaintiff notified Defendant of its findings. Huff Aff., ¶ 19. If Plaintiff had never conducted such an audit, it would have no idea whether Defendant's payments were submitted either timely or at all. Huff Aff., ¶ 20. Defendant's assertion that Plaintiff did not perform an audit to determine Defendant's untimely contributions is absurd.

**B.    Plaintiff's Submitted Evidence Supports an Assertion of a Typographical Error**

Plaintiff submitted evidentiary support for its assertion that there was a typographical error in the Trust Agreement. *See* Frumkin Decl., Exh. 14, p. 6-7 ("Upon motion duly made and seconded, the Trustees unanimously Directed the Fund Administrator to correct the typographical error . . . "). Defendant's claim that there is no evidentiary support for Plaintiff's assertion is baseless and exhibits Defendant's perfunctory knowledge of the matter.

**C.    Defendant Is Prohibited from Using the Doctrine of *Contra Proferentem* in Determining the Intent of the Trustees While Drafting the Trust Agreement Because the Trustees Declared Their Intent at the March 9, 2007 Trustees Meeting**

Defendant introduces the doctrine of *contra proferentum*.[2] "The rule of *contra proferentum* is that when one party is responsible for the drafting of an instrument, absent evidence indicating the intention of the parties, any ambiguity will be resolved against the drafter." *Pagan v. NYNEX Pension Plan*, 52 F.3d 438, 443 (2d Cir. 1995) (internal citation omitted). It "is to be applied only as a 'last resort' when efforts to determine the parties' intent using other rules of construction have failed." *Gilbert v. Related Mgmt. Co., L.P.*, 1998 U.S. App. LEXIS 22185, 5 6 (2d Cir. 1998); *O'Neil v. Ret. Plan for Salaried Employees of RKO Gen.*, 37 F.3d 55, 61 (2d Cir. 1994) ("such rules

---

[2] Defendant cites *United States v. Seckinger*, 397 U.S. 203, 90 S. Ct. 880, 25 L. Ed. 2d 224 (1970) in defense of its claim. *Seckinger* is not an ERISA case and there was no extrinsic evidence offered to determine the parties' intent. Here, the instant matter is an ERISA case and there is extrinsic evidence offered to determine the parties' intent.

of construction are principles of last resort, to be invoked when efforts to fathom the parties' intent have proved fruitless."); *Keiser v. CDC Inv. Mgmt. Corp.*, 160 F. Supp. 2d 512, 520 (S.D.N.Y. 2001) (Contractual language does not become ambiguous simply because the parties to the litigation argue different interpretations.) "Courts should not resort to *contra proferentum* until after consideration of extrinsic evidence to determine the parties' intent." *M. Fortunoff of Westbury Corp. v. Peerless Ins. Co.*, 432 F.3d 127, 142 (2d Cir. 2005).

Here, there is no reason to resort to the doctrine of *contra proferentem*. Both Plaintiff and Defendant had the opportunity to determine the drafters' intent in crafting language in the Trust Agreement. On March 9, 2007, the Fund's Trustees met to address the language. *See* Frumkin Decl., Exh. 14. Defendant was invited to the meeting to address the Trustees regarding their intent but chose not to attend. *See* Frumkin Decl., Exh. 13. The Trustees, including the two (2) employer trustees present to represent Defendant's interest in the matter, agreed that it was the Trustees' intent that, should an employer's contributions to the Fund become delinquent, the Fund would be entitled to liquidated damages of up to 20% of the unpaid contributions; reasonable attorneys' fees; costs; and such other legal and equitable relief as the court deems appropriate. *See* Frumkin Decl., Exh. 14. Because extrinsic evidence exists to determine the Trustees' intent in drafting the language, there is no need to resort to the doctrine of *contra proferentem*. *M. Fortunoff of Westbury Corp.*, 432 F.3d at 142. The mistake is clear from the language itself. As such, Defendant is prohibited from using the doctrine.

**D.    Defendant Does Not Dispute That the Court May Assess Contractual Liquidated Damages as Referenced in the Trust Agreement**

The Trust Agreement contains language that references ERISA. It seek to supplement, not supplant, ERISA's contribution requirements. The Trust Agreement provides that, "in the case of an Employer that fails to make contributions to the Fund for which it is obligated, in accordance with the terms and conditions of its obligation, the Trustees may enforce the Employer's obligation,

pursuant to ERISA." Frumkin Decl., Exh. 2, Sec. 14(b).  A contract can incorporate a statute by reference.  *See J. Aron & Co. v. The Askvin*, 267 F.2d 276, 277 (2d Cir. 1959).  The specific contract terms control general terms.  *See J. Aron & Co. v. The Askvin*, 267 F.2d 276, 277 (2d Cir. 1959).  Specific terms in the contract are favored over general terms in the statute.  *Colgate Palmolive Co. v. S/S Dart Canada*, 724 F.2d 313, 315 (2d Cir. 1983).

Here, the specific contract terms enable the Fund to use ERISA's liquidated damages provisions when Defendant failed to abide by the terms of the CBA.  Upon Defendant's failure to contribute to the Fund by the 15th of the month, the Fund possessed the right to assess liquidated damages under ERISA § 502(g)(2), 29 U.S.C. § 1132(g)(2).  The CBA does not prohibit the Fund from assessing liquidated damages if Defendant pays its contributions prior to suit commencement.

## V. CONCLUSION

For the foregoing reasons, the Court should grant Plaintiff's Motion for Summary Judgment in its entirety in favor of Plaintiff and against Defendant.

Dated: White Plains, New York  
       May 19, 2008

Respectfully submitted,

**SAPIR & FRUMKIN LLP**

By:  /s/ William D. Frumkin  
William D. Frumkin (WF2173)  
Attorneys for Plaintiff  
399 Knollwood Road, Suite 310  
White Plains, New York 10603  
(914) 328-0366

## CERTIFICATE OF SERVICE

STATE OF NEW YORK            )
COUNTY OF WESTCHESTER   )ss.:

      RACHEL L. HORTON, being duly sworn, deposes and states as follows:

    I hereby certify that I am not a party to this action and am over 18 years of age. I further certify that on May 19, 2008, a copy of the MEMORANDUM OF LAW IN REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt including:

      Seth H. Borden, Esq.
      Kreitzman Mortensen, & Borden
      100 Wall Street, 23rd Floor
      New York, New York 10005

    Parties may access this filing through the Court's electronic filing system

                                      /s/ Rachel L. Horton
                                      Rachel L. Horton